VILLAGE OF FAYETTEVILLE, Appellant, v. SYRACUSE & S. R. CO., Respondent, et al. (Supreme Court, Appellate Division, Fourth Department. March Term, 1901.) Action by the village of Fayetteville against the Syracuse & Suburban Railroad Company, impleaded with another. No opinion. Judgment modified, by directing that the sum of $150, together with interest thereon from the time of payment, be repaid by the plaintiff to the defendant, and, as thus modified, affirmed, without costs of the appeal to either party.

END OF CASES IN VOL. 70.

# INDEX.

## ABANDONMENT.

Of highway, see "Highways," § 1.

## ABATEMENT AND REVIVAL.

Judgment as bar to another action, see "Judgment," § 4.

**§ 1. Death of party and revival of action.**

Where an action was commenced against H. & C., and on C.'s death a motion to sever the action was denied, on the subsequent death of H., an order reviving the action was not invalid in failing to bring in the personal representatives of C. — McNulta v. Huntington (Sup.) 897.

Under Code Civ. Proc. §§ 756, 757, an action may be revived in the name of an assignee of the foreign administrator of a deceased party plaintiff.—McNulta v. Huntington (Sup.) 897.

Under Code Civ. Proc. § 755, an action to recover a specific sum on an express contract does not abate by the death of both plaintiff and defendant.—McNulta v. Huntington (Sup.) 897.

## ABUTTING OWNERS.

Assessments for expenses of public improvements, see "Municipal Corporations," § 2.
Compensation for taking of or injury to lands or easements for public use, see "Eminent Domain," §§ 2, 4.

## ACCEPTANCE.

Of goods sold in general, see "Sales," § 2.
Of offer or proposal, see "Contracts," § 1.

## ACCESSION.

Annexation of personal to real property, see "Fixtures."

## ACCOMMODATION PAPER.

See "Bills and Notes."

## ACCOMPLICES.

Criminal responsibility, see "Criminal Law," § 1.

## ACCORD AND SATISFACTION.

Where there is no valid dispute as to the amount of demurrage, the acceptance of a less sum by the master and the execution of a receipt in full *held* not an accord and satisfaction which will prevent the owner of the vessel from recovering the balance due.—Randall v. Brodhead (Sup.) 43.

## ACCOUNT.

Accounting by assignee for benefit of creditors, see "Assignments for Benefit of Creditors," § 3.
—— by executor or administrator, see "Executors and Administrators," § 7.

**§ 1. Proceedings and relief.**

Demurrer to the complaint in an action against defendant, individually and as executrix and trustee of certain property, on the ground that there were two or more causes of action stated, *held* bad.—Donnelly v. Lambert (Sup.) 963.

## ACKNOWLEDGMENT.

Operation and effect of admissions as evidence, see "Evidence," § 4.

## ACTION.

Abatement, see "Abatement and Revival," § 1.
Bar by former adjudication, see "Judgment," § 4.
Commencement within period of limitation, see "Limitation of Actions," § 1.
Counterclaim, see "Set-Off and Counterclaim."
Election of remedy, see "Election of Remedies."
Jurisdiction of courts, see "Courts."
Limitation by statutes, see "Limitation of Actions."
Malicious actions, see "Malicious Prosecution."
Restraining action at law, see "Injunction," § 2.
Review of proceedings, see "Appeal"; "Justices of the Peace," § 2; "New Trial."
Set-off, see "Set-Off and Counterclaim."
Survival, see "Abatement and Revival," § 1.
To try title to office, see "Officers," § 2.

*Actions between parties in particular relations.*
See "Master and Servant," § 2; "Partnership," § 2.
Co-sureties, see "Principal and Surety," § 4.
Co-tenants, see "Partition," § 1.

*Actions by or against particular classes of parties.*
See "Associations"; "Carriers," §§ 1, 2; "Executors and Administrators," § 6; "Infants," § 1; "Municipal Corporations," § 5; "Towns," § 3.
Trustees, see "Trusts," § 5.

70 N.Y.S.—73 (1153)

*Particular causes or grounds of action.*

See "Bills and Notes," § 2; "Conspiracy," § 1; "Fraud," § 1; "Insurance," § 10; "Libel and Slander," § 3; "Malicious Prosecution," § 2; "Trespass"; "Trover and Conversion," § 2; "Work and Labor."

Breach of contract, see "Contracts," § 5; "Sales," § 4.

Discharge from employment, see "Master and Servant," § 1.

For causing death, see "Death," § 1.

Infringement of trade-mark or trade-name, see "Trade-Marks and Trade-Names," § 2.

On bond, see "Principal and Surety," § 3.

Personal injuries, see "Master and Servant," § 2; "Railroads," § 2.

Price of goods, see "Sales," § 4.

Recovery of price paid for goods, see "Sales," § 5.

Services, see "Work and Labor."

Taking of or injury to property in exercise of power of eminent domain, see "Eminent Domain," § 3.

To recover broker's commission, see "Brokers," § 2.

To set aside deed, see "Deeds," § 1.

—— marriage, see "Marriage."

Unfair competition in trade, see "Trade-Marks and Trade-Names," § 2.

*Particular forms of action.*

See "Ejectment"; "Replevin"; "Trespass," § 2; "Trover and Conversion."

*Particular forms of special relief.*

See "Account," § 1; "Creditors' Suit"; "Divorce"; "Injunction"; "Interpleader"; "Marshaling Assets and Securities"; "Partition," § 1.

Alimony, see "Divorce," § 2.

Enforcement or foreclosure of lien, see "Mechanics' Liens," § 3.

Establishment and enforcement of trust, see "Trusts," § 5.

—— of boundaries, see "Boundaries," § 2.

—— of will, see "Wills," § 2.

Foreclosure of mortgage, see "Mortgages," § 4.

Reformation of written instrument, see "Reformation of Instruments."

Setting aside assignment for benefit of creditors, see "Assignments for Benefit of Creditors," § 2.

—— fraudulent conveyance, see "Fraudulent Conveyances," § 2.

—— will, see "Wills," § 2.

*Particular proceedings in actions.*

See "Appearance"; "Costs"; "Damages"; "Depositions"; "Evidence"; "Execution"; "Judgment"; "Jury"; "Limitation of Actions"; "Motions"; "Parties"; "Pleading"; "Process"; "Reference"; "Stipulations"; "Trial"; "Venue."

Bill of particulars, see "Pleading." § 5.

Default, see "Judgment," § 1.

Notice of action, see "Process," § 2.

Revival, see "Abatement and Revival," § 1.

*Particular remedies in or incident to actions.*

See "Arrest," § 1; "Attachment"; "Discovery," § 1; "Injunction"; "Receivers," § 1.

*Proceedings in exercise of special jurisdictions.*

Courts of limited jurisdiction in general, see "Courts," § 2.

Criminal prosecution, see "Criminal Law."

Suits in equity, see "Equity."

—— in justices' courts, see "Justices of the Peace," § 1.

### § 1. Joinder, splitting, consolidation, and severance.

A complaint *held* not demurrable on the ground of misjoinder of causes of action.—O'Horo v. Kelsey (Sup.) 14.

Action by a corporation creditor seeking sequestration of its property, and setting aside of judgments and conveyances in favor of its trustees, and seeking to establish personal liability by them for violation of statutory duties, *held* not improperly joined, under Code, §§ 1784–1796.—Bagley & Sewall Co. v. Lennig (Sup.) 242.

### § 2. Commencement, prosecution, and termination.

That defendant in an action for breach of a real-estate contract was entitled to have a counterclaim tried at special term did not entitle him to a stay of the law action, where the counterclaim could be tried by the exercise of reasonable diligence before the law action could be reached.—Thomas v. Bronx Realty Co. (Sup.) 206.

Allegations of separate defenses in an answer to a suit for breach of contract for the sale of real estate *held* to constitute an equitable counterclaim, which defendant was entitled to have tried at special term.—Thomas v. Bronx Realty Co. (Sup.) 206.

# ACTION ON THE CASE.

See "Trespass," § 2.

# ADEMPTION.

Of legacy, see "Wills," § 4.

# ADJOINING LANDOWNERS.

Injunction will not lie to restrain the blasting of rock incidental to defendant's business, the jarring of which causes injury to adjoining property.—Tucker v. Mack Pav. Co. of New York (Sup.) 688.

# ADJUDICATION.

Operation and effect of former adjudication, see "Judgment," §§ 4, 5.

# ADMINISTRATION.

Of estate of decedent, see "Executors and Administrators."

Of trust property, see "Trusts," § 4.

# ADMIRALTY.

See "Shipping."

## ADMISSIONS.

As evidence, see "Evidence," § 4.

## ADVANCEMENTS.

See "Wills," § 4.

## ADVERSE POSSESSION.

See "Limitation of Actions."

**§ 1. Pleading, evidence, trial, and review.**

Evidence of the use and occupation of coast lands *held* sufficient, under Code Civ. Proc. §§ 369, 370, to authorize the submission of the question of plaintiff's actual possession as showing title by adverse possession.—O'Donohue v. Cronin (Sup.) 737.

## ADVERTISEMENT.

Publication of process, see "Process," § 2.

## AFFIDAVITS.

In attachment proceedings, see "Attachment," § 2.

## AGENCY.

See "Principal and Agent."

## ALIENATION.

Suspension of power of alienation of property, see "Perpetuities."

## ALIMONY.

See "Divorce," § 2.

## ALLOWANCE.

Of appeal, see "Appeal," § 4.

## AMENDMENT.

Of particular legal proceedings, see "Judgment," § 3; "Pleading," § 4.

## ANCILLARY ADMINISTRATION.

See "Executors and Administrators," § 8.

## ANCILLARY RECEIVERSHIP.

See "Receivers," § 1.

## ANIMALS.

Injuries from operation of railroads, see "Railroads," § 2.

## ANNUITIES.

See "Wills," § 4.

## ANSWER.

In pleading, see "Pleading," § 2.

## ANTENUPTIAL CONTRACTS.

See "Husband and Wife," § 2.

## APPEAL.

See "New Trial."
Costs, see "Costs," § 3.
Of proceedings of justices of the peace, see "Justices of the Peace," § 2.
Review of action for libel or slander, see "Libel and Slander," § 3.
—— of confirmation of referee's report, see "Reference," § 3.

**§ 1. Decisions reviewable.**

Where on an appeal from the trial term the general term enters an order of affirmance and judgment thereon, appeal should be taken from the judgment, and not from the order.—Dierig v. Callahan (Sup.) 210.

An order denying a motion for reargument of a motion for leave to serve an amended answer is not appealable.—Peterson v. Felt (Sup.) 440.

An appeal from an order of the court of claims refusing to dismiss a claim is not authorized either by general law or Code Civ. Proc. § 275.—Withers v. State (Sup.) 451.

**§ 2. Right of review.**

Where, after orders striking out a part of the answer and granting judgment because the answer was sham and frivolous, defendant obtained leave to serve an amended answer, he was precluded from appealing from the orders.—Sun Printing & Publishing Ass'n v Abbey Effervescent Salt Co. (Sup.) 871.

Where a mortgagor fails to answer in foreclosure, she cannot appeal from a decree therein.—New York Co-op. Building & Loan Ass'n v. Brennan (Sup.) 916.

**§ 3. Presentation and reservation in lower court of grounds of review.**

Where both parties in a suit for killing stock, abandoning the original theory of the case, tried it on the issue of the absence of a fence, it is too late for defendant to object on appeal to a variance between the pleadings and proof.—Rubein v. Brooklyn Heights R. Co. (Sup.) 577.

Where defendant did not set up in his answer that the plaintiff city had no authority to pass resolutions authorizing defendant to construct a water system, such defense cannot be urged on appeal.—Village of Bolivar v. Bolivar Water Co. (Sup.) 750.

Where material evidence which was not within the pleadings has been admitted without objection at the trial, the court on appeal may treat the pleadings as if amended to conform to the evidence.—Grifhahn v. Kreizer (Sup.) 973.

Where incompetent evidence was received without objection, defendant cannot assign the

ruling of the court in denying a motion to strike out such evidence as error, in the absence of a request for an instruction that the jury should disregard it.—Meislahn v. Irving Nat. Bank (Sup.) 988.

A statement by the court, on refusing to give a number of charges, that an exception may be entered and is allowed to each of the requested instructions, is a sufficient exception to authorize a review thereof.—Taylor v. Thompson (Sup.) 997.

Where the court, in an action on a contract, fails to instruct that there can be no recovery if the parties did not agree as to the compensation, and the submission of such an issue is not requested, the failure to submit such issue will not be considered on appeal.—James Curran Mfg. Co. v. Aultman & Taylor Machinery Co. (Sup.) 1074.

§ 4. Requisites and proceedings for transfer of cause.

Where an attempted appeal is dismissed for want of jurisdiction, a subsequent appeal will not be dismissed on the ground that no leave to appeal has been granted or the appeal reinstated.—Keller v. Cleary (Sup.) 899.

§ 5. Record and proceedings not in record.

Statements in a referee's opinion that incompetent testimony was excluded in arriving at his conclusion *held* not to cure the admission of such testimony as shown by the record.—Dougall v. Dougall (Sup.) 336.

§ 6. Review.

Where the superintendent of school buildings was authorized by the contract to decide all disputes, the admission of evidence by a contractor that plaintiffs would not have been able to have completed the contract within the prescribed time at the rate they were working *held* harmless.—Jones v. City of New York (Sup.) 46.

The erroneous admission of parol evidence in an action on a contract *held* harmless.—Wright v. Schnaier (Sup.) 128.

An order granting a new trial on the ground that the verdict for plaintiff is against the evidence must be affirmed, if material errors have been committed against defendant, without regard to the question as to the sufficiency of the evidence.—Voisin v. Commercial Mut. Ins. Co. (Sup.) 147.

Where a nonsuit is granted, and exceptions ordered to be heard at the appellate division in the first instance, an assumption that the court was doubtful as to the correctness of its rulings is warranted, and plaintiff is entitled to the most favorable inferences to be deduced from the evidence.—Witkowski v. George W. Carter & Sons Co. (Sup.) 232.

Judgment on administrator's bond will not be reversed for failure to find that the administrator was solvent.—Keegan v. Smith (Sup.) 260.

A referee's finding that there was a valid gift of corporate stock by deceased to a claimant thereof *held* not against the weight of evidence.—Richardson v. Emmett (Sup.) 546.

Where defendant pleaded an accord and satisfaction, and the jury found for plaintiff as to part of his claim, the fact that they allowed defendant an offset as to balance gave him no ground for complaint.—Eifert v. Brand (Sup.) 626.

A finding on conflicting evidence will not be disturbed.—Kornder v. Kings County El. R. Co. (Sup.) 708.

A finding of fact by a referee will not be disturbed on appeal, unless clearly against the weight of evidence.—Village of Bolivar v. Bolivar Water Co. (Sup.) 750.

Where there was no certificate that the record contained all the evidence, the facts will not be reviewed.—Meislahn v. Irving Nat. Bank (Sup.) 988.

The statement by the court, on denying a motion to direct a verdict or a nonsuit, as to rulings which he will make in his charge, is not reversible error, when the instructions as given leave the real question in the cause to the jury, and there is no request for the submission of other issues.—James Curran Mfg. Co. v. Aultman & Taylor Machinery Co. (Sup.) 1074.

Findings of fact necessary to support a judgment on a referee's report, which are not supported by the evidence, cannot be presumed to be included in the general finding in favor of the party recovering.—Zeiss v. American Wringer Co. (Sup.) 1110.

§ 7. Determination and disposition of cause.

The amendment of an alternative writ of mandamus to reinstate an officer, after denial by the trial term and the affirmance of the order on appeal, allowed on condition that relator waives his claim for salary during the time of the appeal and pay costs.—People v. Clausen (Sup.) 417.

Where, on an appeal from a decree of the surrogate as to the liability of a trustee, the supreme court determined as to certain items, and directed evidence as to others, and reversed and remanded the cause, and the surrogate disregards such direction, the appellate court, under Code Civ. Proc. § 2586, may enter a decree in accordance with its decision, but should not, if the surrogate may have misconstrued the direction of the appellate court.—In re Westerfield (Sup.) 641.

Where, notwithstanding the supreme court denied a motion to modify a former decree, so as to permit a trustee to show that he was not liable for misappropriation by his co-trustee, for the reason that the court did not consider such decree conclusive of that question, it is claimed that such decree determined such trustee's liability, on a renewal of the motion it should be granted.—In re Westerfield (Sup.) 641.

The surrogate has no right to reopen a decree which has been modified and affirmed by the appellate division. — In re Westerfield (Sup.) 641.

Where, on appeal from the surrogate, the appellate division modifies and affirms the decree appealed from, the decree, as so modified, becomes the decree of the appellate division, and is binding on the surrogate in subsequent proceedings.—In re Westerfield (Sup.) 641.

**§ 8. Liabilities on bonds and undertakings.**

Notwithstanding Code Civ. Proc. § 812, an appeal bond executed by sureties jointly, and not jointly and severally, *held* valid.—Denike v. Denike (Sup.) 629.

## APPEARANCE.

The fact that defendants appeared and answered without any question as to the regularity of the summons *held* a waiver of the right to raise such question on appeal.—Layton v. McConnell (Sup.) 679.

## APPLIANCES.

Liability of employer for defects, see "Master and Servant," § 2.

## APPOINTMENT.

Of executor or administrator, see "Executors and Administrators," § 1.
Of trustee, see "Trusts," § 3.

## ARREST.

Illegal arrest, see "False Imprisonment," § 1.

**§ 1. In civil actions.**

Under Code Civ. Proc. §§ 155, 158, 160, the direction of a verdict against the surety in an action on a jail-limit bond for the amount of a judgment recovered against the principal, with interest and costs, *held* proper.—Flynn v. Union Surety & Guaranty Co. (Sup.) 403.

Code Civ. Proc. §§ 2895, 3018, *held* to authorize the municipal court to enter an order of arrest after judgment in an action brought against a dentist for failure to return money or perform work for which it is paid.—Haigh v. Martin (Sup.) 758.

A person arrested for concealing chattels to prevent their being taken in replevin should give bail under Code Civ. Proc. §§ 149, 150, and not under section 575.—Horowitz v. Olenick (Sup.) 1116.

## ASSAULT AND BATTERY.

**§ 1. Civil liability.**

Refusal to instruct, in an action for damages for an assault in making an arrest, on the question of punitive damages, that all the circumstances should be considered in determining whether there was malice, *held* error.—Frost v. Pinkerton (Sup.) 892.

## ASSESSMENT.

Of compensation for property taken for public use, see "Eminent Domain," § 3.
Of expenses of public improvements, see "Municipal Corporations," § 2.
Of loss on insured property, see "Insurance," § 3.
Of trust property, see "Taxation," § 2.

## ASSETS.

Marshaling, see "Marshaling Assets and Securities."
Of estate of decedent, see "Executors and Administrators," § 2.

## ASSIGNMENTS.

Transfers of particular species of property rights or instruments, see "Insurance," § 4; "Landlord and Tenant," § 3; "Mortgages," § 3.

**§ 1. Requisites and validity.**

Order for equitable assignment of building fund *held* to sufficiently specify the fund.—McDonald v. Village of Ballston Spa (Sup.) 279.

Order for assignment of part of a fund *held* invalid for not particularly specifying the fund. —McDonald v. Village of Ballston Spa (Sup.) 279.

**§ 2. Operation and effect.**

Where intruders on a piece of land are ousted under a writ of restitution in an action in which they were not parties, an assignment of their right, title, interest, and claim for damages *does* not give their assignee a right to be admitted to defend the action.—Campbell v. Henderson (Sup.) 1101; In re McLeod, Id.

## ASSIGNMENTS FOR BENEFIT OF CREDITORS.

**§ 1. Requisites and validity.**

A written instrument *held* not a bill of sale, but a void attempted assignment for the benefit of creditors, which would not prevent the property from being attached by other creditors.—Young v. Stone (Sup.) 558.

**§ 2. Rights and remedies of creditors.**

Where the attorney of an assignee for the benefit of creditors, who has purchased claims against the estate, seeks on final accounting to recover an increased price therefor, and not compensation for effecting their purchase for the benefit of the estate, it is a waiver of the latter claim, and he is entitled to no allowance therefor.—In re Dwight (Sup.) 563.

An attorney for an assignee for the benefit of creditors, who purchases claims against the estate, is only entitled on the final accounting to receive the amount paid therefor.—In re Dwight (Sup.) 563.

A suit by one creditor, under Laws 1897, c. 417, § 7, to set aside an assignment for the benefit of creditors as being fraudulent, *held*

not to bar the right of other creditors to compel the assignee to account, though the suit was in behalf of plaintiff and others.—In re Thoesen (Sup.) 924.

A judgment setting aside an assignment for the benefit of creditors in favor of one creditor does not defeat the rights of other creditors to require the assignee to account.—In re Thoesen (Sup.) 924.

§ 3. Accounting, settlement, and discharge of assignee.
Under General Assignment Law, § 25, the supreme court has jurisdiction of a final accounting of an assignee for the benefit of creditors, in which the right of his attorney to profits on claims purchased by the attorney is in issue.—In re Dwight (Sup.) 563.

## ASSOCIATIONS.

See "Beneficial Associations"; "Building and Loan Associations."

Where persons associate to do a fire insurance business, and the association enters into a contract of reinsurance, one of such persons cannot sue thereon for his proportionate part of a loss.—Thompson v. Colonial Assur. Co. (Sup.) 85.

## ASSUMPTION.

Of risk by employé, see "Master and Servant," § 2.

## ATTACHMENT.

§ 1. Property subject to attachment.
A bank discounting a draft attached to a bill of lading held entitled to the goods as pledgee until the draft is paid, as against the consignee attaching the goods in an action against the consignor.—Leinkauf Banking Co. v. Grell (Sup.) 1083.

§ 2. Proceedings to procure.
Allegations of attachment affidavits held to support the issuance of the warrant on the ground that the defendant had absconded or was keeping himself concealed with intent to defraud his creditors.—Stewart v. Lyman (Sup.) 936.

Attachment affidavit held not defective on the ground that it stated two grounds of attachment disjunctively.—Stewart v. Lyman (Sup.) 936.

§ 3. Quashing, vacating, dissolution, or abandonment.
On a motion to vacate an attachment on the affidavit on which it was issued only, every fact must be presumed in favor of the plaintiff.—Stewart v. Lyman (Sup.) 936.

§ 4. Claims by third persons.
That a pledgee claimed attached goods as owner in the notice of claim served on the sheriff held no variance in replevin, where the pleadings and proof correctly disclosed its interest.—Leinkauf Banking Co. v. Grell (Sup.) 1083.

## ATTORNEY AND CLIENT.

Allowance to attorney appointed to defend accused, see "Criminal Law," § 6.

§ 1. Compensation and lien of attorney.
Facts held to show a waiver of an attorney's lien.—In re King (Sup.) 356.

Under Code Cr. Proc. §§ 308, 354, 355, 658, and 661, where counsel was assigned to defend one accused of murder, and he pleaded insanity, and a commissioner was appointed, who found him insane, an allowance of $500 compensation to counsel held erroneous.—People v. Coler (Sup.) 639.

Defendant, by paying over to plaintiff the amount agreed upon in settlement of suit, cannot defeat the plaintiff's attorney's lien.—Fenwick v. Mitchell (Sup.) 667.

Where a cause of action is settled by the parties without consent of an attorney, his lien may be enforced in equity against the amount agreed to be paid.—Fenwick v. Mitchell (Sup.) 667.

Notice of lien held unnecessary under Code Civ. Proc. § 66.—Fenwick v. Mitchell (Sup.) 667.

## BAIL.

§ 1. In criminal prosecutions.
Surety on bail bond, having produced defendant at the time and place fixed for examination, was discharged, and not liable for his failure to appear at date to which examination was adjourned, without notice either to defendant personally or to the surety.—People v. McKenna (Sup.) 1057.

## BAILMENT.

See "Carriers," § 1.

## BANKRUPTCY.

See "Assignments for Benefit of Creditors."

§ 1. Assignment, administration, and distribution of bankrupt's estate.
Accommodation indorser, on bankruptcy of maker of the note, held entitled to retain securities assigned him at the time of making the indorsement. — Crooks v. People's Nat. Bank (Sup.) 271.

Mortgage assigned by senior member of a firm prior to his bankruptcy to secure one signing a note as security held not a preference, within the bankruptcy act.—Crooks v. People's Nat. Bank (Sup.) 271.

Transfer of securities prior to petition in bankruptcy held not a preference, within Bankr. Act, § 60b.—Crooks v. People's Nat. Bank (Sup.) 271.

Under Bankr. Act 1898, § 60, indorsers of a bankrupt's notes, which were paid by a fraudulent transferee of the bankrupt's goods in part payment for goods so transferred, will not be held liable to the trustee as preferred credit-

ors, where they had no knowledge of such preference.—North v. Taylor (Sup.) 339.

Under Bankr. Act 1898, § 60, where creditors of a bankrupt obtained an injunction against the transferee of a bankrupt's goods to prevent his disposal thereof, the trustee could not recover, as against indorsers thereon, the proceeds of notes of the bankrupt paid by the transferee as part purchase price of the goods transferred.—North v. Taylor (Sup.) 339.

Where a husband gave his wife his own note in exchange for her note against a bankrupt, and then transferred the latter note to the bankrupt in part payment for a stock of goods, in violation of Bankr. Act 1898, § 60, the trustee could not recover the amount of the note from the wife as a preferred creditor.—North v. Taylor (Sup.) 339.

Payments by insolvents *held* preferences within the bankruptcy act.—Cannon v. James M. Bell Co. (Sup.) 1024; Same v. New York & Commercial Steam Laundry Co., Id.

A husband's liability to pay alimony decreed is not a debt provable under Bankr. Act, § 63.—Maisner v. Maisner (Sup.) 1107.

### § 2. Rights, remedies, and discharge of bankrupt.

Effect of discharge on cost of litigation continued by bankrupt after filing petition determined.—Aiken v. Haskins (Sup.) 293.

## BANKS AND BANKING.

### § 1. Functions and dealings.

Where plaintiffs' clerk obtained money on checks raised by him, in an action against the bank therefor, *held*, that plaintiffs were not guilty of such negligence as would bar a recovery.—Critten v. Chemical Nat. Bank (Sup.) 246.

A depositor in a bank is not estopped from maintaining an action to recover money paid on raised checks by failure to examine the vouchers and bank books when returned by the bank.—Critten v. Chemical Nat. Bank (Sup.) 246.

Where checks presented by plaintiffs' clerk bore evidences of alteration, and aroused the bank's suspicion, *held*, that it was guilty of negligence in paying them, and liable to the drawer for the amount obtained by such raising.—Critten v. Chemical Nat. Bank (Sup.) 246.

Plaintiffs are not barred from recovering money paid on checks raised by a clerk by requiring him to examine the checks on their return, whereby he is enabled to conceal his acts.—Critten v. Chemical Nat. Bank (Sup.) 246.

Knowledge of the president of a bank as to his insolvency *held* not imputable to the bank, where he dealt with it as to his own affairs as with a third party.—Crooks v. People's Nat. Bank (Sup.) 271.

Dismissal of action submitted to a referee on its merits *held* to have been proper.—Griffen v. Mechanics' & Traders' Bank (Sup.) 651.

### § 2. Clearing houses.

Where a note payable at one bank and held by another was certified by mistake, its payment through the clearing house was not such a voluntary payment as would preclude recovery from the holder.—Mt. Morris Bank v. Twenty-Third Ward Bank (Sup.) 78.

The rules of a clearing house through which two banks dealt through the agency of members thereof were competent evidence in a suit between such banks as to a note paid through such institution.—Mt. Morris Bank v. Twenty-Third Ward Bank (Sup.) 78.

## BAR.

Of action by former adjudication, see "Judgment," § 4.

## BASTARDS.

### § 1. Illegitimacy in general.

Where a divorce is valid where granted, a child born to one of the parties by a subsequent marriage is legitimate everywhere.—In re Hall (Sup.) 406.

### § 2. Proceedings under bastardy laws.

Under Code Cr. Proc. §§ 838-860, and section 841 therein, *held*, that the complaint in bastardy proceedings, on which defendant's warrant of arrest was issued, need not include the written depositions of complainant and witnesses.—Simis v. Alwang (Sup.) 580.

The court's refusal to adjourn in order to give the defendant in bastardy proceedings time to secure the evidence of another witness *held* not reversible error.—Simis v. Alwang (Sup.) 580.

Code Cr. Proc. § 840, requiring the superintendent of the poor to bring proceedings when a bastard is born which is a county charge, does not authorize such proceedings against a putative father of a bastard born in a foreign state and brought into New York.—Keller v. Cleary (Sup.) 899.

## BATTERY.

See "Assault and Battery," § 1.

## BENEFICIAL ASSOCIATIONS.

Provision of constitution of order that no member shall proceed to law until remedies given by constitution are exhausted *held* not to apply where the question at issue is one strictly of law.—Brown v. Supreme Court I. O. F. (Sup.) 397.

## BEQUESTS.

See "Wills."

## BEST AND SECONDARY EVIDENCE.

In civil actions, see "Evidence," § 3.

## BILL OF PARTICULARS.

See "Pleading," § 5.

## BILLS AND NOTES.

**§ 1. Rights and liabilities on indorsement or transfer.**
Liabilities of successive accommodation indorsers are to be determined by the law merchant.—Egbert v. Hanson (Sup.) 383.

**§ 2. Actions.**
Question whether plaintiff had notice that the note in suit was accommodation paper *held*, under the evidence, one for the jury.—Second Nat. Bank v. Weston (Sup.) 995.

## BONA FIDE PURCHASERS.

Of mortgage, see "Mortgages," § 3.

## BONDS.

Bonds in legal proceedings, see "Appeal," § 8; "Bail," § 1.
Municipal bonds, see "Municipal Corporations," § 4.
Of executor or administrator, see "Executors and Administrators," §§ 1, 9.
Sureties on bonds, see "Principal and Surety."

## BOUNDARIES.

**§ 1. Description.**
Deeds describing the eastern boundary of certain lands as being along the east bluff of a mountain, and as running along the top of the mountain, *held* to include lands to the bluff, or steep part, of the mountain.—Weiant v. Rockland Lake Trap-Rock Co. (Sup.) 713.

Deeds describing land as running to the top of a certain mountain *held* to convey only lands to the top of the mountain.—Weiant v. Rockland Lake Trap-Rock Co. (Sup.) 713.

Deed construed, and *held* not to convey to the grantee the fee of the street on which the lot was situated.—Watson v. City of New York (Sup.) 1033.

**§ 2. Evidence, ascertainment, and establishment.**
For purpose of locating a boundary of land described by courses, distances, and monuments, evidence is admissible that the description was made from a survey identical with a practical location made by the parties to the deed.—Tuxedo Park Ass'n v. Sterling Iron & Ry. Co. (Sup.) 95.

## BREACH.

Of condition in policy, see "Insurance," § 5.
Of contract, see "Contracts," § 4; "Sales," § 2.
Of covenant, see "Covenants," § 1.

## BRIDGES.

**§ 1. Establishment, construction, and maintenance.**
A town is not liable in damages, to one to whom it has leased oyster ground in a navigable river, for eviction caused by the town constructing a bridge across the river over the oyster ground.—Hall v. Town of Oyster Bay (Sup.) 710.

**§ 2. Regulation and use for travel.**
Where the gates of a drawbridge were opened before the draw was closed, and plaintiff's intestate stepped into the river and was drowned, he was not guilty of contributory negligence as a matter of law.—Brennan v. Albany & G. Bridge Co. (Sup.) 344.

## BROKERS.

Insurance brokers, see "Insurance," § 1.

**§ 1. Compensation and lien.**
Owner of building *held* to have ratified unauthorized act of agent in giving power to brokers to sell the same for commissions.—Lyle v. Bennett (Sup.) 283.

Where a principal in the exchange of property receives good title in the property conveyed to him, he cannot defeat an action for commissions on the ground that the contract of sale was invalid.—Schlesinger v. Jud (Sup.) 616.

**§ 2. Actions for compensation.**
The refusal to allow an amendment of a complaint *held* erroneous.—Schlesinger v. Jud (Sup.) 616.

Where a real-estate agent, employed to sell property for a certain sum, negotiates with a purchaser who offers less, and to whom the owner sold for the sum offered, the question of the agent's right to commissions on the sale was for the jury.—Palmer v. Durand (Sup.) 1105.

## BUILDING AND LOAN ASSOCIATIONS.

Statement in a building and loan stock certificate that the same would mature in 78 months, and declaring the stock payable at that time, *held* a mere statement of an estimate, not binding the association, where the earnings did not mature the stock in that time.—Heslin v. Eastern Building & Loan Ass'n (Sup.) 613.

Judgment against a shareholder in a building and loan association, suing to recover the par value of his stock, could not be modified, so as to entitle him to its withdrawal value; no notice of withdrawal, etc., having been served.—Heslin v. Eastern Building & Loan Ass'n (Sup.) 613.

## CALENDARS.

Of causes for trial, see "Trial," § 2.

## CANALS.

See "Shipping," § 3.

## CARRIERS.

**§ 1. Carriage of goods.**
Carrier of goods *held* liable as bailee for hire for the full value of goods injured, notwith-

standing that its liability as carrier had been limited by contract.—Bermel v. New York, N. H. & H. R. Co. (Sup.) 804.

**§ 2. Carriage of passengers.**

Evidence *held* to justify a finding for negligence in a street-car company's failure to stop a sufficient time to allow passengers to board the car, and hence it was error to dismiss a complaint.—Fay v. Metropolitan St. Ry. Co. (Sup.) 763.

Owner of an elevator in a building *held* not required to exercise the highest degree of care to prevent injury to passenger.—Hubener v. Heide (Sup.) 1115.

Facts in a suit for personal injuries caused by the falling of a passenger elevator *held* not sufficient to justify the court in finding defendant guilty of negligence.—Hubener v. Heide (Sup.) 1115.

## CHANGE OF VENUE.

Of civil action, see "Venue," § 2.

## CHARTER PARTIES.

See "Shipping," § 1.

## CHILD.

See "Bastards"; "Infants."

## CITATION.

See "Process."

## CITIES.

See "Municipal Corporations."

## CITIZENS.

Equal protection of laws, see "Constitutional Law," § 4.

## CIVIL RIGHTS.

See "Constitutional Law," § 4.

## CIVIL SERVICE LAWS.

See "Municipal Corporations," § 1; "Officers," § 1.

## CLAIM AND DELIVERY.

See "Replevin."

## CLAIMS.

Against estate assigned for creditors, see "Assignments for Benefit of Creditors," § 2.
—— of bankrupt, see "Bankruptcy," § 1.
—— of decedent, see "Executors and Administrators," § 4.
Against town, see "Towns," § 2.
To property levied on, see "Attachment," § 4.

## CLEARING HOUSES.

See "Banks and Banking," § 2.

## COLLATERAL UNDERTAKING.

See "Frauds, Statute of," § 1.

## COLLECTION.

Of estate of decedent, see "Executors and Administrators,".§ 3.
Of taxes, see "Taxation," § 3.

## COMBINATIONS.

See "Conspiracy," § 1.

## COMITY.

Between courts, see "Courts," § 3.

## COMMISSIONS.

Of broker, see "Brokers," § 1.
Of executor or administrator, see "Executors and Administrators," § 7.

## COMMON CARRIERS.

See "Carriers."

## COMPENSATION.

For property taken for public use, see "Eminent Domain," § 2.
Of attorney, see "Attorney and Client," § 1.
Of broker, see "Brokers," § 1.
Of executor or administrator, see "Executors and Administrators," § 7.

## COMPETENCY.

Of experts as witnesses, see "Evidence," § 8.
Of witnesses in general, see "Witnesses," § 1.

## COMPUTATION.

Of period of limitation, see "Limitation of Actions," § 1.

## CONCLUSION.

Of witness, see "Evidence," § 8.

## CONDEMNATION.

Taking property for public use, see "Eminent Domain."

## CONDITIONAL SALES.

See "Sales," § 6.

## CONDITIONS.

In insurance policies, see "Insurance," § 5.

## CONFIDENTIAL RELATIONS.

Disclosure of communications, see "Witnesses," § 1.

## CONSIDERATION.

Of contract, see "Contracts," § 1.

## CONSOLIDATION.

Of corporations, see "Corporations," § 2.

## CONSPIRACY.

**§ 1. Civil liability.**

Complaint by grain elevator operators, averring an unlawful business combination and conspiracy against them by an elevator association and certain railroads, *held* to state a cause of action.—Kellogg v. Lehigh Val. R. Co. (Sup.) 237.

Averment by operators of. an elevator that certain shippers were prevented from sending a certain amount of grain through plaintiff's elevator by reason of an unlawful business combination between defendants *held* a sufficient averment of damages.—Kellogg v. Lehigh Val. R. Co. (Sup.) 237.

## CONSTABLES.

See "Sheriffs and Constables."

## CONSTITUTIONAL LAW.

Provisions relating to particular subjects, see "Eminent Domain," § 1; "Jury," § 1.
—— subjects and titles of statutes, see "Statutes," § 1.

**§ 1. Construction, operation, and enforcement of constitutional provisions.**

Where an appointment to office is made by judges of the supreme court in pursuance of statutory authority, the constitutionality of the statute will be presumed from their act in making the appointment, though it is not conclusive thereon.—In re Brenner (Sup.) 744.

A person seeking to show the unconstitutionality of a statute must conclusively show that it is in contravention of the constitution.—In re Brenner (Sup.) 744.

**§ 2. Vested rights.**

The transfer tax law (Laws 1899, c. 76) is not void as retroactive legislation.—In re Pell's Estate (Sup.) 196.

**§ 3. Obligation of contracts.**

Act April 25, 1900, amending section 1212, Greater New York Charter, *held* unconstitutional in that it impaired the obligation of contracts.—New York Sanitary Utilization Co. v. Department of Health of City of New York (Sup.) 510.

**§ 4. Equal protection of laws.**

Act of April 25, 1900, amending section 1212, Greater New York Charter, relating to destruction of garbage, *held* not a proper exercise of the police power of the legislature in the regulation of matters affecting the public health, and unconstitutional.—New York Sanitary Utilization Co. v. Department of Health of City of New York (Sup.) 510.

**§ 5. Due process of law.**

Laws 1896, c. 727, authorizing condemnation of park, *held* unconstitutional; there being no provision for notice to persons whose property is to be assessed.—In re City of New York (Sup.) 227.

Laws 1895, c. 633, providing that no warehouseman shall be made a party to an action involving the title or possession of goods in storage, *held* invalid as depriving the owner of property without due process of law.—Follett Wool Co. v. Albany Terminal Warehouse Co. (Sup.) 474.

Act April 25, 1900, amending section 1212, Greater New York Charter, *held* unconstitutional as depriving defendant of its business without due process of law.—New York Sanitary Utilization Co. v. Department of Health of City of New York (Sup.) 510.

Laws 1901, c. 173, authorizing county treasurer to act as appraiser of an estate for taxation, *held* unconstitutional, as not due process of law.—In re Fuller's Estate (Sur.) 1050.

Appeal from appraiser's report of amount of transfer tax *held* not to cure the constitutional objection of an appraisement by an officer whose compensation is based on the amount thereof.—In re Fuller's Estate (Sur.) 1050.

## CONTRACTS.

Abatement of action on express contract on death of parties plaintiff and defendant, see "Abatement and Revival," § 1.

Agreements within statute of frauds, see "Frauds, Statute of."

Impairing obligation, see "Constitutional Law," § 3.

Implied contracts, see "Work and Labor."

Of particular classes of parties, see "Municipal Corporations," § 2; "Physicians and Surgeons."

Operation and effect of usury laws, see "Usury," § 1.

Parol or extrinsic evidence, see "Evidence," § 7.

Particular classes of express contracts, see "Covenants"; "Insurance"; "Sales."
—— charter parties, see "Shipping," § 1.
—— leases, see "Landlord and Tenant."
—— sales of realty, see "Vendor and Purchaser."
—— marriage settlements, see "Husband and Wife," § 2.
—— mutual benefit insurance, see "Insurance," § 12.
—— stipulations in actions, see "Stipulations."

Reformation, see "Reformation of Instruments."

Subrogation to rights or remedies of creditors, see "Subrogation."

Trial of counterclaim alleged as separate defense in suit for breach of contract, see "Action," § 2.

## § 1. Requisites and validity.

Want of mutuality in a contract between two partners *held* to prevent a recovery by one partner of the other's share in expenses paid after the contract was repudiated.—Farmer v. Putnam (Sup.) 179.

Evidence of a repudiation by one partner of a promise to repay expenses to be paid by another partner *held* to prevent the latter from recovering expenses paid after such repudiation.—Farmer v. Putnam (Sup.) 179.

A contract by which plaintiff agreed to procure congressional investigation of a corporation, thus causing depreciation in its stocks in consideration of a share in profits to be made in speculation therein, was void as against public policy.—Veazey v. Allen (Sup.) 457.

Proviso in contract, leaving all questions that may arise under it to the engineers on work, *held* against public policy.—National Contracting Co. v. Hudson River Water-Power Co. (Sup.) 585.

An executory contract between a vendor and vendee *held* not to render the latter liable for goods purchased by the former.—Mathiasen v. Barkin (Sup.) 770.

Contract *held* based on sufficient consideration.—Roussel v. Mathews (Sup.) 886.

A contract in which defendant agreed to assist plaintiff in organizing the corporation, and to accept as stockholders only those who would agree to employ plaintiff as general manager at an exorbitant salary, *held* void as against public policy.—Flaherty v. Cary (Sup.) 951.

A contract in which defendants agreed to assist plaintiff in organizing a corporation *held* too indefinite to be enforceable.—Flaherty v. Cary (Sup.) 951.

Under Code Civ. Proc. § 1910, an assignment to an officer of a claim under a contract which he had made as an officer *held* void.—People v. Board of Sup'rs of Saratoga County (Sup.) 1048.

Evidence *held* sufficient to show a valid contract for the sale of a boiler.—James Curran Mfg. Co. v. Aultman & Taylor Machinery Co. (Sup.) 1074.

## § 2. Construction and operation.

Where plaintiff contracted to convey his stock in a company, amounting to three-fifths of the entire stock, but he did not own that amount, *held*, that a conveyance of all his stock was a compliance with the contract. — Dady v. O'Rourke (Sup.) 694.

Where defendant agreed that, if plaintiff would furnish materials to a contractor, it would retain sufficient of the moneys due the contractor to protect plaintiff, he need not await the completion of the contract to recover.—Roussel v. Mathews (Sup.) 886.

Where defendant agreed to accept a certain sum from a building contractor for his failure to complete some minor details, the contract was completed.—Roussel v. Mathews (Sup.) 886.

## § 3. Rescission and abandonment.

An instruction, in a suit on a contract for a completed windmill, that if the contract was substantially performed, except as to certain matters which plaintiff offered to make good, and the latter was unreasonably prevented from doing so, he could recover, *held* error.—Fisher v. Goodrich (Sup.) 38.

Defendant, in an action to rescind a contract, by agreeing to continue a pending suit to set aside taxes, *held* to have waived immediate payment by plaintiff.—Dady v. O'Rourke (Sup.) 694.

Payment of debts and liens, and execution of a deed, *held* not conditions precedent to a claim for payment and an action to rescind a contract conveying plaintiff's interest in a company.—Dady v. O'Rourke (Sup.) 694.

Failure to make payment *held* to render a contract for the assignment of stock nugatory, entitling plaintiff to rescind and recover the stock.—Dady v. O'Rourke (Sup.) 694.

Where plaintiff, who transfers stock in an old corporation to a committee under a contract for the reorganization of a new corporation, seeks to rescind, evidence of the circumstances and facts under which the contract was executed is admissible on the question of good faith.—Jewell v. McIntyre (Sup.) 826.

Offer to return bonds and stocks of a new corporation, received from a committee by a stockholder in lieu of bonds and stocks of an old corporation on consolidation of corporations, *held* not a sufficient placing in statu quo to authorize a rescission.—Jewell v. McIntyre (Sup.) 826.

## § 4. Performance or breach.

A contractor's refusal to surrender his contract with plaintiff, and substitute one with defendant on terms specified between plaintiff and defendant, *held* sufficient justification for the latter's breach of the agreement with plaintiff.—General Contracting Co. v. Jones (Sup.) 569.

The refusal of the board of underwriters to give a certificate of approval of a sprinkling system installed by plaintiff, for the reason that defendant had not furnished a sufficient pump to be used in connection, *held* not to defeat plaintiff's right to recover an agreed price for installing the system, though it provided that compensation was to be paid on the issuance of such certificate.—New York & N. H. Automatic Sprinkler Co. v. Andrews (Sup.) 798.

## § 5. Actions for breach.

In an action for breach of contract, evidence *held* to present a question for the jury.—Wright v. Schnaier (Sup.) 128.

Where plaintiff sues for performance of contract, and performance is denied, it cannot recover on proof of excuse for nonperformance.—Tribune Ass'n v. Eisner & Mendelson Co. (Sup.) 706.

The answer to a complaint on a contract *held* to sufficiently allege a failure of consideration, so that plaintiff was not entitled to

judgment on the pleadings.—Forgotston v. Cragin (Sup.) 979.

## CONTRIBUTION.

Among sureties, see "Principal and Surety," § 4.

## CONTRIBUTORY NEGLIGENCE.

See "Street Railroads," § 2.

## CONVERSION.

Wrongful conversion of personal property, see "Trover and Conversion."

The contention that the husband of a deceased devisee was entitled to a devise to her on the ground that the realty had been equitably converted into personalty *held* not sustainable.—In re Tatum (Sup.) 634.

## CONVEYANCES.

By sheriffs, see "Execution," § 2.
In fraud of creditors, see "Fraudulent Conveyances."
Of particular species of property, see "Dower," § 1; "Easements," § 1.
Particular classes of conveyances, see "Assignments for Benefit of Creditors"; "Deeds," § 1; "Mortgages."

## CORPORATIONS.

See "Receivers," § 1.
Misjoinder of causes of action in action by corporation creditor against corporation, see "Action," § 1.
Particular classes of corporations, see "Beneficial Associations"; "Building and Loan Associations"; "Municipal Corporations"; "Street Railroads," § 1.
—— banks, see "Banks and Banking."
—— water companies, see "Waters and Water Courses," § 3.
Taxation of corporations and corporate property, see "Taxation," §§ 1, 2.

### § 1. Officers and agents.
Complaint against members of a corporation for personal liability for violation of statute *held* to state a cause of action under Laws 1848, c. 40.—Bagley & Sewall Co. v. Lennig (Sup.) 242.

Laws 1848, c. 40, § 15, and Laws 1892, c. 688, *held* to create no liability in favor of a creditor of a corporation against officers thereof for signing a false report, unless his indebtedness was incurred after the report was signed. —Bagley & Sewall Co. v. Lennig (Sup.) 242.

Director of foreign stock corporation presumed to be still a director, so as to be liable to creditors under the stock corporation law.— Seebeck v. King (Sup.) 322.

Defense in action by creditor of corporation against director to recover debt due by corporation *held* demurrable.—State Island Midland R. Co. v. Hinchcliffe (Sup.) 601.

Laws 1899, c. 354, § 34, relating to the liability of the directors of a stock corporation for failure to file annual report, construed.—Staten Island Midland R. Co. v. Hinchcliffe (Sup.) 601.

Under Laws 1899, c. 354, § 34, where a director has failed to file an annual report of the condition of a stock corporation, and the debt has not accrued before such failure, the director is not liable, unless within three years after default he is served with notice prescribed by such section.—Staten Island Midland R. Co. v. Hinchcliffe (Sup.) 601.

Annual report as to the liabilities and assets of a corporation *held* not in compliance with Stock Corporation Law, § 30.—Lilienthal v. Betz (Sup.) 920.

### § 2. Consolidation.
A member of the syndicate which financed the consolidation of rival gas companies *held* to be entitled to share in the profits in the same proportion which the amount he subscribed to the subscription contract bore to the entire amount subscribed.—Logan v. Simpson (Sup.) 86.

The delivery of stock and bonds of a corporation to a committee in an attempted consolidation *held* to convey the legal title, which would enable the committee to transfer such stocks and bonds free from equities existing in favor of the stockholders.—Jewell v. McIntyre (Sup.) 826.

A contract of consolidation of certain corporations *held* to authorize a committee to make the consolidation shown by the evidence.—Jewell v. McIntyre (Sup.) 826.

### § 3. Foreign corporations.
Code Civ. Proc. §§ 1810, 1812, *held* not to prevent the supreme court from entertaining jurisdiction of an action by a resident creditor for the appointment of such a receiver.—Popper v. Supreme Council of Order of Chosen Friends (Sup.) 637.

## CORRECTION.

Of assessment of taxes, see "Taxation," § 2.
Of judgment, see "Judgment," § 3.

## COSTS.

Element of damages, see "Damages," § 2.
In action to foreclose mortgage, see "Mortgages," § 4.

### § 1. Nature, grounds, and extent of right in general.
Amendment of complaint, new answer, and offer of judgment in different amount *held* to revoke former offer; and plaintiff, having recovered more than the last offer, was entitled to costs and extra allowance.—Thornall v. Crawford (Sup.) 61.

Interest is not incident to an offer of judgment in an action on quantum meruit.—Thornall v. Crawford (Sup.) 61.

Facts under which judgment for costs will not be disturbed on appeal.—Roussel v. Mathews (Sup.) 886.

Under Code Civ. Proc. § 3347, subd. 13, and Id. c. 21, tit. 1, §§ 3228, 3229, neither party is entitled to costs as of course in an action, commenced in New York district court and transferred to the city court, in which plaintiff recovered less than $50.—Levene v. Hahner (Sup.) 913.

Under Code Civ. Proc. § 3228, a plaintiff who recovers a money judgment after a second trial is entitled to costs of both trials as of course.—Meeker v. C. R. Remington & Son Co. (Sup.) 1072.

### § 2. Amount, rate, and items.

On sustaining a demurrer to answer with permission to plead anew, plaintiff's costs must be limited to those allowed for proceedings after notice and before trial, and to the trial fee.—Garrett v. Wood (Sup.) 359.

The right to an additional allowance under Code Civ. Proc. § 3253, subd. 2, falls with the judgment when a new trial is ordered, and is not revived, though plaintiff recovers a larger verdict on the second trial than at first.—Meeker v. C. R. Remington & Son Co. (Sup.) 1072.

### § 3. On appeal or error, and on new trial or motion therefor.

A motion to amend a decision affirming an order refusing a motion for a new trial, made under Code Civ. Proc. § 1010, by striking out a provision allowing plaintiff costs, must be denied.—Garrett v. Wood (Sup.) 358.

## CO-SURETIES.

See "Principal and Surety," § 4.

## COUNTERCLAIM.

See "Set-Off and Counterclaim."
Trial of counterclaim alleged as separate defense in suit for breach of contract, see "Action," § 2.

## COURTS.

Judges, see "Judges."
Justices' courts, see "Justices of the Peace."
Restraining action of courts, see "Injunction," § 2.
Review of decisions, see "Appeal."
Right to trial by jury, see "Jury," § 1.
Trial by court without jury, see "Trial," § 6.

### § 1. Establishment, organization, and procedure in general.

In construing the terms of an insurance policy issued in a state to a citizen thereof, the courts of such state should follow the decisions of its highest court, though the supreme court of the United States has adopted a contrary construction.—Devitt v. Providence Washington Ins. Co. (Sup.) 654.

### § 2. Courts of limited or inferior jurisdiction.

On appeal from a judgment of a municipal court, exclusion of evidence will not be review-ed; the question not being raised by exception.—Philips v. Hine (Sup.) 593.

Municipal court of city of New York has jurisdiction of an action for converting personalty to the value of $500.—Vogel v. Banks (Sup.) 1010.

Defendants, by removing case from municipal to county court, giving bond required, held estopped to deny jurisdiction of that court.—Vogel v. Banks (Sup.) 1010.

### § 3. Concurrent and conflicting jurisdiction, and comity.

Acts of certain parties in another state will not be enjoined, where courts of such state had theretofore taken jurisdiction and adjudicated on the rights of the parties.—Johnstown Min. Co. v. Butte & B. Consol. Min. Co. (Sup.) 257.

## COVENANTS.

### § 1. Performance or breach.

An after-acquired title to property on which a building encroached held under the evidence not to create an easement which would constitute a breach of a covenant against incumbrances.—Farley v. Howard (Sup.) 51.

## COVERTURE.

See "Husband and Wife."

## CREDITORS.

See "Assignments for Benefit of Creditors"; "Bankruptcy"; "Creditors' Suit"; "Fraudulent Conveyances"; "Marshaling Assets and Securities."
Remedies against surety, see "Principal and Surety," § 3.
Subrogation to rights of creditor, see "Subrogation."

## CREDITORS' SUIT.

Remedies in cases of assignments, see "Assignments for Benefit of Creditors," § 2.

A complaint held to state a cause of action in equity as one in aid of execution rendered ineffectual by an illegal obstruction to plaintiff's execution liens by attachments.—Stetson v. Hopper (Sup.) 170.

## CRIMINAL LAW.

See "Larceny."
Bail, see "Bail," § 1.
Bastardy, see "Bastards," § 2.
Compensation of counsel assigned to defend accused, see "Attorney and Client," § 1.
Offenses against laws relating to trade-marks, see "Trade-Marks and Trade-Names," § 1.
Prosecuting officers, see "District and Prosecuting Attorneys."
Violations of liquor laws, see "Intoxicating Liquors," § 3.

### § 1. Parties to offenses.

One who purchases counterfeit wine sold under counterfeit labels, for the purpose of pros-

ecuting the seller for violating Pen. Code, § 364, prohibiting such sales, *held* not an accomplice.—People v. Hilfman (Sup.) 621.

**§ 2. Former jeopardy.**
Leave having been granted to file another complaint in the court of special sessions of New York, the judgment sustaining a demurrer to a prior complaint for insufficiency was no bar to a subsequent prosecution in another complaint.—People v. Gluckman (Sup.) 173.

A judgment sustaining a demurrer to a complaint for counterfeiting a trade label, on the ground that the complaint did not state an offense, *held* no bar to a subsequent prosecution under another complaint.—People v. Gluckman (Sup.) 173.

**§ 3. Preliminary complaint, affidavit, warrant, examination, commitment, and summary trial.**
One arrested on a proper warrant will not be released on habeas corpus because designated by a fictitious name; his true name not being known.—People v. Jerome (Sup.) 377.

**§ 4. Arraignment and pleas, and nolle prosequi or discontinuance.**
On a prosecution for selling spirituous liquors without a license *held* to sustain a plea of former conviction.—People v. Satchwell (Sup.) 307.

On a prosecution for selling liquors without a license, a plea of former conviction is prima facie established by a record showing a conviction under an indictment which could be sustained by the evidence necessary to support the second indictment.—People v. Satchwell (Sup.) 307.

**§ 5. Evidence.**
Where, in a prosecution for unlawfully destroying the bank of a canal feeder, the state contended that defendant, a hotel keeper near the feeder, had destroyed it, in hope of prospective profits from laborers, exclusion of testimony explaining an unusually large purchase of beer on his part prior to the crime *held* error.—People v. Manahan (Sup.) 108.

Letters written subsequent to the alleged theft by prosecuting witness to accused *held* admissible.—People v. Cahill (Sup.) 849.

**§ 6. Trial.**
Under Code Cr. Proc. § 308, a trial judge *held* to have no authority to allow attorneys appointed to defend a criminal expenses incurred by them in securing expert testimony.—Cantwell v. Coler (Sup.) 755.

## CUSTODY.

Of child, see "Divorce," § 3.

## DAMAGES.

Compensation for property taken for public use, see "Eminent Domain," § 2.
Damages for particular injuries, see "Death," § 1; "Libel and Slander," § 3; "Trover and Conversion," § 2.
—— injuries caused by public improvements, see "Municipal Corporations," § 2.

**§ 1. Nominal damages.**
Where plaintiff alleged that defendant unlawfully removed some of his property under a chattel mortgage, and defendant admitted taking some property which was not covered by the mortgage, it was error to charge that the jury might find for defendant under certain circumstances.—O'Horo v. Kelsey (Sup.) 14.

**§ 2. Grounds and subjects of compensatory damages.**
Where plaintiff alleged that defendant began a suit to oust plaintiff, knowing he had no right to the property, and abandoned the proceedings as soon as plaintiff answered, it was error to exclude evidence of the value of the services of plaintiff's attorney.—O'Horo v. Kelsey (Sup.) 14.

Facts under which plaintiff *held* entitled to interest on the amount found due from the commencement of the action.—Roussel v. Mathews (Sup.) 886.

**§ 3. Inadequate and excessive damages.**
A verdict for $20,000 damages for injuries to a child 3 years of age *held* not excessive.—Lacs v. James Everard's Breweries (Sup.) 672.

Where the negligence of a surgeon called to attend a fractured arm causes a permanent deformity, a judgment for $500 is not excessive.—Gerken v. Plimpton (Sup.) 793.

In action against street railroad for injuries to a person on the street, a verdict for $3,000 *held* not excessive.—Weingarten v. Metropolitan St. Ry. Co. (Sup.) 1113.

**§ 4. Pleading, evidence, and assessment.**
Where plaintiff alleged that his furniture was unlawfully removed from a hotel by defendant, it was error to exclude evidence that defendant did not run his hotel the following summer.—O'Horo v. Kelsey (Sup.) 14.

In an action for injuries, it is not error for the plaintiff to exhibit his person to the jury.—Lacs v. James Everard's Breweries (Sup.) 672.

Under Code Civ. Proc. §§ 1184, 2862, 2868, and Id. § 3347, subds. 4, 7, a justice of the peace has power to treble the damages found by the jury in an action brought under Pen. Code, § 654, for trespass to land.—Layton v. McConnell (Sup.) 679.

## DEATH.

From injuries sustained in street railroad collision, see "Street Railroads," § 2.
Of party to action ground for abatement, see "Abatement and Revival," § 1.

**§ 1. Actions for causing death.**
In an action for wrongful death resulting from injuries sustained at a street-railway crossing, a verdict of $1,000 *held* not excessive.—Johnson v. Rochester Ry. Co. (Sup.) 113.

## DEBTOR AND CREDITOR.

See "Assignments for Benefit of Creditors"; "Bankruptcy"; "Creditors' Suit"; "Fraudulent Conveyances."

# DECEDENTS.

Estates, see "Executors and Administrators."

# DEEDS.

Conveyance of easement, see "Easements," § 1.
Covenants in deeds, see "Covenants."
Deed absolute as mortgage, see "Mortgages," § 1.
In fraud of creditors, see "Fraudulent Conveyances."
Of trust, see "Mortgages."
Parol or extrinsic evidence, see "Evidence," § 7.
Sheriffs, see "Execution," § 2.

**§ 1. Requisites and validity.**
Where one is entitled to have a deed set aside for duress his trustee for benefit of creditors may maintain action to recover the premises.—Van Dyke v. Wood (Sup.) 324.

Where a wife, who has received full consideration for her right of dower, compels her husband to convey land as condition to release of her right in certain lands, an offer to restore right of dower *held* not necessary before action to set aside the conveyance.—Van Dyke v. Wood (Sup.) 324.

Evidence *held* to show that conveyance by a husband to his wife was obtained by duress, and should be canceled.—Van Dyke v. Wood (Sup.) 324.

Where a deed was sufficient to convey plaintiff's interest, absence of revenue stamps did not affect its validity. — Dady v. O'Rourke (Sup.) 694.

# DEFAMATION.

See "Libel and Slander."

# DEFAULT.

Judgment by, see "Judgment," § 1.

# DELIVERY.

Of goods sold, see "Sales," § 2.

# DEMAND.

See "Trover and Conversion," § 2.

# DEMURRAGE.

See "Shipping," § 3.
Effect as accord and satisfaction of release by master of amount due as demurrage, see "Accord and Satisfaction."

# DEMURRER.

In pleading, see "Pleading," § 3.

# DEPOSITIONS.

See "Witnesses."

Evidence *held* not sufficient to show that a witness was so sick as to justify an order to take his deposition.—Johnson v. New Home Sewing-Mach. Co. (Sup.) 875.

An affidavit *held* not sufficient to show that a witness' testimony was material, so as to justify an order to take his deposition.—Johnson v. New Home Sewing-Mach. Co. (Sup.) 875.

# DEPOSITS.

In bank, see "Banks and Banking," § 1.

# DEPUTIES.

See "Sheriffs and Constables," § 1.

# DESCENT AND DISTRIBUTION.

See "Executors and Administrators."
Inheritance and transfer taxes, see "Taxation," § 5.

# DESCRIPTION.

Of property conveyed, see "Boundaries," § 1.

# DEVISES.

See "Wills."

# DISCHARGE.

From employment, see "Master and Servant," § 1.
From indebtedness, see "Bankruptcy," § 2.
From liability as surety, see "Principal and Surety," § 2.

# DISCOVERY.

**§ 1. Under statutory provisions.**
The denial of defendant's motion for discovery of certain written instruments alleged in the complaint *held* erroneous under the evidence.—Bensinger v. Erhardt (Sup.) 24.

Where defendant applied before trial for an inspection of certain instruments alleged in the complaint, the application was not barred by defendant's laches.—Bensinger v. Erhardt (Sup.) 24.

Order for examination of defendant before trial properly reversed on stipulation of defendant.—York v. Dick (Sup.) 614.

# DISSOLUTION.

Of attachment, see "Attachment," § 3.

# DISTRIBUTION.

Of estate assigned for creditors, see "Assignments for Benefit of Creditors," § 2.
—— of decedent, see "Executors and Administrators," § 5.

# DISTRICT AND PROSECUTING ATTORNEYS.

Justice before whom a criminal cause was tried on change of venue after a new trial

had been granted *held* not authorized to certify the value of assistant district attorney's services rendered on an appeal to the court of appeals after the first trial.—People v. Board of Sup'rs of Genesee County (Sup.) 578.

## DITCHES.

See "Waters and Water Courses," § 2.

## DIVORCE.

**§ 1.  Jurisdiction, proceedings, and relief.**

Verdict of jury in divorce to try issues framed *held* conclusive until set aside for proper reasons.—Fries v. Fries (Sup.) 295.

Instruction in an action for divorce as to consideration to be given testimony of detectives *held* proper.—Fries v. Fries (Sup.) 295.

Evidence *held* to show that party had gained a domicile in good faith, giving court jurisdiction to grant divorce.—In re Hall (Sup.) 406.

**§ 2.  Alimony, allowances, and disposition of property.**

The court will not relieve a husband as a matter of favor, where he has grossly evaded its decree, rendered in divorce proceedings, as to the payment of alimony for the support of his wife and children.—Wetmore v. Wetmore (Sup.) 604.

**§ 3.  Custody and support of children.**

Grant of alimony and order committing custody of child to one not a party to the proceeding, not asked for in the application, *held* error.—Wood v. Wood (Sup.) 72.

Under Code Civ. Proc. § 1769, the power conferred on the court to require the husband to provide for support of his child before final judgment in divorce is limited to the issue of the marriage.—Wood v. Wood (Sup.) 72.

Award of alimony to plaintiff in divorce, embracing an allowance for support and maintenance of her stepson, cannot be allowed.—Wood v. Wood (Sup.) 72.

Defendant in divorce, by accepting permission in order for alimony allowing him to visit child, *held* not to waive right to appeal from the order.—Wood v. Wood (Sup.) 72.

**§ 4.  Operation and effect of divorce, and rights of divorced persons.**

Decedent's former wife having obtained a divorce in Illinois on a ground not recognized in New York, and having remarried in New York, *held* estopped to allege the invalidity of the Illinois decree for the purpose of obtaining administration on her first husband's estate as his widow.—In re Swales' Estate (Sup.) 220.

## DOCKETS.

Of causes for trial, see "Trial," § 2.

## DOCUMENTS.

As evidence in civil actions, see "Evidence," § 6.

## DOMICILE.

Of parties as affecting venue, see "Venue," § 1.

## DOWER.

**§ 1.  Inchoate interest.**

A power of attorney given by a husband and wife *held* to have authorized the attorney to make a conveyance of the husband's land free from any dower claim of the wife.—Platt v. Finck (Sup.) 74.

Where a husband and wife executed a power of attorney which authorized the attorney to convey lands free from any claim of dower by the wife, the attorney's deed *held* sufficient to convey an estate free of her dower.—Platt v. Finck (Sup.) 74.

Right of widow to admeasurement of dower denied.—Hopkins v. Cameron (Sup.) 1027.

## DUE PROCESS OF LAW.

See "Constitutional Law," § 5.

## DURESS.

As ground for setting aside deed, see "Deeds," § 1.

## EASEMENTS.

**§ 1.  Creation, existence, and termination.**

Where the owner of a lot erects a house with the stoop extending on an adjoining lot, of which he was an owner in common, and he then sells the house, and acquires title in severalty in the adjoining lot, such acquisition does not create an easement, entitling the owner of the first lot to maintain the stoop on the second.—Farley v. Howard (Sup.) 51.

That a husband, owning a lot adjoining a lot owned by his wife on which there is a house which encroaches on the husband's lot, joins in a conveyance by his wife of her lot, *held* not to create an easement authorizing a portion of the building to continue on the lot exclusively owned by the husband.—Farley v. Howard (Sup.) 51.

An easement in light and air, created in a contract of sale and a conveyance of land, *held* to run with the land sold.—Kahn v. Hoge (Sup.) 434.

**§ 2.  Extent of right, use, and obstruction.**

Temporary use of a way, with intention to use a road in course of construction, when completed, *held* not a location within a deed giving a right of way to be located by consent.—Tuxedo Park Ass'n v. Sterling Iron & Ry. Co. (Sup.) 95.

## EJECTION.

Between testamentary provisions and other rights, see "Wills," § 4.

## EJECTMENT.

**§ 1. Jurisdiction, parties, process, and incidental proceedings.**

Strangers who, without color of title or other right, took possession of real property pending an action for the recovery thereof, should not be admitted to defend, after plaintiffs have recovered judgment and possession.—Campbell v. Henderson (Sup.) 1101; In re McLeod, Id.

**§ 2. Trial, judgment, enforcement of judgment, and review.**

Under Code Civ. Proc. § 1524, a judgment in ejectment adjudging plaintiff's predecessor in title owner in fee of land in question, is admissible to show title thereto.—Skelly v. Jones (Sup.) 447.

Persons who without color of right squatted on land while an action in which they were not parties for recovery thereof was pending, and were removed by the sheriff under the writ of restitution, should not be ordered restored to possession on their motion in such action.—Campbell v. Henderson (Sup.) 1101; In re McLeod, Id.

## ELECTION OF REMEDIES.

In conversion, *held*, that plaintiff was not estopped from maintaining the action by having moved for the vacation of the order under which the goods were seized; plaintiff not being a party to the action in which the order was entered.—Einstein v. Dunn (Sup.) 520.

## ELECTIONS.

**§ 1. Ordering or calling election, and notice.**

Where the electors received notice that the four local option questions were to be voted on at a town meeting, the election will not be declared void, and the questions resubmitted, because the town clerk did not post and publish the notices as required.—In re Rowley (Sup.) 208.

## ELECTRICITY.

Evidence in action for injuries caused by negligently stringing an electric light wire *held* to make defendant, a joint wrongdoer, liable therefor.—Gordon v. Ashley (Sup.) 1038.

## ELEVATORS.

See "Carriers," § 2.

## EMINENT DOMAIN.

**§ 1. Nature, extent, and delegation of power.**

A proposed highway extending to the edge of a pond used for boating and fishing *held* not such a benefit as to warrant its passing through the garden of a private owner, who had offered a free right of way if the highway should be so constructed as to diverge a few rods from a direct course.—In re Field (Sup.) 677.

Under Gen. Laws, R. R. Law, art. 1, § 7, subd. 3, authorizing a railroad company to condemn land required for switches, turnouts, or widening embankments, a railroad operating one main line cannot take land one-half mile from the constructed road for the purpose of constructing another main road parallel to that already operated.—Erie R. Co. v. Steward (Sup.) 698.

Under Gen. Laws, R. R. Law, art. 1, § 7, subd. 4, empowering a railroad to condemn lands required for the flow of water occasioned by its embankments, or for any other purpose necessary for the operation of the road, a railroad operating one road cannot take land for the purpose of constructing another main road parallel to that operated, but one-half mile from it.—Erie R. Co. v. Steward (Sup.) 698.

A railroad company, maintaining and operating its road over a certain route for years, cannot take land one-half mile from the constructed road for the purpose of constructing another main road parallel to that operated under Gen. Laws, R. R. Law, art. 1, § 4, subd. 2.—Erie R. Co. v. Steward (Sup.) 698.

The exercise of the general power of eminent domain granted to railroads by Gen. Laws, R. R. Law, art. 1, § 4, subd. 2, must be justified under some subsequent and specific provision of the statute.—Erie R. Co. v. Steward (Sup.) 698.

Laws 1894, c. 146, should be construed as authorizing the condemnation of land for use in connection with the town hall authorized to be constructed by the act to which it is an amendment.—Town Board of Town of Jamaica v. Denton (Sup.) 837.

The petition of a town board for commissioners in proceedings to condemn land to protect the town hall from fire and afford free access to it should not be denied because it states that the town also wishes to utilize the open space as a park.—Town Board of Town of Jamaica v. Denton (Sup.) 837.

Where a town board is authorized to acquire such land for public use adjacent to the town hall as it deems necessary or proper, its authority is not exhausted by a resolution to take two tracts; but it may subsequently proceed to acquire other tracts.—Town Board of Town of Jamaica v. Denton (Sup.) 837.

**§ 2. Compensation.**

Discharge of city sewage on property of individual *held* a taking of such property, though sewer was constructed under the law.—Sammons v. City of Gloversville (Sup.) 284.

Commissioners appointed to award damages for property taken by closing of road cannot consider benefits to owners from opening new streets or deduct value of land obtained by closing of road.—In re Closing Kingsbridge Road (Sup.) 1029.

Where a railroad company, authorized to erect a structure on land in the center of a street, erects such structure extending beyond

such strip, the abutting property owners are entitled to damages for the trespass.—Siegel v. New York & H. R. Co. (Sup.) 1088.

**§ 3.  Proceedings to take property and assess compensation.**

Laws 1896, c. 727, authorizing condemnation by a city for park, *held* not to incorporate therein provisions of other statutes for notice to persons whose property is to be assessed.—In re City of New York (Sup.) 227.

A purchaser at foreclosure sale of property taken by city is not entitled to award of damages.—In re Washington Ave. (Sup.) 599.

Award by commissioners of assessment on land for a street *held* improperly made to unknown owners.—In re Washington Ave. (Sup.) 599.

Award of damages on opening of street will not be set aside because of a less amount than that given to other similar property in the same neighborhood. — In re Washington Ave. (Sup.) 599.

Under Laws 1894, c. 146, the town board may institute proceedings by petition for the condemnation of lands for the town, adjacent to the town hall.—Town Board of Town of Jamaica v. Denton (Sup.) 837.

Under Code Civ. Proc. § 3375, *held*, that no appeal lies from a judgment that plaintiff is entitled to condemn defendant's land until after ascertainment of the compensation and payment thereof by the commissioners.—Village of St. Johnsville v. Smith (Sup.) 880.

Assessment of damages for land taken returned to commissioners, where the damages have not been awarded to all persons concerned on the same principle.—In re Closing Kingsbridge Road (Sup.) 1029.

Where damages to the fee in a leased pier are assessed to the owner in condemnation proceedings, damages to the lessees, if any, must be deducted from the damages assessed to the owner.—In re City of New York (Sup.) 1127.

Lessees of a wharf condemned by a city for public use *held* not entitled to share in the fee damages assessed to the owner.—In re City of New York (Sup.) 1127.

**§ 4.  Remedies of owners of property.**

An unlawful structure of an elevated railroad company in a street may be enjoined, unless the damages awarded the abutting property owners are paid.—Siegel v. New York & H. R. Co. (Sup.) 1088.

# EMPLOYES.

See "Master and Servant."

# ENTRY.

Of judgment, see "Appeal," § 1.
Re-entry by landlord, see "Landlord and Tenant," § 6.

# EQUITY.

Equitable conversion, see "Conversion."
—— estoppel, see "Estoppel," § 1.
—— set-off, see "Set-Off and Counterclaim," § 1.
Particular subjects of equitable jurisdiction and equitable remedies, see "Creditors' Suit"; "Injunction"; "Trusts."

**§ 1.  Jurisdiction, principles, and maxims:**

Court, in action to restrain operation of railroad till it had compensated for easements taken, will not retain jurisdiction to award nominal damages; no money damage having been shown.—Kornder v. Kings County El. R. Co. (Sup.) 708.

**§ 2.  Pleading.**

Suit by many plaintiffs for fraud practiced on them severally by a single defendant dismissed for misjoinder of causes of action.—Wheeler v. Gleason (Sup.) 381.

# ESTABLISHMENT.

Of bridges, see "Bridges," § 1.
Of railroads, see "Street Railroads," § 1.
Of trusts, see "Trusts," § 5.
Of will, see "Wills," § 2.

# ESTATES.

See "Dower," § 1.
Created by will, see "Wills," § 3.
Decedents' estates, see "Executors and Administrators."
Restrictions on creation of future estates, see "Perpetuities."
Trusts, see "Trusts," § 2.

# ESTOPPEL.

By judgment, see "Judgment," §§ 4, 5.
Of mortgagee to foreclose, see "Mortgages," § 4.
To avoid or forfeit insurance policy, see "Insurance," § 6.
To deny jurisdiction of county court, see "Courts," § 2.
To take appeal, see "Appeal," § 2.

**§ 1.  Equitable estoppel.**

Where a lease provides that if the premises are sold the lessee shall surrender on payment of a certain sum and notice, and the tenant vacates pursuant to such a notice, the lessor is estopped from refusing to pay on the ground that the contemplated sale was not consummated.—Dierig v. Callahan (Sup.) 210.

Where plaintiff sues to condemn a right, he cannot maintain an inconsistent suit to reform a contract, so as to give him such right.—Johnstown Min. Co. v. Butte & B. Consol. Min. Co. (Sup.) 257.

A recital in a contract between plaintiff and defendant that a contractor had surrendered his contract with plaintiff, and accepted defendant's, *held* not to estop the latter, in a suit for

breach of his contract with plaintiff, from asserting the contractor's refusal to accept as a defense. — General Contracting Co. v. Jones (Sup.) 569.

# EVIDENCE.

See "Depositions"; "Discovery," § 1; "Witnesses."

Admissibility of evidence under pleading, see "Pleading," § 7.

As to particular facts or issues, see "Adverse Possession," § 1; "Boundaries," § 2; "Damages," § 4; "Partnership," § 1; "Payment," § 1.

—— existence of claim against estate of decedent, see "Executors and Administrators," § 4.

—— to establish deed absolute as mortgage, see "Mortgages," § 1.

In criminal prosecutions, see "Criminal Law," § 5; "Larceny," § 1.

—— prosecutions for violations of liquor laws, see "Intoxicating Liquors," § 3.

In particular civil actions or proceedings, see "Malicious Prosecution," § 2; "Negligence," § 2; "Replevin," § 2.

—— probate proceedings, see "Wills," § 2.

Questions of fact for jury, see "Trial," § 4.

Review on appeal, see "Appeal," § 6.

Verdict or findings contrary to evidence, see "New Trial," § 1.

## § 1. Judicial notice.

The court will take judicial notice that the common law never was in force in France.—In re Hall (Sup.) 406.

## § 2. Relevancy, materiality, and competency in general.

Where plaintiff alleged that defendant fraudulently induced a mortgagee to foreclose on plaintiff's furniture, it was error to exclude evidence of the value of the mortgaged property.—O'Horo v. Kelsey (Sup.) 14.

Evidence that deceased had made other gifts of stock similar to that under which defendant claimed stock in controversy *held* inadmissible, not being part of the res gestæ.—Richardson v. Emmett (Sup.) 546.

Where plaintiff was promoted, and his salary was not fixed, evidence that his predecessor received a certain salary *held* not objectionable, as res inter alios acta, in an action for the reasonable worth of plaintiff's services.—Meislahn v. Irving Nat. Bank (Sup.) 988.

## § 3. Best and secondary evidence.

The exclusion of an account book, containing transactions between plaintiff and defendant's testator, *held* improper under the evidence.—Wright v. Hicks (Sup.) 675.

## § 4. Admissions.

Where there was prima facie evidence that the master of a ship and others had conspired to defraud the insurers, the declarations of one of the conspirators, made in carrying it out, were competent evidence.—Voisin v. Commercial Mut. Ins. Co. (Sup.) 147.

Admissions made by an executor in an accounting, and in an action against him by a beneficiary, that he had received money collected by an attorney, *held* not conclusive as to such fact in an action by the executor's administrator to collect such money from the person to whom the attorney is alleged to have wrongfully paid it.—Lecour v. Importers' & Traders' Nat. Bank (Sup.) 419.

Conversations and declarations of an insurance agent at the time of and prior to the delivery of a policy *held* admissible in a suit to reform the policy.—Steinbach v. Prudential Ins. Co. (Sup.) 809.

Where the cashier of a bank, in promoting a bank clerk, stated that the salary would be made satisfactory from the first of the year, and the clerk occupied the position without a fixed salary for 13 months, when the directors increased it from date only, the statement of the cashier to the clerk that it ought to have been increased from the first of the year *held* admissible against the bank.—Meislahn v. Irving Nat. Bank (Sup.) 988.

Though, under Code Civ. Proc. § 522, a bill of particulars is admissible as evidence of facts stated and not controverted by the answer, it is not admissible as evidence against the defendant, who has put in issue all material matters amplified by such bill.—Roscoe Lumber Co. v. Standard Silica Cement Co. (Sup.) 1130.

## § 5. Hearsay.

Where the question of plaintiff's partnership was put in issue by defendant's answer, plaintiff's attorney was a competent witness of such fact.—Hardenburgh v. Fish (Sup.) 415.

## § 6. Documentary evidence.

Testimony *held* not sufficient to show that an account book offered in evidence was honest.—Wright v. Hicks (Sup.) 675.

Where a map of premises conveyed is delivered with the deed, it is admissible on an issue as to the land conveyed, as tending to show the intention of the parties.—O'Donohue v. Cronin (Sup.) 737.

## § 7. Parol or extrinsic evidence affecting writings.

In an action on a bond to indemnify plaintiff against her obligations to pay, under a contract of which a copy was stated to be annexed to the bond, and such copy was an unsigned memorandum, evidence was inadmissible that at the time the bond was executed a contract existed containing the same terms as the memorandum.—Bernard-Beere v. Klaw (Sup.) 204.

Agreement of successive indorsers to be jointly bound may be proved by parol.—Egbert v. Hanson (Sup.) 383.

Where plaintiff contracted to convey his stock in a company, amounting to three-fifths of the entire stock, but he did not own that amount, parol evidence was admissible to show that the parties only intended a transfer of his interest.—Dady v. O'Rourke (Sup.) 694.

Where contract for the conveyance of land is complete, the grantee cannot ingraft other covenants by parol, on the ground that they

formed part of the consideration.—Kingsland v. Haines (Sup.) 873.

Where a charter party of a vessel for a period of six weeks specifies that it is for a voyage to the West Indies, and gives the charterer the privilege of taking an extension, its uncertainty as to the time of such extension authorizes the admissibility of parol evidence of the negotiations leading to the execution of the contract, in a suit for a conversion in failing to return the vessel by a certain time.—Flagler v. Hearst (Sup.) 956.

Conversations between the cashier of a bank and a clerk who had been employed by him as to the salary the clerk was to receive *held* admissible against the bank.—Meislahn v. Irving Nat. Bank (Sup.) 988.

### § 8.    Opinion evidence.
In determining the competency of an expert witness, evidence of witnesses other than the expert is admissible.—Wright v. Schnaier (Sup.) 128.

Where the issue was whether goods covered by a marine policy had been loaded on a vessel which had been scuttled in pursuance of a conspiracy to defraud the insurers, it was error to permit the consignor, who had no personal knowledge that the goods were shipped, to testify that his firm had purchased the goods included in the bills of lading.—Voisin v. Commercial Mut. Ins. Co. (Sup.) 147.

Where the testimony of a witness who had testified from his own personal knowledge on a former trial as to the quantity of goods actually put on board a ship was read in evidence under a stipulation in suit on a marine policy, it was error to strike out the testimony, as being merely the opinion of the witness, on the sole ground that he used the phrase "I think" in answering the questions.—Voisin v. Commercial Mut. Ins. Co. (Sup.) 147.

Evidence of a witness who had never operated a particular car *held* not sufficient, in an action against a street railroad for injuries received at a crossing accident, to show that the defendant was negligent in failing to stop the car.—Mulligan v. Third Ave. R. Co. (Sup.) 530.

### § 9.    Weight and sufficiency.
Where evidence of plaintiff and his witnesses was not contradicted, and the witnesses were not impeached, the court has no right to deny plaintiff relief because it does not believe the testimony.—Schechter v. Watson (Sup.) 1.

Payment to a witness of money in excess of legal fee *held* proper to be considered by the jury on question of credibility.—Green v. Metropolitan St. Ry. Co. (Sup.) 123.

## EXCEPTIONS.
Sufficiency for purpose of review, see "Appeal," § 3.

## EXCESSIVE DAMAGES.
See "Damages," § 3; "Death," § 1.

## EXECUTION.
See "Attachment."

### § 1.    Property subject to execution.
Duly-recorded mortgage, in which the name of another person was written for that of the mortgagee by mistake, *held* a superior lien to an execution against the mortgaged property.—Craft v. Brandow (Sup.) 364.

### § 2.    Sale.
Lack of possession and control over his official books, papers, documents, and records *held* no excuse for a sheriff's refusal after the expiration of his term to execute a deed in pursuance of an execution sale made by him.—People v. Grant (Sup.) 504.

### § 3.    Supplementary proceedings.
Receiver in supplementary proceedings *held* to take title to whatever may be due defendant on a public contract.—McDonald v. Village of Ballston Spa (Sup.) 279.

Under Code Civ. Proc. § 2447, *held*, that a wife could not be compelled to pay to a receiver of a husband's property money which he had given her as pay for doing housework.—Broderick v. Archibald (Sup.) 617.

## EXECUTORS AND ADMINISTRATORS.
See "Wills,"
Revival of action in name of assignee of foreign executor, see "Abatement and Revival," § 1.
Testamentary trustees, see "Trusts."

### § 1.    Appointment,    qualification,    and tenure.
Filing by a trustee of a supplemental account after a decree of a surrogate removing him from his trust is not a waiver of his rights conferred by Code Civ. Proc. § 2546.—In re Clark (Sup.) 353.

Where an administratrix gave bond for only $200, it was error to order $1,080 paid to her as administratrix without additional security.—Berkeley v. Kennedy (Sup.) 762.

### § 2.    Assets, appraisal, and inventory.
Where the interest of a deceased heir had been deposited in court, his administratrix was entitled to its possession in preference to a distributee of the heir.—Berkeley v. Kennedy (Sup.) 762.

### § 3.    Collection and management of estate.
Where property of deceased is found in the hands of a bailee for hire, and there are conflicting claims thereto, it will be awarded to the administrator, leaving the claimant to assert her rights in another court.—In re Scott (Sur.) 425.

### § 4.    Allowance and payment of claims.
Statement of liabilities and assets of a decedent, made by him in his lifetime, *held* not an obligation, but a mere admission of indebtedness.—In re Hamilton (Sur.) 426.

Evidence *held* insufficient to establish claim of wife for support of her deceased husband.—In re Hamilton (Sur.) 426.

**§ 5. Distribution of estate.**
A surrogate cannot make a decree in favor of an executor for overpayment to a legatee.—Johnson v. Weir (Sup.) 1020.

Executor, empowered to use income of real estate to support infant, *held*, on partition, not entitled to reimbursement for payment in excess of such income.—Johnson v. Weir (Sup.) 1020.

**§ 6. Actions.**
Evidence *held* insufficient to authorize a judgment for plaintiff for money claimed to have been loaned to deceased.—Dougall v. Dougall (Sup.) 336.

**§ 7. Accounting and settlement.**
Where the facts on a petition for settlement of an executor's accounts were not disputed, but issues of law involved were formed by an answer to the petition, *held*, that the allowance of costs to the executor and a special guardian, as in case of a contest, was proper.—In re Hogarty (Sup.) 839.

Executors, acting as trustees under a will directing them to convert property, *held* not entitled to commissions both as executors and trustees; no conversion having been made.—In re Hogarty (Sup.) 839.

**§ 8. Foreign and ancillary administration.**
Where a claim against a resident of a foreign country is not reduced to judgment and is not a lien on property situated in the state, and the estate of the debtor is administered in a foreign country, and no letters are issued within the state, the courts of New York have no jurisdiction of a suit by the claimant against the executors of deceased, who are nonresidents, and other nonresident defendants, to establish a trust in the property of defendants.—Montgomery v. Boyd (Sup.) 139.

**§ 9. Liabilities on administration bonds.**
Surety on administrator's bond, to escape liability, on failure of administrator to pay debt of intestate, must show administrator could not pay the debt.—Keegan v. Smith (Sup.) 260.

Administrator de bonis non *held* entitled to sue sureties on his predecessor's bond; the latter having left the state and died without it.—Dunne v. American Surety Co. (Sup.) 391.

## EXEMPTIONS.

From taxation, see "Taxation," § 1.

## EXPERT TESTIMONY.

In civil actions, see "Evidence," § 8.

## FACTORS.

See "Brokers."

## FALSE IMPRISONMENT.

See "Malicious Prosecution."

**§ 1. Civil liability.**
Complaint in action for false imprisonment *held* to state a cause of action.—Bonnet v. Wanamaker (Sup.) 372.

## FEES.

Of attorney, see "Attorney and Client," § 1.

## FINDINGS.

Review on appeal, see "Appeal," § 6.

## FIXTURES.

Casks, bottles, and packing cases, used to hold and transport the products of a brewery, are personalty, and not fixtures.—Fitzgerald v. Atlanta Home Ins. Co. (Sup.) 552.

Whether awnings, drying frames, gas logs, and refrigerators were movables and not fixtures *held* to depend on the intention of the owner, to be determined from his acts and surrounding circumstances.—Cosgrove v. Troescher (Sup.) 764.

Ranges attached to a gas supply pipe and connected with a flue, but otherwise unconnected with the building, are movables, and not fixtures.—Cosgrove v. Troescher (Sup.) 764.

Carpets, window shades, gas fixtures, and detached ash cans are movables, and not fixtures.—Cosgrove v. Troescher (Sup.) 764.

## FORECLOSURE.

Of lien, see "Mechanics' Liens," § 3.
Of mortgage, see "Mortgages," § 4.

## FOREIGN ADMINISTRATION.

See "Executors and Administrators," § 8.

## FOREIGN CORPORATIONS.

See "Corporations," § 3.

## FOREIGN RECEIVERSHIP.

See "Receivers," § 1.

## FORFEITURES.

Of insurance, see "Insurance," § 12.

## FORMER ADJUDICATION.

See "Judgment," §§ 4, 5.

## FORMER JEOPARDY.

Bar to prosecution, see "Criminal Law," § 2.

## FORMS OF ACTION.

See "Trespass," § 2; "Trover and Conversion."

## FRANCE.

Validity of marriage in France, see "Marriage."

## FRAUD.

In mortgage, see "Mortgages," § 1.

**§ 1. Actions.**

Allegations of fraudulent representations inducing an exchange of real property *held* not sufficient.—Kingsland v. Haines (Sup.) 873.

## FRAUDS, STATUTE OF.

**§ 1. Promises to answer for debt, default, or miscarriage of another.**

Promise of the treasurer of a corporation to refund money loaned to the corporation *held* not within the statute of frauds.—Hardt v. Recknagel (Sup.) 782.

Agreement by defendant that if plaintiff would furnish material to a contractor, who was erecting a building for defendant, it would protect plaintiff, *held* not a promise to answer for the debt of another.—Roussel v. Mathews (Sup.) 886.

**§ 2. Requisites and sufficiency of writing.**

Written instrument *held* to sufficiently show a consideration for promise to refund money, so as not to be within the statute of frauds.—Hardt v. Recknagel (Sup.) 782.

Subsequent execution by the seller of a contract for the sale of lands, without delivery, *held* not an acceptance of previous offer by prospective purchaser, so as to make an agreement in writing not repugnant to the statute of frauds.—Montauk Ass'n v. Daly (Sup.) 861.

Facts *held* to show that there had been no valid delivery of a contract for the sale of lands as required by the statute of frauds.—Montauk Ass'n v. Daly (Sup.) 861.

**§ 3. Pleading, evidence, trial, and review.**

Denial of the existence of a contract *held* not sufficient to raise the question of the statute of frauds.—Hardt v. Recknagel (Sup.) 782.

## FRAUDULENT CONVEYANCES.

By bankrupt, see "Bankruptcy," § 1.

**§ 1. Transfers and transactions invalid.**

Evidence *held* to sufficiently disprove fraudulent intent in the conveyance of land to a wife to defeat the claim of a creditor of the husband to a trust therein under Laws 1896, c. 547.—McCormick v. Wilder (Sup.) 627.

**§ 2. Remedies of creditors and purchasers.**

Demurrer to complaint in action by creditor to set aside alleged fraudulent transfer overruled.—Carpenter v. Adickes (Sup.) 607.

## GAS.

Laws 1890, c. 566, providing a penalty for refusal of gas company organized to manufacture gas to supply a consumer with the same, does not apply to a natural gas company.—Wilson v. Tennant (Sup.) 2.

Insurer from fire *held* entitled to recover for negligence of defendant causing the loss to insured.—German-American Ins. Co. v. Standard Gaslight Co. (Sup.) 384.

## GIFTS.

Transfer taxes, see "Taxation," § 5.

## GROUND LEASE.

Subrogation on payment, see "Subrogation."

## GUARANTY.

See "Principal and Surety."
Requirements of statute of frauds, see "Frauds, Statute of," § 1.

## GUARDIAN AND WARD.

Guardian ad litem for infant, see "Infants," § 1.

## HABEAS CORPUS.

See "Criminal Law," § 3.

## HARMLESS ERROR.

In civil actions, see "Appeal," § 6.

## HEARSAY EVIDENCE.

In civil actions, see "Evidence," § 5.

## HIGHWAYS.

See "Municipal Corporations," § 3.
Accidents at railroad crossings, see "Railroads," § 2.

**§ 1. Establishment, alteration, and discontinuance.**

Where, in trespass for removing posts erected by plaintiff, defendant justified on the ground that the posts were in the public highway, and the evidence as to whether the highway had been abandoned was conflicting, it was error to direct a verdict for plaintiff.—Townsend v. Bishop (Sup.) 201.

Laws 1861, c. 311, providing that all roadways which have ceased to be traveled for six years shall cease to be highways, *held* to apply to a highway laid out in 1800.—Townsend v. Bishop (Sup.) 201.

**§ 2. Regulation and use for travel.**

Where a child playing in the street was killed by defendant's truck, the question of defendant's negligence *held* properly submitted to the jury.—Dehmann v. Beck (Sup.) 29.

Evidence *held* sufficient to support a finding that a child playing in the street was killed by a truck belonging to defendant.—Dehmann v. Beck (Sup.) 29.

The fact that a child 4½ years of age was allowed to play on the sidewalk, and temporarily went into the street, where it was killed by a passing truck, *held* not to constitute negligence per se on the part of the parents.—Dehmann v. Beck (Sup.) 29.

Street railway, though authorized to construct cable line, *held* liable for maintaining nuisance, where the slot was so wide that a bicycle went through.—Brown v. Metropolitan St. Ry. Co. (Sup.) 40.

Where a municipal corporation leaves a traveled road which is not a public highway in a dangerous condition by grading an intersecting street, it is negligence to fail to place barriers on the road, for which the municipality may be held liable.—Dennis v. Village of Elmira Heights (Sup.) 312.

Evidence *held* sufficient to justify a verdict against the owner of an automobile for damages caused by frightening a horse.—Mason v. West (Sup.) 478.

## HOLIDAYS.

See "Sunday."

## HOMICIDE.

Compensation of counsel assigned to defend accused, see "Attorney and Client," § 1.

## HORSE RAILROADS.

See "Street Railroads."

## HUSBAND AND WIFE.

See "Divorce"; "Dower," § 1; "Marriage."

§ 1. **Mutual rights, duties, and liabilities.**
Where the circumstances in evidence justified the inference that defendant had knowledge that his wife borrowed the money in question on the credit of his wages, the court was justified in finding that he had such knowledge, though both defendant and wife testified to the contrary.—Howe v. Finnegan (Sup.) 19.

Defendant's wife *held* to have general authority under the evidence to borrow money on credit of defendant's wages.—Howe v. Finnegan (Sup.) 19.

§ 2. **Marriage settlements.**
Complaint seeking for appointment of trustee under a marriage settlement and for an accounting by the husband *held* to state a cause of action against such husband.—Gleitsmann v. Gleitsmann (Sup.) 1007.

Complaint seeking appointment of trustee under a marriage settlement *held* to show a sufficient excuse for not making demand for its execution on the trustee named therein.—Gleitsmann v. Gleitsmann (Sup.) 1007.

## ILLEGITIMATE CHILDREN.

See "Bastards."

## IMPAIRING OBLIGATION OF CONTRACT.

See "Constitutional Law," § 3.

## IMPEACHMENT.

Of witness, see "Witnesses," § 2.

## IMPRISONMENT.

See "Arrest," § 1; "Bail," § 1; "False Imprisonment," § 1.

## IMPROVEMENTS.

On premises demised, see "Landlord and Tenant," § 4.
Public improvements, see "Municipal Corporations," § 2.

## IMPUTED NEGLIGENCE.

See "Negligence," § 2.

## INDEMNITY.

See "Principal and Surety."

## INDEMNITY INSURANCE.

See "Insurance," § 8.

## INDICTMENT AND INFORMATION.

For violation of liquor law, see "Intoxicating Liquors," § 3.

## INDORSEMENT.

Of bill of exchange or promissory note, see "Bills and Notes," § 1.

## INFANTS.

Action to set aside marriage of infant, see "Marriage,"
Custody and support on divorce of parents, see "Divorce," § 3.

§ 1. **Actions.**
Where service was had on infant defendants by publication, and time for their appearance had expired, the appointment of a guardian ad litem *held* governed by Code Civ. Proc. § 471.—Platt v. Finck (Sup.) 74.

## INFERIOR COURTS.

See "Courts," § 2.

## INFRINGEMENT.

Of trade-mark, see "Trade-Marks and Trade-Names," § 2.

## INJUNCTION.

Restraining blasting of rock as injurious to adjoining owner, see "Adjoining Landowners."
—— operation of cement works, see "Nuisance," § 1.

### § 1. Nature and grounds in general.

Injunction will not be granted where it is not shown that any substantial right of plaintiff would be injured.—Johnstown Min. Co. v. Butte & B. Consol. Min. Co. (Sup.) 257.

Continuance of trespass may be enjoined, though it interferes with disposition of city sewage at great public inconvenience.—Sammons v. City of Gloversville (Sup.) 284.

Where several persons contribute to flow of city sewage, lot owner injured thereby can enjoin each one in a separate action.—Sammons v. City of Gloversville (Sup.) 284.

The purchaser of an apartment house is enjoined from interfering with a tenant whose lease had not expired.—Proskey v. Cumberland Realty Co. (Sup.) 1125.

### § 2. Subjects of protection and relief.

An injunction restraining further prosecution of accountings of trustees ancillary to their petition for resignation and discharge, pending determination of an infant's suit against them for an accounting, held erroneously granted.—Hamilton v. Cutting (Sup.) 118.

Where defendant places iron shutters on the windows of its building, which swing over plaintiff's land, plaintiff is entitled to an injunction compelling their removal.—Crocker v. Manhattan Life Ins. Co. (Sup.) 492.

Where the lower part of defendant's building is on its own ground, but the upper part projects over plaintiff's land, an action for mandatory injunction to remove such projecting part will lie.—Crocker v. Manhattan Life Ins. Co. (Sup.) 492.

A motion to continue pendente lite an injunction which restrained the justices of the appellate division of the supreme court from appointing a commissioner of jurors must be denied.—Melody v. Goodrich (Sup.) 568.

An injunction, granted by the supreme court, enjoining the justices of the appellate division of the supreme court from making an appointment of a commissioner of jurors, held a nullity.—Melody v. Goodrich (Sup.) 568.

### § 3. Permanent injunction and other relief.

Injunction to restrain city from discharging sewage on plaintiff's land granted, not to become operative until after one year.—Sammons v. City of Gloversville (Sup.) 284.

Where, in an action for a mandatory injunction to compel the removal of defendant's wall, overhanging plaintiff's land, the defendant in its answer also prays equitable relief, the court may direct such judgment as equity requires.—Crocker v. Manhattan Life Ins. Co. (Sup.) 492.

Where plaintiff can be fully compensated in damages for defendant's wall, projecting over plaintiff's land, and the damages to defendant and its tenants by removing the wall will be greatly out of proportion to plaintiff's injury, damages should be awarded, and an injunction denied.—Crocker v. Manhattan Life Ins. Co. (Sup.) 492.

## IN PAIS.

Estoppel, see "Estoppel," § 1.

## INSOLVENCY.

See "Assignments for Benefit of Creditors"; "Bankruptcy."

## INSURANCE.

Reformation of contract of insurance, see "Reformation of Instruments," § 1.

### § 1. Insurance agents and brokers.

An insurance agent whose contract of employment is wrongfully terminated by the company held entitled to damages for prospective commissions on business he might have done if the contract had not been broken.—Stowell v. Manufacturers' & Merchants' Ins. Co. (Sup.) 80.

An agent of an insurance company held entitled to recover damages for a breach of contract with the company.—Stowell v. Manufacturers' & Merchants' Ins. Co. (Sup.) 80.

An insurance company, having retained the premiums on a policy, held chargeable with the fraud or mistake of its agent in inducing the making of the contract and acceptance of the policy.—Steinbach v. Prudential Ins. Co. (Sup.) 809.

### § 2. The contract in general.

Policy held nonseverable, and void as a whole for breach of a condition prohibiting the mortgaging of insured personalty.—Fitzgerald v. Atlanta Home Ins. Co. (Sup.) 552.

### § 3. Premiums, dues, and assessments.

Minutes of a directors' meeting of a mutual fire insurance company held not to show that assessments levied were to cover losses for which defendant's policies were liable to contribute.—Sparks v. McCreery (Sup.) 610.

Minutes of a directors' meeting of a mutual fire insurance company held not of themselves evidence of the validity of assessments levied by the directors recited thereby.—Sparks v. McCreery (Sup.) 610.

Evidence of the secretary of a mutual fire insurance company held insufficient to show a change in the by-laws authorizing the imposition of increased assessments.—Sparks v. McCreery (Sup.) 610.

## § 4. Assignment or other transfer of policy.

Assignee of life insurance policy *held* entitled to the amount due on the same as against a judgment creditor of the assured who had levied on the policy.—Columbia Bank v. Equitable Life Assur. Soc. (Sup.) 767.

## § 5. Avoidance of policy for misrepresentation, fraud, or breach of warranty or condition.

Policy *held* void for breach of a clause prohibiting the mortgaging of insured personalty, in spite of the fact that in the mortgage the personalty was described as fixtures.—Fitzgerald v. Atlanta Home Ins. Co. (Sup.) 552.

## § 6. Estoppel, waiver, or agreements affecting right to avoid or forfeit policy.

Evidence *held* to show a waiver of condition as to forfeiture of fire insurance policy by vacancy of premises.—Bear v. Atlanta Home Ins. Co. (Sup.) 581.

Evidence *held* to show waiver of condition that none but certain officers of a life insurance company could give credit for premiums.—Hewitt v. American Union Life Ins. Co. (Sup.) 1012.

## § 7. Risks and causes of loss.

Where a canal boat was sunk by striking a hidden obstruction, and before it was raised and repaired produce thereon was frozen, the sinking of the boat was the proximate cause of the damage to the produce, and an insurance thereon which did not cover damage by ice could be recovered. — Devitt v. Providence Washington Ins. Co. (Sup.) 654.

## § 8. Extent of loss and liability of insurer.

Where a cargo of produce is so damaged that the part saved sells for only one-fourth its former value, the loss is a constructive total loss, within a policy "free from any claim for damage or partial loss."—Devitt v. Providence Washington Ins. Co. (Sup.) 654.

The phrases, "free of particular average" and "free of any claim for damage or partial loss," in an insurance policy, have the same meaning, —that the underwriter is liable only for a total loss.—Devitt v. Providence Washington Ins. Co. (Sup.) 654.

Under Laws 1897, c. 557, and Laws 1886, c. 488, *held*, that an insurance policy issued in 1898, on buildings over 80 feet in height, was not rendered inoperative in respect to a clause limiting the liability of the insurer to what it would cost to repair the destroyed building with material of like kind and quality, though such material was not fireproof.—McCready v. Hartford Fire Ins. Co. (Sup.) 778.

Where an insurance policy provided that the indemnity should be the sum that it would cost the insured to repair or replace the building with material of like kind and quality, *held*, that the measure of damages was thereby fixed.—McCready v. Hartford Fire Ins. Co. (Sup.) 778.

## § 9. Notice and proof of loss.

Condition requiring insured to give immediate notice in writing of loss *held* waived.—Bear v. Atlanta Home Ins. Co. (Sup.) 581.

## § 10. Actions on policies.

Complaint in action on fire policy *held* to sufficiently plead service of proof of loss within 60 days after the fire.—National Wall-Paper Co. v. Associated Mfrs.' Mut. Fire Ins. Corp. (Sup.) 124.

A new trial in an action on a valued policy was properly granted on the ground that the verdict was excessive, where the effect of a charge given took from the jury the question as to the quantity and value of the goods actually shipped on a vessel which was abandoned in pursuance of a conspiracy to defraud the insurers.—Voisin v. Commercial Mut. Ins. Co. (Sup.) 147.

In a suit on an insurance policy limiting the liability of the insurer to the cost of repairing with material of like kind and quality, *held*, that the court did not err in refusing to instruct on what would constitute total loss. —McCready v. Hartford Fire Ins. Co. (Sup.) 778.

## § 11. Reinsurance.

A contract to assume risks of an insurance company having become void for failure of consideration, an insured was not entitled to maintain an action against the reinsurer for loss subsequently accruing.—Hoffman v. North British & Mercantile Ins. Co. of Edinburgh and London (Sup.) 106.

Reinsurer *held* liable for only a pro rata share of loss.—Home Ins. Co. of New York v. Continental Ins. Co. (Sup.) 824.

## § 12. Mutual benefit insurance.

A member of an assessment life insurance company who was required to pay an assessment in excess of the rate provided for in his certificate *held* entitled to sue for breach of contract, but not to recover assessments paid. —Keyser v. Mutual Reserve Fund Life Ass'n (Sup.) 32.

A beneficiary who had no insurable interest in the insured's life *held* not precluded from recovering by a subsequent by-law limiting beneficiaries to members of the insured's family or those dependent on him for support.— Roberts v. Grand Lodge A. O. U. W. of New York (Sup.) 57.

By-law as to changing beneficiary *held* not retroactive, or else unreasonable as to insane person.—Grossmeyer v. District No. 1, I. O. B. B. (Sup.) 393.

Where the rules as to remedies of a suspended member of a benefit insurance company are unreasonable, his right to apply to the courts for redress *held* unimpaired.—Brown v. Supreme Court I. O. F. (Sup.) 397.

Constitution of benefit insurance order construed, and *held*, that supreme court thereof could not suspend member in good standing for failure of the secretary of his lodge to make payments required by the order.—Brown v. Supreme Court I. O. F. (Sup.) 397.

A benefit order *held* liable for breach of contract by reducing the face of the benefit certificate from $5,000 to $2,000.—Langan v. American Legion of Honor (Sup.) 663.

An agreement of a member of a benefit order to comply with all laws that might thereafter be adopted, and the power reserved to change the by-laws, *held* not to authorize a change impairing the substance of the contract.—Langan v. American Legion of Honor (Sup.) 663.

The measure of damages for breach of contract by a benefit order as to the amount of the benefit certificate determined.—Langan v. American Legion of Honor (Sup.) 663.

## INTENT.

Fraudulent, see "Fraudulent Conveyances," § 1.

## INTEREST.

See "Usury."
As costs, see "Costs," § 1.
Disqualification as witness, see "Witnesses," § 1.
Element of damages, see "Damages," § 2.

## INTERLOCUTORY JUDGMENT.

Appealability, see "Appeal," § 1.

## INTERNAL REVENUE.

Absence of revenue stamp as affecting validity of deed, see "Deeds," § 1.

## INTERPLEADER.

### § 1. Right to interpleader.
Attachment levied on choses in action claimed to belong in equity to defendant in certain suits *held* not to operate through an intermediate title to create a lien on such choses in action.—Perkins v. Montgomery (Sup.) 136.

A showing of a bona fide controversy between rival claimants of a fund *held* essential to sustain a bill of interpleader.—Perkins v. Montgomery (Sup.) 136.

A warehouseman, sued for the possession of goods, *held* authorized by Code Civ. Proc. § 820, to bring in and substitute a third person, claiming the goods, as party defendant, though Laws 1895, c. 633, prohibited such actions against warehousemen.—Follett Wool Co. v. Albany Terminal Warehouse Co. (Sup.) 474.

### § 2. Proceedings and relief.
In action against a savings bank to recover a deposit, a claimant of the deposit should not be made defendant, under Banking Law, § 115, subd. 2, without showing some ground on which he may reasonably assert a claim to the fund.—Steiner v. East River Sav. Inst. (Sup.) 223.

In an action against a mutual benefit association to recover a benefit fund claimed by adverse parties, the association will not be dismissed from the action on paying the fund into court, where the documentary evidence possessed by the association must be produced on the trial.—Fanning v. Supreme Council of Catholic Mut. Ben. Ass'n (Sup.) 437.

In an action against a mutual benefit association, where adverse parties claimed the benefit fund, the association will not be dismissed as a party to the action on paying the fund into court, since the rights of the association may be fully determined as a defendant under Code Civ. Proc. § 521.—Fanning v. Supreme Council of Catholic Mut. Ben. Ass'n (Sup.) 437.

In an action against a mutual benefit association, where adverse parties claim the benefit fund, the association should not be dismissed from the case on paying into court the benefit fund, since it was a necessary party to a proper determination of the case.—Fanning v. Supreme Council of Catholic Mut. Ben. Ass'n (Sup.) 437.

A provision in the constitution of a mutual benefit association relating to the right of the association to relieve itself from liability by interpleading third parties construed not to apply to claims arising out of the alleged negligence of the association.—Fanning v. Supreme Council of Catholic Mut. Ben. Ass'n (Sup.) 437.

## INTOXICATING LIQUORS.

### § 1. Local option.
Resubmission of local option questions without notice, as provided by statute, *held* to render vote thereon a nullity.—In re Sullivan (Sup.) 374.

Laws 1900, c. 367, § 3, relating to notice of town meetings for local option election, *held* mandatory.—In re Powers (Sup.) 590.

### § 2. Licenses and taxes.
Where the testimony before a referee in proceedings to revoke a saloon license was conflicting, *held*, that the referee's decision would not be disturbed.—In re Lyman (Sup.) 822.

### § 3. Criminal prosecutions.
Evidence *held* sufficient to support a conviction for exposing or offering whisky for sale on Sunday.—People v. Clark (Sup.) 594.

The state, in a prosecution of a saloon-keeper for selling liquor on Sunday, *held* not required to negative the exceptions of the statute prohibiting persons from selling liquor on Sunday.—People v. Clark (Sup.) 594.

## ISSUES.

In civil actions, see "Pleading," § 7.
Presented for review on appeal, see "Appeal," § 3.

## JEOPARDY.

Former jeopardy bar to prosecution, see "Criminal Law," § 2.

## JOINDER.

Of causes of action, see "Action," § 1.

# JUDGES.

See "Justices of the Peace."

## § 1. Rights, powers, duties, and liabilities.

An order in foreclosure having been filed by the trial justice, it was error for such justice's successor to grant plaintiff's application to so amend the order as to determine an issue the former justice had held could not be determined in that suit.—Columbia Mut. Building & Loan Ass'n v. Mittnacht (Sup.) 1098.

# JUDGMENT.

In particular civil actions or proceedings, see "Divorce," § 4; "Ejectment," § 2; "Replevin," § 3.

—— on appeal, see "Appeal," § 7.
Review, see "Appeal."

## § 1. By default.

Defendant *held* excusable for failure to procure counsel, and entitled to an order opening an inquest and setting aside a verdict.—Tiedemann v. Dry Dock, E. B. & B. R. Co. (Sup.) 819.

Giving five instead of eight days' notice of application for judgment to defendant's attorney in an action to foreclose a mortgage *held* not to affect the title of the purchaser under the judgment.—Union Trust Co. v. Driggs (Sup.) 947.

## § 2. On trial of issues.

In an action for malicious trespass a separate verdict for one defendant *held* proper.—Layton v. McConnell (Sup.) 679.

A decree of specific performance *held* proper as embraced within the issues.—Village of Bolivar v. Bolivar Water Co. (Sup.) 750.

## § 3. Amendment, correction, and review in same court.

Correction of a judgment against an elevated railroad company for damages to property, so that the description of the property would conform to the proof, *held* a correction of a clerical mistake, within the power of the special term, under Code Civ. Proc. § 723.—Morrison v. Metropolitan El. R. Co. (Sup.) 65.

## § 4. Merger and bar of causes of action and defenses.

The dismissal of an action in the United States circuit court *held* not to bar plaintiff from obtaining relief in a subsequent action on the same cause by other stockholders in the courts of this state.—MacArdell v. Olcott (Sup.) 930; Appeal of Sillcocks, Id.

## § 5. Conclusiveness of adjudication.

A judicial determination of the ownership of certain premises is not res adjudicata as to a claimant not a party thereto.—O'Donohue v. Cronin (Sup.) 737.

# JUDICIAL NOTICE.

In civil actions, see "Evidence," § 1.

# JUDICIAL SALES.

On execution, see "Execution," § 2.

# JURISDICTION.

Appellate jurisdiction, see "Appeal," § 7.
Equitable jurisdiction, see "Equity," § 1.
Jurisdiction of particular actions or proceedings, see "Divorce," § 1; "Mandamus," § 3.
Particular courts, see "Courts."

# JURY.

Coercion of, see "Trial," § 5.
Questions for jury in civil actions, see "Trial," § 4.
Taking case or question from jury at trial, see "Trial," § 4.

## § 1. Right to trial by jury.

In a suit in equity to enforce an attorney's lien, defendant is not entitled to a jury trial.—Fenwick v. Mitchell (Sup.) 667.

## § 2. Summoning, attendance, discharge, and compensation.

The jury commissioner of Kings county is not a county officer, within the meaning of Const. art. 10, § 2; and hence Laws 1901, c. 602, authorizing the appointment thereof by justices of the supreme court, is not in conflict therewith.—In re Brenner (Sup.) 744.

# JUSTICES OF THE PEACE.

## § 1. Procedure in civil cases.

Entries in a justice docket which showed that a case was regularly called each time at the hour to which it had been adjourned, and that it was "adjourned by consent" to a certain time, are sufficient to retain jurisdiction in the justice, though they do not expressly state that the parties were present and consented.—Hardenburgh v. Fish (Sup.) 415.

Holding a case open ten minutes after the expiration of the hour for which it had been set to allow the attorney for one of the parties to appear is not an abuse of discretion, and is within the justice's authority.—Hardenburgh v. Fish (Sup.) 415.

An adjournment of a case by a justice of the peace, at plaintiff's request and against defendant's objection, made after the return day, constituted reversible error, as a case can be adjourned at plaintiff's request only on the return of the summons, under Code Civ. Proc. § 2960.—Moody v. Becker (Co. Ct.) 543.

In an action before a justice of the peace, *held*, that the defendant had not waived its objection to the jurisdiction of the court by the cross-examination of plaintiff's witness.—Moody v. Becker (Co. Ct.) 543.

## § 2. Review of proceedings.

Prior to the amendment of Code Civ. Proc. § 3063, by Laws 1900, c. 553, a county court could not reverse a judgment of a justice or municipal court, as against the weight of evidence, if there was any disputed question of fact.—Mason v. West (Sup.) 478.

## LANDLORD AND TENANT.

### § 1. Creation and existence of the relation.

An oral agreement between a mother, who owns a house, and a daughter and her husband, by which the latter are to remain in the house and board the mother and keep the house in repair during the pleasure of the mother, does not create the relation of landlord and tenant, which will enable the mother to maintain summary proceedings to recover possession of the house.—Schreiber v. Goldsmith (Sup.) 236.

### § 2. Leases and agreements in general.

Where a lease provides for surrender on payment of a certain sum and notice, a tenant who vacates on such a notice may recover the sum, though he retains possession a few days longer than the date fixed in the notice.—Dierig v. Callahan (Sup.) 210.

### § 3. Terms for years.

Where a lease provides for forfeiture if assigned without the written consent of the lessor, and there is evidence of an oral waiver of the condition, the question should be submitted to the jury.—Dierig v. Callahan (Sup.) 210.

Where a lease provides for forfeiture if assigned without the written consent of the lessor, an assignment without such consent is nevertheless effectual, unless avoided by the lessor's re-entry.—Dierig v. Callahan (Sup.) 210.

A tenant holding property under a lease of 11 months becomes liable for another term of the same length on holding over.—Ketcham v. Ochs (Sup.) 268.

Tenant giving up premises held not made liable for another term of the same length, where chattel mortgagee of his subtenant retained possession for some 15 days after the expiration of the lease.—Ketcham v. Ochs (Sup.) 268.

Under the provisions of a lease, held, that there was no assignment pro tanto, but that the tenant was sublessee, and hence not entitled to redeem, under Code Civ. Proc. § 2256.—Koppel v. Tilyou (Mun. Ct.) 910.

### § 4. Premises, and enjoyment and use thereof.

Partial compliance of landlord with tenant's demand for repairs held not to create a contract to repair.—Watson v. Almirall (Sup.) 662.

The presumption that a landlord is liable for repairs ordered by the tenant does not arise from the mere fact of ownership or by his boarding with the tenant.—Read v. Bolger (Sup.) 757.

The declaration of a tenant that the landlord will pay bill for repairs is not sufficient to render the latter liable therefor.—Read v. Bolger (Sup.) 757.

Evidence held not sufficient to establish liability of a landlord for improvements made on the rented premises by order of the tenant.—Read v. Bolger (Sup.) 757.

A landlord, who sues his tenant for a breach of covenants binding the tenant to do certain repairing, may show the work done to repair damages caused by the negligence of the tenant.—Stern v. Brauer (Sup.) 832.

### § 5. Rent and advances.

Bad condition of leased premises held no defense to an action for rent.—Watson v. Almirall (Sup.) 662.

### § 6. Re-entry and recovery of possession by landlord.

The fact that a landlord has conveyed the premises occupied by a tenant to the latter, subject to the life estate of the landlord, held not to devest the New York municipal court of jurisdiction of a summary proceeding to remove the tenant.—Schreiber v. Goldsmith (Sup.) 236.

## LAPSE.

Of legacy, see "Wills," § 4.

## LARCENY.

### § 1. Prosecution and punishment.

Evidence held not sufficient to support a conviction for larceny.—People v. Cahill (Sup.) 849.

## LAW OF THE ROAD.

See "Highways," § 2.

## LEASES.

See "Landlord and Tenant."

## LEGITIMACY.

See "Bastards," § 1.

## LETTERS.

Admissibility of letters in evidence in criminal prosecution, see "Criminal Law," § 5.

## LIBEL AND SLANDER.

### § 1. Words and acts actionable, and liability therefor.

Newspaper article, charging that defendant, in company with a married woman, was confronted by her husband, and that the woman shot her husband in the altercation which ensued, held libelous per se.—D'Andreas v. New York Press Co. (Sup.) 759.

Statement that a certain newspaper for which plaintiff was soliciting was not a daily paper, within the meaning of the law relating to the publication of legal notices, held not slanderous per se.—Le Massena v. Storm (Sup.) 882.

### § 2. Privileged communications, and malice therein.

Statements in affidavit in proceedings to remove testamentary trustee held privileged, so that affiant was not liable therefor in an action for libel.—Beggs v. McCrea (Sup.) 864.

The fact that a party makes an affidavit voluntarily does not render the communication less privileged in action for libel.—Beggs v. McCrea (Sup.) 864.

Statement of affiant in proceedings to remove testamentary trustee *held* not irrelevant, so as to destroy affiant's privilege as a witness and make him liable for libel.—Beggs v. McCrea (Sup.) 864.

**§ 3. Actions.**
Verdict allowing compensatory damages for libel set aside as against public policy.—O'Connor v. Press Pub. Co. (Sup.) 367.

Defendant in a suit for libel cannot deny in an amended answer that it published the newspaper in which the alleged libelous statement appeared.—Canale v. Press Pub. Co. (Sup.) 450.

Defendant in a suit for libel *held* entitled to be permitted to file an amended answer pleading justification.—Canale v. Press Pub. Co. (Sup.) 450.

Though a newspaper article was not libelous per se, its libelous character *held* for the jury, and hence it was error for the court to dismiss the complaint.—D'Andreas v. New York Press Co. (Sup.) 759.

Under a general averment that defendant uttered a slander in New York in the presence of divers persons, on a general denial by defendant, he was entitled to a bill of particulars stating more accurately the place where the words were uttered and the name of a person present.—Rowe v. Washburne (Sup.) 868.

Where a complaint in an action for slander alleged that plaintiff was damaged in certain particulars, he was not entitled to recover on evidence that his business had been injured generally.—Le Massena v. Storm (Sup.) 882.

## LICENSES.

For sale of intoxicating liquors, see "Intoxicating Liquors," § 2.

## LIENS.

Particular classes of liens, see "Attorney and Client," § 1; "Mechanics' Liens."
Mortgage, see "Mortgages," § 2.

## LIFE ESTATES.

See "Dower," § 1.

## LIMITATION OF ACTIONS.

**§ 1. Computation of period of limitation.**
Under Code Civ. Proc. § 384, an action for an alleged libel which was commenced more than two years after publication thereof *held* barred, notwithstanding an action had been begun for the same libel in the circuit court of the United States within the prescribed two years and dismissed for want of jurisdiction.—Solomon v. Bennett (Sup.) 856.

## LIQUOR SELLING.

See "Intoxicating Liquors."

## LIVE STOCK.

Injuries from operation of railroads, see "Railroads," § 2.

## LOAN COMPANIES.

See "Building and Loan Associations."

## LOCAL OPTION.

See "Elections," § 1.
Traffic in intoxicating liquors, see "Intoxicating Liquors," § 1.

## LOST INSTRUMENTS.

Probate or establishment of lost wills, see "Wills," § 2.

## MACHINERY.

Liability of employer for defects, see "Master and Servant," § 2.

## MALICIOUS PROSECUTION.

See "False Imprisonment," § 1.

**§ 1. Want of probable cause.**
Conviction before a justice is but prima facie evidence of probable cause.—Nicholson v. Sternberg (Sup.) 212.

**§ 2. Actions.**
In action for malicious prosecution for having obtained hotel accommodations and absconded, evidence as to the intent of plaintiff in leaving the hotel *held* admissible.—Nicholson v. Sternberg (Sup.) 212.

Treatment that plaintiff was subjected to while at penitentiary between time of conviction by a justice of the peace and his appeal may be shown in action for malicious prosecution.—Nicholson v. Sternberg (Sup.) 212.

Allegations, in action for malicious prosecution, of publication by a newspaper of the charge and arrest, are irrelevant.—Haughie v. New York & N. J. Tel. Co. (Sup.) 584.

## MALPRACTICE.

See "Physicians and Surgeons."

## MANDAMUS.

To compel appointment to municipal office, see "Municipal Corporations," § 1.

**§ 1. Nature and grounds in general.**
Relator *held* not entitled to a peremptory writ of mandamus compelling the payment of his claim against a city; there being a reasonable

doubt as to relator's right to recover.—People v. Coler (Sup.) 482.

Where a railway company, after maintaining six culverts for relator's use for 50 years, closed four of them, the remedy at law *held* inadequate; and hence relator was entitled to maintain mandamus to compel a restoration of the culverts.—People v. New York Cent. & H. R. R. Co. (Sup.) 684.

**§ 2. Subjects and purposes of relief.**

Relator *held* not entitled to peremptory writ of mandamus, where he had made no request that respondent should perform the action sought to be enforced by the writ.—People v. Welde (Sup.) 869.

**§ 3. Jurisdiction, proceedings, and relief.**

Common councilman *held* guilty of contempt.—People v. Brice (Sup.) 346.

An application for mandamus to compel reinstatement to an office, filed 18 months after removal from the office, *held* properly denied because of the relator's laches.—Murphy v. Keller (Sup.) 405.

The special term of the supreme court *held* authorized to allow an amendment of an alternative writ of mandamus after the original writ had been denied by the trial court and the order affirmed on appeal.—People v. Clausen (Sup.) 417.

An objection that a mandamus proceeding is barred by the statute of limitations cannot be raised for the first time on appeal.—People v. Grant (Sup.) 504.

Delay of 13 years before making application for perfection of title under sheriff's sale *held* not such laches as would defeat plaintiff's rights.—People v. Grant (Sup.) 504.

A relator, and not the attorney general, *held* entitled, under the evidence, to maintain mandamus to compel the railway company to restore culverts which the company had closed.—People v. New York Cent. & H. R. R. Co. (Sup.) 684.

Where an application for mandamus is submitted on the petition and opposing affidavits, the affidavits will be assumed to be true, and, if there is serious controversy as to the facts, the writ should be denied.—Blust v. Collier (Sup.) 774.

Where a petition for mandamus contains immaterial averments, a denial of such averments is not ground for refusing the writ; no material averments being denied.—Stutzbach v. Coler (Sup.) 901.

A petition showing that relator was an honorably discharged soldier, holding an appointive office when he was removed by the comptroller of New York without a hearing or charges preferred, and that others not veterans were retained in the same position, and that he furnished proof that he was a veteran to the comptroller and demanded reinstatement, is sufficient to justify a writ of mandamus requiring relator's reinstatement.—Stutzbach v. Coler (Sup.) 901.

# MANDATE.

See "Mandamus."

# MARINE INSURANCE.

See "Insurance," §§ 7, 8.

# MARRIAGE.

See "Divorce"; "Husband and Wife."

The marriage of an American woman to a citizen of the Argentine Republic in France, void both in France and in such republic, *held* invalid.—In re Hall (Sup.) 406.

Where a marriage ceremony was performed without complying with the Civil Code of France, though civil rights attached, no marriage status was created.—In re Hall (Sup.) 406.

Under Code, §§ 1750, 448, an action by a parent to annul the marriage of a minor son cannot be maintained without making the son a party to the action.—Fero v. Fero (Sup.) 742.

Marriage *held* procured by fraud, within Code Civ. Proc. § 1743, subd. 4, so as to authorize its annulment.—Di Lorenzo v. Di Lorenzo (Sup.) 1012.

# MARRIAGE SETTLEMENTS.

See "Husband and Wife," § 2.

# MARRIED WOMEN.

See "Husband and Wife."

# MARSHALING ASSETS AND SECURITIES.

A first mortgagee will not be compelled to first resort to property covered by his mortgage only, unless the second mortgagee shows that the property covered by both is not adequate security for both, or that the first mortgage is amply secured by property not included in the second mortgage.—New York Co-op. Building & Loan Ass'n v. Brennan (Sup.) 916.

# MASTER AND SERVANT.

See "Work and Labor."

Employés of municipal corporations, see "Municipal Corporations," § 1.

**§ 1. The relation.**

Burden of proof that defendant had not properly discharged its agent, or that it should have been satisfied with his services, *held* on the agent.—Zeiss v. American Wringer Co. (Sup.) 1110.

Evidence of the terms of a contract between a master and employés other than plaintiff *held* inadmissible in an action by a servant against the master for a breach of a contract of employment.—Shaff v. Schlachetzky (Sup.) 1133.

## § 2. Master's liability for injuries to servant.

Evidence in an action for injuries sustained by a servant by being struck by a brick while at work on a building in process of construction *held* to present a question for the jury as to whether defendant had furnished a safe place for the servant to work.—Witkowski v. George W. Carter & Sons Co. (Sup.) 232.

Whether a servant assumed the risk of being struck by falling material while engaged in constructing a building *held* a question for the jury.—Witkowski v. George W. Carter & Sons Co. (Sup.) 232.

The fact that a servant engaged to dig sand went to another place in the cellar of the building to sift sand at the request of another servant, where he was injured by falling brick, *held* not to preclude his recovery for the injuries caused by his master's failure to protect the servant from falling material.—Witkowski v. George W. Carter & Sons Co. (Sup.) 232.

Employé *held* entitled to recover against his employer for injuries caused by defect in machinery.—McAleer v. Walter (Sup.) 335.

Evidence that a boy 12 years old was wrongfully directed by his master to work in his factory in violation of Laws 1897, c. 415, § 70, and that he was injured therein, *held* to make a jury case against the master.—Marino v. Lehmaier (Sup.) 790.

The fact that a messenger boy was directed by his master to work in his factory in violation of Laws 1897, c. 415, § 70, and that he continued to work therein, *held* not to be a waiver of the protection of the statute as a matter of law, which would relieve the master from liability for an injury to the boy.—Marino v. Lehmaier (Sup.) 790.

Where defendant turned steam into new pipes in an addition to its mill before the pipes were in proper condition to receive steam, whereby an explosion occurred, killing plaintiff's intestate, an employé, it was guilty of negligence in failing to furnish such employé a reasonably safe place in which to work.—Meeker v. C. R. Remington & Son Co. (Sup.) 1070.

Under the facts, an employé *held* to have assumed the risk, and hence could not recover in an action for damages for injuries sustained.—Thompson v. Cary Mfg. Co. (Sup.) 1086.

## MASTERS OF VESSELS.

See "Shipping," § 2.

## MECHANICS' LIENS.

### § 1. Right to lien.

Facts *held* to show that certain defects in painting were due to poor materials and bad workmanship, so that the workman was not entitled to foreclose a mechanic's lien.—King v. Moore (Sup.) 6.

### § 2. Proceedings to perfect.

Claim for mechanic's lien *held* filed too late. —Cody v. White (Sup.) 589.

Evidence *held* not to show notice of a mechanic's lien filed within 90 days of the furnishing of the last item of material or the completion of the work, as required by Laws 1897, c. 418. —Mathiasen v. Barkin (Sup.) 770.

### § 3. Enforcement.

Where right to lien is not sustained in an action therefor, plaintiffs *held* entitled to no personal judgment.—Cody v. White (Sup.) 589.

## MEMORANDA.

Required by statute of frauds, see "Frauds, Statute of," § 2.

## MERGER.

Of cause of action in judgment, see "Judgment," § 4.

## MINORS.

See "Infants."

## MORTGAGES.

See "Marshaling Assets."
Right of mortgagor to appeal from decree of foreclosure after failure to answer, see "Appeal," § 2.

### § 1. Requisites and validity.

Mortgage *held* to be void because procured by fraud.—Roscoe v. Safford (Sup.) 309.

Where a deed absolute in form is intended as a mortgage, such intent may be shown by parol extrinsic facts, and, when shown, effect will be given to the intent.—Farmers' & Merchants' Bank v. Smith (Sup.) 536.

Evidence, to establish an oral defeasance to a deed absolute in form, must be clear and conclusive.—Farmers' & Merchants' Bank v. Smith (Sup.) 536.

Where a creditor receives deeds from his debtor, and on rediscounting the debtor's notes states that the debt is secured by mortgage on all the debtor's land, but has no mortgage other than such deeds, and the debtor remains in possession and thereafter improves the land, the deeds should be found to be mortgages and foreclosed as such.—Farmers' & Merchants' Bank v. Smith (Sup.) 536.

### § 2. Construction and operation.

A second mortgage, given in renewal of an existing second mortgage, to enable the mortgagor to make a first mortgage loan. *held* junior to a building and loan first mortgage as to principal and interest, but not as to other charges, as dues, fines, penalties, etc., secured by the latter.—New York Co-op. Building & Loan Ass'n v. Brennan (Sup.) 916.

### § 3. Assignment of mortgage or debt.

Evidence *held* not sufficient to show that the purchasers of a mortgage knew that it was not valid, and hence did not defeat their rights as innocent purchasers.—Verity v. Sternberger (Sup.) 894.

Innocent purchaser of mortgage *held* entitled to enforce it only for the amount paid for it by him.—Verity v. Sternberger (Sup.) 894.

§ 4. **Foreclosure by action.**

A purchaser at a mortgage foreclosure sale, moving to be relieved of his bid on the ground of a defect in the title, *held* not to show himself entitled to relief by merely stating that a quitclaim deed of the property, executed by two persons, was defective in its execution by one, without showing such person had some title.—Platt v. Finck (Sup.) 74.

A mortgagee, having elected to declare the whole principal due on default in payment of an installment of the mortgage debt, as authorized by the mortgage, need not discontinue an action to foreclose on tender of the overdue installment, with interest and taxable costs to the time of the tender.—Rosche v. Kosmowski (Sup.) 216.

The owner of a mortgage was not estopped from foreclosing by writing to a stranger that it would be satisfactory if payment of an overdue installment of the debt was made at a named future date.—Rosche v. Kosmowski (Sup.) 216.

Costs of a reference to determine second mortgagee's right to surplus as against judgment creditors of mortgagor, in which such mortgagee was defeated, *held* taxable to such mortgagee.—Bemus v. Thrall (Sup.) 463.

A purchaser of property at foreclosure *held* not entitled to relief because of notice that chattels connected therewith retained their character as movables by reason of their conditional sale to the owner of the equity of redemption.—Murphy v. Smith (Sup.) 786.

The issue as to the right of a second mortgagee to compel a first mortgagee to first resort to property covered only by the first mortgage cannot be raised by a counterclaim filed in a suit to foreclose.—New York Co-op. Building & Loan Ass'n v. Brennan (Sup.) 916.

In an action to foreclose, the judgment is not irregular because plaintiff procured the appointment of a guardian ad litem for a defendant who had appeared, even if he was an adult.—Union Trust Co. v. Driggs (Sup.) 947.

The purchaser at foreclosure sale is not entitled to possession until his purchase is completed.—Union Trust Co. v. Driggs (Sup.) 947.

## MOTIONS.

Change of venue in civil actions, see "Venue," § 2.

Relating to pleadings, see "Pleading," § 6.

Under supreme court rule 3, an order setting a motion "upon all pleadings and proceedings in this action" is defective.—Southack v. Central Trust Co. of New York (Sup.) 334.

## MUNICIPAL CORPORATIONS.

See "Towns."

Street railroads, see "Street Railroads."

Water supply, see "Waters and Water Courses," § 3.

§ 1. **Officers, agents, and employés.**

The contention that relator was entitled as a veteran to a peremptory writ of mandamus to require his reinstatement as janitor of a village building, because he was merely an employé without a fixed term, *held* not sustainable under the evidence.—Curran v. Board of Trustees of Village of Albion (Sup.) 21.

On a proceeding to remove a janitor for incompetency, it was error to refuse to allow him to answer a question whether he was furnished sufficient help to properly clean the building.—People v. Dooling (Sup.) 26.

On hearing of charges against a janitor for incompetency, evidence *held* insufficient to establish the prosecutor's burden of proof and to entitle the janitor to reinstatement on certiorari from an order removing him.—People v. Dooling (Sup.) 26.

On hearing of charges against a janitor for incompetency, it was error to refuse to allow him to answer a question whether the building was in fact clean during the time complained of.—People v. Dooling (Sup.) 26.

On hearing of charges against a janitor for incompetency, it was error to refuse to allow him to prove that the charges were not made in good faith.—People v. Dooling (Sup.) 26.

Laws 1870, c. 385, establishing eight hours as a legal day's work, applies to drivers in the street-cleaning department of New York City.—McNulty v. City of New York (Sup.) 133.

Evidence *held* to sustain a referee's finding that certain services to a city street-cleaning department were rendered under circumstances authorizing an expectation of compensation, creating a liability against the city.—McNulty v. City of New York (Sup.) 133.

Drivers in the street-cleaning department of New York City *held* laborers, within Laws 1870, c. 385.—McNulty v. City of New York (Sup.) 133.

A doorman of the former park police force of New York, receiving salary of $2 per day, *held* not entitled, under Laws 1897, c. 378, § 299, to increase to $1,000 during the first year of service after consolidation.—Martin v. City of New York (Sup.) 379.

Under New York City Charter, § 1536, the commissioners of public health, after taking office, could remove the superintendent of hospitals without cause.—Murphy v. Keller (Sup.) 405.

Municipal appointee *held* guilty of laches in not sooner commencing proceedings to be reinstated in an office from which he had been illegally dismissed.—People v. Guilfoyle (Sup.) 442.

Relator *held* properly removed from his position as inspector of buildings of the city of New York.—People v. Brady (Sup.) 823.

Under Civil Service Law (Laws 1899, c. 370) § 20, giving honorably discharged soldiers the preference in civil service appointments, mandamus would not lie to compel the appointment of such soldier, who had failed to pass the examination and therefore was not on a list

..gible to appointment.—Allaire v. Knox (Sup.) 845.

Under Civil Service Law (Laws 1899, c. 370) §§ 13, 15, 18, and under Civil Service Rule 82, mandamus will not lie, by an applicant for position of police inspector who failed to pass the physical examination, to compel the medical examiner to cancel his report on the ground that it was false.—Allaire v. Knox (Sup.) 845.

Where it is necessary for the comptroller of the city of New York to discharge certain clerks because of insufficient appropriation, he may remove an honorably discharged soldier who is the least efficient of the clerks, if he is not known to be a veteran by the comptroller.—Stutzbach v. Coler (Sup.) 901.

Where the comptroller of the city of New York discharged a clerk who is an honorably discharged soldier, on grounds of economy, without knowing that he is a veteran, such clerk is entitled to reinstatement on bringing knowledge of such fact to the comptroller.—Stutzbach v. Coler (Sup.) 901.

Under Const. art. 5, § 9, and Laws 1899, c. 370, an honorably discharged soldier is not only entitled to preference to employment in the public service, but also to retention in such employment so long as the position continues, unless incompetent or discharged for cause.—Stutzbach v. Coler (Sup.) 901.

Under Greater New York Charter, § 1543, a mere employé of the city may be removed without being afforded an opportunity to make an explanation.—People v. Kane (Sup.) 982.

Greater New York Charter, § 1543, authorizing the heads of departments to remove all chiefs of bureaus and clerks and officers in their respective departments, held not repealed by Laws 1898, c. 186, providing that a person removed from position subject to competitive examination shall have an opportunity to make an explanation and that the reasons of his removal should be filed in the department.—People v. Scannell (Sup.) 983.

Rule 42 of the state civil service commission, declaring that no removal of any person in the classified service in the city of New York shall be valid, unless a statement of cause of removal shall be filed with the municipal commission and a copy furnished the person sought to be removed, held unconstitutional, as violating Const. art. 10, § 3, giving the appointing power authority to remove.—People v. Scannell (Sup.) 983.

Under Greater New York Charter, § 1543, the removal of a hose repairer in the fire department was not invalid, because he was not given an opportunity to make an explanation and the reasons for his removal were not filed in the department.—People v. Scannell (Sup.) 983.

Order retiring veteran from the fire department held invalid, under Laws 1897, c. 378, § 790.—People v. Scannell (Sup.) 1042.

§ 2. Public improvements.

The decision of the superintendent of school buildings that plaintiffs were not proceeding

70 N.Y.S.—75

with the erection of a school building in accordance with their contract held conclusive on plaintiffs' sureties.—Jones v. City of New York (Sup.) 46.

An offer of the board of education to allow plaintiffs to continue the erection of a school building after the forfeiture of their contract held not to constitute a waiver of the forfeiture, where the offer was not accepted.—Jones v. City of New York (Sup.) 46.

A request by a contractor's sureties, after the forfeiture of the contract, that a certain person be allowed to complete the work, held not to constitute an offer by them to complete it.—Jones v. City of New York (Sup.) 46.

Superintendent of school buildings held justified in deciding that plaintiffs were not proceeding with the erection of a school building in accordance with the terms of their contract.—Jones v. City of New York (Sup.) 46.

. Where plaintiffs agreed that the superintendent of school buildings should decide all disputes in regard to their contract for the erection of a school building, the fact that the superintendent intrusted the inspection of the work to subordinates, who reported to him, did not prevent the board of education from relying on his decision.—Jones v. City of New York (Sup.) 46.

The decision of the superintendent of school buildings that plaintiffs were not proceeding with the erection of a school building in accordance with the terms of the contract held conclusive on the parties.—Jones v. City of New York (Sup.) 46.

Under Laws 1897, c. 418, as amended by Laws 1898, c. 169, § 2, laborers on public works have priority of lien.—McDonald v. Village of Ballston Spa (Sup.) 279.

Assignment of fund due for public improvement will be presumed, in the absence of proof to the contrary, to be filed later than notice of laborer's lien dated the same day.—McDonald v. Village of Ballston Spa (Sup.) 279.

The contention that plaintiff, who contracted to build a sewer for the defendant city, was entitled to damages on the ground that the specifications as drawn were impracticable, and that delay was caused by the necessity of passing an ordinance to remedy defects in the specifications, held not sustainable under the evidence.—Jones v. City of New York (Sup.) 296.

The contention that plaintiff was entitled to damages for a delay occasioned by defective specifications for a sewer which plaintiff contracted to build for the defendant city held not sustainable.—Jones v. City of New York (Sup.) 296.

Plaintiff held not entitled under the evidence to damages for a delay alleged to have been occasioned by the refusal of the city engineer to consent to plaintiff's driving piles for the foundation of a sewer which plaintiff was constructing for the city.—Jones v. City of New York (Sup.) 296.

Defendant city held not liable under the evidence for an alleged negligent and dilatory per-

formance of its duty in securing the removal of railway tracks preparatory to building a sewer. —Jones v. City of New York (Sup.) 296.

Where a contract for building a sewer provided that the board of park commissioners might deduct the inspectors' wages from any amount due plaintiff after the time specified for completing the contract, the board were entitled to determine the amount of overtime.—Jones v. City of New York (Sup.) 296.

Where plaintiff executed a release for certain payments made, to him on a contract for constructing a sewer, but reserved the right to object to reductions made by the city engineer for plaintiff's failure to complete the contract within a specified time, the burden of proving that such reductions were proper was on the city.— Jones v. City of New York (Sup.) 296.

Where plaintiff, who was constructing a sewer for defendant city, accepted his payments without disputing his liability for certain reductions made by the city engineer under contract, plaintiff was precluded from subsequently contending that the reductions were improperly made.—Jones v. City of New York (Sup.) 296.

Award of commissioners of estimate and assessments on opening of street will not be disturbed, except for error in law or a clear abuse of discretion.—In re East 182d St. (Sup.) 373.

Paving contractor held to have waived his right to proceed against the municipality for extra compensation by accepting engineer's certificate of the completion of the work and receiving payment thereunder.—Gearty v. City of New York (Sup.) 942.

Release executed by paving contractor held a defense to an action to recover for extra work alleged to have been done outside the terms of the contract.—Gearty v. City of New York (Sup.) 942.

A paving contractor held not entitled to recover for a deduction for overtime according to the terms of the contract, in the absence of a demand on the board, who were the judges of the time which the work was delayed, to have such overtime removed.—Gearty v. City of New York (Sup.) 942.

Facts held not to show a demand by paving contractor on board of supervision to have deductions for overtime removed by them.—Gearty v. City of New York (Sup.) 942.

Where commissioners of estimate and assessment have not been given power under Laws 1895, c. 1006, to award damages for closing a street, the owner must obtain damages by proceeding as authorized under the act.—In re Grant Ave. (Sup.) 1045.

Right of commissioners of estimate and apportionment, in assessing owner's benefit after awarding him damages for change of grade, to consider benefits derived from fronting on a continuous thoroughfare, determined.—In re Grant Ave. (Sup.) 1045.

Report of commissioners of estimate and assessment on the opening of a proposed avenue will be sent back, where excess of costs of

land taken and land damages have been unequally assessed.—In re Grant Ave. (Sup.) 1045.

**§ 3.   Torts.**

Where plaintiff's health was injured through failure of a city to properly construct and keep in repair its sewer system, the city was liable for such injury.—Munn v. City of Hudson (Sup.) 525.

Where a city failed to use reasonable care in constructing a sewer and in keeping it in repair thereafter, injuring plaintiff's property and goods, the city was liable.—Munn v. City of Hudson (Sup.) 525.

Facts held to show plaintiff guilty of contributory negligence in an action for injuries from a defective sidewalk.—Williams v. Village of Port Leyden (Sup.) 1100.

**§ 4.   Fiscal   management,   public   debt, securities, and taxation.**

Town bonds held void and unenforceable in the hands of bona fide holder from the original purchaser, because of not having been sold for cash at par as directed by Laws 1892, c. 493, § 6.—Citizens' Sav. Bank v. Town of Greenburgh (Sup.) 68.

**§ 5.   Actions.**

Under Village Laws, § 159 (Laws 1897, c. 414), the fact that petitioner filed a claim for damages for change of street grade prematurely did not prevent his filing a new claim at the proper time.—Phipps v. Village of North Pelham (Sup.) 630.

Under Village Laws, § 159 (Laws 1897, c. 414), held, that a claim for damages for change of street grade should be filed within 60 days from the completed, and not partial, change.— Phipps v. Village of North Pelham (Sup.) 630.

# MUTUAL INSURANCE.

See "Insurance," § 12.

# NAMES.

See "Trade-Marks and Trade-Names."

# NAVIGABLE WATERS.

See "Waters and Water Courses."

# NEGLIGENCE.

By particular classes of parties, see "Carriers," § 1; "Municipal Corporations," § 3.
Condition or use of particular species of property, works, or machinery, see "Bridges," § 2; "Electricity"; "Highways," § 2; "Railroads," § 2; "Street Railroads," § 2.
In production, supply, and use of gas, see "Gas."
Of employers, see "Master and Servant," § 2.
Of railroad companies, see "Railroads," § 2.
Of servant, see "Master and Servant," § 2.

**§ 1.   Acts   or   omissions   constituting negligence.**

Facts held sufficient to justify the jury in the finding that a freight elevator was not

properly constructed.—Grifhahn v. Kreizer (Sup.) 973.

**§ 2. Contributory negligence.**
The negligence of a child's parents in permitting it to play in the street *held* not imputable to the child.—Dehmann v. Beck (Sup.) 29.

Verdict for plaintiff in action for injuries by being run over *held* sustained by the evidence.—Lacs v. James Everard's Breweries (Sup.) 672.

The presumption that the owner of a freight elevator was free from negligence, because the same had been operated for some time without accident, *held* not to arise when there was proof from which the jury might have found that the elevator was not properly constructed.—Grifhahn v. Kreizer (Sup.) 973.

# NEGOTIABLE INSTRUMENTS.

See "Bills and Notes."

# NEW TRIAL.

In action on insurance policy, see "Insurance," § 10.

**§ 1. Grounds.**
Where a case is submitted on an incorrect theory of the law, and the jury finds a verdict based on that theory, it should be set aside.—Voisin v. Commercial Mut. Ins. Co. (Sup.) 147.

In an action for personal injuries, verdict for nominal damages, where substantial injuries were received, will be set aside.—Aherne v. Plate (Sup.) 254.

Evidence in action against street-railway company for injuries to plaintiff *held* insufficient to sustain a verdict for plaintiff.—Chavias v. Dry Dock, E. B. & B. R. Co. (Sup.) 1014.

# NOMINAL DAMAGES.

See "Damages," § 1.

# NOTES.

Promissory notes, see "Bills and Notes."

# NOTICE.

Of particular facts, acts, or proceedings, see "Elections," § 1; "Trial," § 1.
—— action or process, see "Process," § 2.
—— loss insured against, see "Insurance," § 9.
To agent, see "Principal and Agent," § 1.

# NUISANCE.

**§ 1. Private nuisances.**
Injunction *held* not to lie to restrain the operation of cement works as a nuisance.—Roscoe Lumber Co. v. Standard Silica Cement Co. (Sup.) 1130.

# OBLIGATION OF CONTRACT.

Laws impairing, see "Constitutional Law," § 3.

# OBSTRUCTIONS.

Of highways, see "Highways," § 2.
Of water course, see "Waters and Water Courses," § 1.

# OFFER.

Proposals for contract, see "Contracts," § 1.

# OFFICERS.

Injunctions affecting, see "Injunction," § 2.
Mandamus, see "Mandamus," § 2.
Particular classes of officers, see "District and Prosecuting Attorneys"; "Judges"; "Justices of the Peace"; "Receivers," § 1; "Sheriffs and Constables."
—— bank officers, see "Banks and Banking," § 1.
—— corporate officers, see "Corporations," § 1.
—— municipal officers, see "Municipal Corporations," § 1.
—— poor-law officers, see "Paupers," § 1.

**§ 1. Appointment, qualification, and tenure.**
A civil service rule, in so far as it undertakes to repeal a statute, is of no force or effect.—People v. Kane (Sup.) 982.

**§ 2. Title to and possession of office.**
The title to an office will not be determined in the summary proceedings authorized by Code Civ. Proc. § 2471a, unless the undisputed facts show that the appointment of the person claiming the books, etc., was void.—In re Brenner (Sup.) 744.

# OPENING.

Judgment, see "Judgment," § 1.

# OPINION EVIDENCE.

In civil actions, see "Evidence," § 8.

# ORDERS.

Of court, see "Motions."
Review of appealable orders, see "Appeal."

# PARENT AND CHILD.

See "Bastards"; "Infants."
Custody of children on divorce, see "Divorce," § 3.

# PAROL EVIDENCE.

In civil actions, see "Evidence," § 7.

# PARTICULARS.

Bill of, see "Pleading," § 5.

# PARTIES.

Competency as witnesses, see "Witnesses," § 1.
Death as ground for abatement, see "Abatement and Revival," § 1.
Domicile or residence as affecting venue, see "Venue," § 1.

In particular actions or proceedings, see "Eject-
ment," § 1; "Judgment," § 2; "Trover and
Conversion," § 2.
—— criminal prosecutions, see "Criminal
Law," § 1.
—— on appeal, see "Appeal," § 2.
Interpleading, see "Interpleader."
Persons concluded by judgment, see "Judg-
ment," § 5.
To contracts, see "Contracts," § 1; "Usury,"
§ 1.

§ 1. New parties and change of parties.
Where stockholders in a corporation ac-
quiesced in the conduct of a suit by other
stockholders until their own right to maintain
an action was barred by the statute of limita-
tions, they were not entitled to be joined as
parties plaintiff.—MacArdell v. Olcott (Sup.)
930; Appeal of Sillcocks, Id.

§ 2. Defects, objections, and amend-
ment.
Where an insurance company fails to answer
or demur on the ground that the executor of
the insured was not a party, it waives the
defect.—Steinbach v. Prudential Ins. Co. (Sup.)
809.

## PARTITION.

§ 1. Actions for partition.
Under Code Civ. Proc. § 1532, a tenant in
common may maintain partition against a co-
owner who is in exclusive and adverse posses-
sion of the common property.—Drake v. Drake
(Sup.) 163.

Under Code Civ. Proc. §§ 448, 1543, the va-
lidity of a deed under which a defendant in
partition claims to own the land in severalty
may be determined in a partition suit insti-
tuted by one who is a co-owner.—Drake v.
Drake (Sup.) 163.

Where a verdict in a partition suit is certi-
fied by the clerk of the trial term to the special
term, an application may be made on such ver-
dict for an interlocutory judgment, as provided
by Code, § 546, and a judgment may be entered
as the facts of the case may warrant.—South-
ack v. Central Trust Co. (Sup.) 1122.

Where undivided share of tenant in common
who died intestate was sold, and proceeds paid
to surrogate court, on petition to sell his prop-
erty to pay debts, the court must determine the
liens of the creditors on such money.—In re
Dusenbury's Estate (Sur.) 725.

Certificate of surrogate held necessary, under
Code Civ. Proc. § 1538, as amended in 1897,
before distribution of the fund in the supreme
court arising from partition of an estate in
which decedent was a co-tenant.—In re Dusen-
bury's Estate (Sur.) 725.

## PARTNERSHIP.

§ 1. The relation.
Declarations of an alleged partner, in the
absence of the person claimed to be his part-
ner, held not sufficient proof of the partner-
ship to render the latter liable to third par-
ties.—Mathiasen v. Barkin (Sup.) 770.

§ 2. Mutual rights, duties, and liabili-
ties of partners.
Where one partner makes an express agree-
ment to repay his share of certain expenses
paid by his co-partner, the latter may maintain
an action at law thereon.—Farmer v. Putnam
(Sup.) 179.

§ 3. Rights and liabilities as to third
persons.
False representations made by a partner in
selling the interest of his partner in a certain
business held to authorize the recovery of
damages against his co-partners, though they
had not authorized such representations.—Tay-
lor v. Thompson (Sup.) 997.

## PASSENGERS.

See "Carriers," § 2.

## PAUPERS.

§ 1. Poor-law districts and officers.
Knowledge of members of a town board of
defalcations of an overseer of the poor at the
time his official bond was executed held no de-
fense in an action against his sureties to re-
cover such defalcations.—Town of Goshen v.
Smith (Sup.) 623.

A defalcation of an overseer of the poor held
to have been committed during his second term
of office.—Town of Goshen v. Smith (Sup.) 623.

Audited accounts of a defaulting overseer of
the poor held admissible in an action on his
official bond.—Town of Goshen v. Smith (Sup.)
623.

## PAYMENT.

Price of land sold, see "Vendor and Purchas-
er," § 2.
Subrogation on payment, see "Subrogation."

§ 1. Pleading, evidence, trial, and re-
view.
Evidence held to support a finding that a
note sued on had not been paid.—Roussel v.
Mathews (Sup.) 886.

## PENALTIES.

Nonpayment of tax, see "Taxation," § 4.

## PERPETUITIES.

An agreement donating bonds to a religious
corporation, subject to a trust for another cor-
poration, held to immediately pass the title to
the first corporation, and therefore not to vio-
late Laws 1897, c. 417, § 2.—Tabernacle Bap-
tist Church v. Fifth Ave. Baptist Church of
New York City (Sup.) 181.

A devise of a residuary estate held not void,
as limited to take effect on the performance of
a condition which could be completed only at
the death of the legatees, and as an unlawful
suspension of the ownership of personal prop-
erty.—In re Hart (Sup.) 933.

# PERSONAL INJURIES.

See "Assault and Battery," § 1; "Negligence."
To employé, see "Master and Servant," § 2.
To traveler on highway, see "Highways," § 2; "Municipal Corporations," § 3.
—— crossing railroad, see "Railroads," § 2.

# PHYSICIANS AND SURGEONS.

A surgeon setting a patient's arm, and leaving him without attention for five weeks, resulting in a permanent injury, *held* liable for malpractice.—Gerken v. Plimpton (Sup.) 793.

The employment of a physician continues while the sickness lasts for which he is employed, or until the employment is ended by the assent of the parties or his dismissal by the patient.—Gerken v. Plimpton (Sup.) 793.

# PLEA.

In criminal prosecution, see "Criminal Law," § 4.

# PLEADING.

In particular actions or proceedings, see "Account," § 1; "Equity," § 2; "False Imprisonment," § 1; "Fraud," § 1; "Libel and Slander," § 3; "Malicious Prosecution," § 2; "Trover and Conversion," § 2.
—— action on insurance policy, see "Insurance," § 10.
—— pleas in criminal prosecutions, see "Criminal Law," § 4.
—— suits to set aside fraudulent conveyances, see "Fraudulent Conveyances," § 2.
Statute of frauds, see "Frauds, Statute of," § 3.

**§ 1. Form and allegations in general.**
Complaint *held* not demurrable because alleging legal conclusions.—McKee v. Jessup (Sup.) 796.

**§ 2. Plea or answer, cross complaint, and affidavit of defense.**
Affirmative defense set up in answer *held*, on demurrer, to be treated as a separate plea.—Bernascheff v. Roeth (Sup.) 369.

Separate defense setting up new matter, unless stated to be partial, as provided by Code, § 508, must be tested as a complete defense.—Bernascheff v. Roeth (Sup.) 369.

Counterclaim pleaded as partial defense, without statement to such effect, *held* bad on demurrer.—Bernascheff v. Roeth (Sup.) 369.

**§ 3. Demurrer or exception.**
Answer to action on building contract setting up failure to submit questions in dispute to engineers *held* demurrable.—National Contracting Co. v. Hudson River Water-Power Co. (Sup.) 585.

**§ 4. Amended and supplemental pleadings and repleader.**
Where a verified pleading contains an admission of fact which is regarded as material by the parties thereto, it is error to allow an amendment thereof, over the objection of the adverse party, after the decision of the case.—Randall v. Brodhead (Sup.) 43.

Laches of defendant *held* not to be such as to justify a refusal to grant motion to amend answer.—Peterson v. Felt (Sup.) 440.

A motion for leave to serve a supplemental answer was properly denied where the proposed pleading was not filed with the motion.—Diehl v. Beck (Sup.) 818.

Under Code Civ. Proc. § 723, it was not an abuse of discretion to allow a supplemental answer to be served, where the necessity for serving it was due entirely to inadvertence in preparing the original.—Sun Printing & Publishing Ass'n v. Abbey Effervescent Salt Co. (Sup.) 871.

**§ 5. Bill of particulars and copy of account.**
Defendant *held* entitled to further bill of particulars stating specifically the kind and value of the services of the contractor.—McGuire v. Hall (Sup.) 795.

**§ 6. Motions.**
General denial cannot be stricken out as sham under Code Civ. Proc. § 538.—Schmidt v. McCaffrey (Sup.) 1011.

In action against street railroad for injuries, striking from answer allegation that plaintiff was guilty of contributory negligence *held* not authorized by Code Civ. Proc. § 545.—Bogardus v. Metropolitan St. Ry. Co. (Sup.) 1094.

**§ 7. Issues, proof, and variance.**
Allegation in bill to enforce a trust that one defendant was trustee by laws of Maryland *held* to authorize proof of the law of such state.—Gleitsmann v. Gleitsmann (Sup.) 1007.

# PLEDGES.

Rights of pledgee as against attaching creditors of pledgor, see "Attachment," § 1.

# POLICY.

Of insurance, see "Insurance."

# POOR LAWS.

See "Paupers."

# POSSESSION.

See "Adverse Possession," § 1.
Of demised premises, see "Landlord and Tenant," § 6.
Of office, see "Officers," § 2.

# PRACTICE.

In particular civil actions or proceedings, see "Interpleader"; "Mandamus," § 3; "Trover and Conversion," § 2.
—— condemnation proceedings, see "Eminent Domain," § 3.

Particular proceedings in actions, see "Abatement and Revival," § 1; "Costs"; "Damages," § 4; "Depositions"; "Evidence"; "Execution"; "Judgment"; "Jury"; "Limitation of Actions"; "Motions"; "Parties"; "Pleading"; "Process"; "Reference"; "Stipulations"; "Trial"; "Venue."

—— remedies in or incident to actions, see "Arrest," § 1; "Attachment"; "Discovery," § 1; "Injunction."

Procedure in criminal prosecutions, see "Bail," § 1; "Criminal Law."

—— bastardy proceedings, see "Bastards," § 2.

Procedure on review, see "Appeal"; "Justices of the Peace," § 2; "New Trial."

—— in equity, see "Equity."

—— in justices' courts, see "Justices of the Peace," § 1.

## PREFERENCES.

Effect of proceedings in bankruptcy, see "Bankruptcy," § 1.

## PRESUMPTIONS.

On appeal, see "Appeal," § 6.

## PRINCIPAL AND AGENT.

See "Brokers."

Admissions by agent, see "Evidence," § 4.

Agency of partner for firm, see "Partnership," § 3.

Corporate agents, see "Corporations," § 1.

Insurance agents, see "Insurance," § 1.

Municipal agents, see "Municipal Corporations," § 1.

**§ 1.    Rights and liabilities as to third persons.**

Where plaintiff's clerk had raised checks and obtained money thereon, his knowledge of such acts obtained in performing his duty, by examining the checks on their return from the bank, is not imputable to plaintiffs.—Critten v. Chemical Nat. Bank (Sup.) 246.

Where plaintiff sued for a balance due under a farm lease and on a second cause of action for work and labor performed by her husband on the farm, plaintiff *held* not entitled to recover on the second cause of action.—Bowen v. Rathbun (Sup.) 342.

Where plaintiff was employed by defendant to do work on certain buildings, the fact that he had been paid for other work by another party *held* notice of agency.—Philips v. Hine (Sup.) 593.

## PRINCIPAL AND SURETY.

See "Bail," § 1.

Liabilities of sureties on bonds for performance of duties of trust or office, see "Executors and Administrators," § 9.

—— in legal proceedings, see "Appeal," § 8.

**§ 1.    Nature and extent of liability of surety.**

Delay in completing building contract *held* no defense in an action on a bond given by the owner, where delay was caused by him.—Kunzweiler v. Lehman (Sup.) 290.

**§ 2.    Discharge of surety.**

Surety on a bond given to building contractor by owner *held* not discharged by slight alterations in the contract, nor those made at the instance of the architect of the owner.—Kunzweiler v. Lehman (Sup.) 290.

**§ 3.    Remedies of creditors.**

Defense arising to surety on building contract after he became surety must be pleaded.—Kunzweiler v. Lehman (Sup.) 290.

Answer in action against surety on a bond to secure payment of a judgment *held* to put in issue the identity of the judgment obtained and that set forth in the complaint.—Caponigri v. Cooper (Sup.) 587.

**§ 4.    Rights and remedies of surety.**

Sureties who have paid the debt of the principal can maintain action for contribution against representative of deceased co-surety.—Egbert v. Hanson (Sup.) 383.

## PRIORITIES.

Of mortgages, see "Mortgages," § 2.

## PRIVATE NUISANCE.

See "Nuisance," § 1.

## PRIVILEGED COMMUNICATIONS.

Defamatory communications, see "Libel and Slander," § 2.

## PROBABLE CAUSE.

For prosecution, see "Malicious Prosecution," § 1.

## PROBATE.

Of will, see "Wills," § 2.

## PROCESS.

In criminal prosecutions, see "Criminal Law," § 3.

Particular forms of writs or other process, see "Arrest," § 1; "Execution"; "Injunction"; "Mandamus"; "Replevin."

**§ 1.    Nature, issuance, requisites, and validity.**

In an action under Pen. Code, § 654, for trespass to land, Code Civ. Proc. § 1897, *held* not to apply; and hence an indorsement of a general reference to the statute on the summons was unnecessary.—Layton v. McConnell (Sup.) 679.

**§ 2.    Service.**

Under Code Civ. Proc. § 439, the mere nonresidence of a defendant is not sufficient to authorize an order for the publication of service or for personal service without the state; but it must appear from the complaint that there

is a valid cause of action against such defendant which is within the jurisdiction of the court.—Montgomery v. Boyd (Sup.) 139.

Where, in an action to foreclose a mortgage, under an affidavit for publication of summons, the court ordered a summons mailed to defendant in care of his sisters, who knew his address, such mailing was sufficient.—Union Trust Co. v. Driggs (Sup.) 947.

In an action to foreclose, an affidavit for publication as to nonresident defendant *held* not void in not showing diligence in seeking his address.—Union Trust Co. v. Driggs (Sup.) 947.

## PROHIBITION.

Of traffic in intoxicating liquors, see "Intoxicating Liquors."

## PROMISSORY NOTES.

See "Bills and Notes."

## PROOF.

Of loss insured against, see "Insurance," § 9.

## PROPERTY.

See "Adjoining Landowners."
Adverse possession, see "Adverse Possession," § 1.
Constitutional guaranties of rights of property, see "Constitutional Law," § 5.
Particular species of property, see "Fixtures"; "Shipping"; "Trade-Marks and Trade-Names."
Protection of rights of property by injunction, see "Injunction," § 2.
Taking for public use, see "Eminent Domain."

## PROSECUTING ATTORNEYS.

See "District and Prosecuting Attorneys."

## PUBLICATION.

Service of process, see "Process," § 2.

## PUBLIC DEBT.

See "Municipal Corporations," § 4; "Towns," § 1.

## PUBLIC IMPROVEMENTS.

By municipalities, see "Municipal Corporations," § 2.

## PUBLIC POLICY.

Contracts void as against public policy, see "Contracts," § 1.

## PUBLIC USE.

Taking property for public use, see "Eminent Domain."

## PUBLIC WATER SUPPLY.

See "Waters and Water Courses," § 3.

## QUANTUM MERUIT.

See "Work and Labor."

## QUASHING.

Attachment, see "Attachment," § 3.

## QUESTIONS FOR JURY.

In civil actions, see "Trial," § 4.

## RAILROADS.

See "Eminent Domain," § 1; "Street Railroads."

### § 1. Construction, maintenance, and equipment.

Where a railway company had maintained six culverts across its track for 50 years for relator's use, the fact that relator had temporarily suspended the use of a part of its property, and the opinion of defendant's engineer that six culverts were not necessary, *held* not to entitle the company to close a part of them.—People v. New York Cent. & H. R. R. Co. (Sup.) 684.

### § 2. Operation.

In an action for death at a railroad grade crossing, where there were no eyewitnesses, deceased's freedom from contributory negligence may be established by proof of facts from which such freedom may be fairly inferred.—McSorley v. New York Cent. & H. R. R. Co. (Sup.) 10.

In an action for death at a railroad grade crossing, evidence showing the condition, the extent of travel, and the circumstances surrounding the accident *held* admissible on the issue of deceased's contributory negligence.—McSorley v. New York Cent. & H. R. R. Co. (Sup.) 10.

In an action for death at a railroad grade crossing, evidence of the general character of the highway *held* admissible on the question of the degree of care exercised by defendant.—McSorley v. New York Cent. & H. R. R. Co. (Sup.) 10.

In action for killing plaintiff's intestate at railroad grade crossing, evidence *held* sufficient to justify an inference that defendant was negligent.—McSorley v. New York Cent. & H. R. R. Co. (Sup.) 10.

Where plaintiff, having an unobstructed view of defendant's railroad track to the west for a distance of about 900 feet, attempted to cross before a west-bound train, and was struck by an east-bound train, he was guilty of contributory negligence.—Hudson v. Erie R. Co. (Sup.) 350.

Under Railroad Law, § 32, a railroad company *held* liable for killing plaintiff's horse.—Rubein v. Brooklyn Heights R. Co. (Sup.) 577.

A person looking and listening before crossing a railroad track is not bound as matter of law to see and hear.—Mitchell v. Third Ave. R. Co. (Sup.) 1118.

## REAL ACTIONS.

See "Ejectment."

## RECEIVERS.

In supplementary proceedings, see "Execution," § 3.

Of foreign corporation, see "Corporations," § 3.

### § 1. Foreign and ancillary receiverships.

Where an insolvent foreign corporation had property in this state which was being attached by resident creditors, and there was danger that it would be wasted and dissipated in litigation, the supreme court has jurisdiction to appoint a receiver of property for the corporation.—Popper v. Supreme Council of Order of Chosen Friends (Sup.) 637.

A creditor of an insolvent foreign corporation *held* entitled to appointment of a receiver of property to secure an equitable distribution of the corporate assets among resident creditors. —Popper v. Supreme Council of Order of Chosen Friends (Sup.) 637.

## RECORDS.

Transcript on appeal, see "Appeal," § 5.

## REFERENCE.

Conclusiveness of referee's findings on appeal, see "Appeal," § 6.

Effect of statement in referee's opinion on error shown by record to have been committed, see "Appeal," § 5.

### § 1. Nature, grounds, and order of reference.

Facts *held* to show that issues involved would require an examination of a long account, so that an order appointing a referee was proper. —Fisher v. Haines (Sup.) 787.

### § 2. Referees and proceedings.

Dismissal of an action submitted to a referee *held* to have been a determination of the case on its merits, though defendant did not formally rest its case.—Griffen v. Mechanics' & Traders' Bank (Sup.) 651.

### § 3. Report and findings.

A reference *held* one in aid of the court, and not of the action, so that an appeal would not lie from a confirmation of the report.—Rovnianek v. Kossalko (Sup.) 36.

Failure to move immediately after expiration of 90 days for a confirmation of a referee's report does not constitute a waiver of the rights conferred by Code Civ. Proc. § 2546.—In re Clark (Sup.) 353.

Under Code Civ. Proc. § 2546, a denial by the surrogate of an application for decree confirming referee's report, five months having elapsed after submission of report, is error.—In re Clark (Sup.) 353.

## REFORMATION OF INSTRUMENTS.

### § 1. Proceedings and relief.

Where the plaintiff accepted an insurance policy through an agent's representations, and paid premiums thereon, *held*, that she was entitled to have the contract reformed according to her agreement with the agent, and to recover thereon in the same action.—Steinbach v. Prudential Ins. Co. (Sup.) 809.

## REHEARING.

See "New Trial."

## REINSURANCE.

See "Insurance," § 11.

## RELEASE.

See "Accord and Satisfaction."

### § 1. Requisites and validity.

Where a release of a party from liability for rent of premises is under seal, a sufficient consideration therefor is presumed.—Finch v. Simon (Sup.) 361.

The presumption of a sufficient consideration, attached to a release under seal of liability for rent, not being within Code Civ. Proc. § 840, is not rebuttable.—Finch v. Simon (Sup.) 361.

### § 2. Construction and operation.

Under Code Civ. Proc. § 1942, a release of a partner from liability for rent of premises occupied by the firm, which has not been dissolved, releases the firm.—Finch v. Simon (Sup.) 361.

## RELEVANCY.

Of evidence in civil actions, see "Evidence," § 2.

## RELIGIOUS SOCIETIES.

Exemption of property from taxation, see "Taxation," § 1.

## REMOVAL.

Of executor or administrator, see "Executors and Administrators," § 1.

## REMOVAL OF CAUSES.

Change of venue or place of trial, see "Venue," § 2.

## RENEWAL.

Of lease, see "Landlord and Tenant," § 3.

## RENT.

See "Landlord and Tenant," § 5.

## REPAIRS.

Of premises demised, see "Landlord and Tenant," § 4.

## REPLEVIN.

Liabilities of sheriffs or constables, see "Sheriffs and Constables," § 2.

### § 1. Right of action and defenses.

Though an issue of conversion was erroneously litigated in replevin, *held* not to support a judgment for a return of the property or its value, in the absence of proof of plaintiff's title.—Shapiro v. Lankay (Sup.) 218.

### § 2. Pleading and evidence.

In replevin for specific chattels, evidence *held* insufficient to establish plaintiff's title to the property.—Shapiro v. Lankay (Sup.) 218.

### § 3. Trial, judgment, enforcement of judgment, and review.

Where a verdict was so indefinite that it was impossible to tell whether the jury intended to find for plaintiff or defendant, judgment for plaintiff must be reversed.—Smith v. Dinneen (Sup.) 477.

## REPORT.

On reference, see "Reference," § 3.

## RESCISSION.

Of contract, see "Contracts," § 3.
—— for sale of goods, see "Sales," § 1.

## RES GESTÆ.

In civil actions, see "Evidence," § 2.

## RES JUDICATA.

See "Judgment," §§ 4, 5.

## REVENUE.

See "Taxation."
Absence of revenue stamp as affecting validity of deed, see "Deeds," § 1.

## REVIEW.

See "Appeal"; "Justices of the Peace," § 2.

## REVIVAL.

Of action, see "Abatement and Revival," § 1.

## REVOCATION.

Of will, see "Wills."

## RIGHT OF WAY.

See "Easements."

## RIPARIAN RIGHTS.

See "Waters and Water Courses," § 1.

## RISKS.

Assumed by employé, see "Master and Servant," § 2.
Within insurance policy, see "Insurance," § 7.

## ROADS.

See "Highways."
Streets in cities, see "Municipal Corporations," § 3.

## SALES.

See "Vendor and Purchaser."
Of intoxicating liquors, see "Intoxicating Liquors."
On execution, see "Execution," § 2.
On foreclosure of mortgage, see "Mortgages," § 4.

### § 1. Modification or rescission of contract.

Contract for the purchase of goods to be delivered in installments *held* to have been severed by change as to the time of delivery and mode of payment.—Lilienthal v. Betz (Sup.) 920.

Where the sale of a mercantile business is effected through false representations, the purchaser cannot retain the goods and business and sue for money had and received on the ground of having rescinded the sale, but he can only recover damages for the deceit.—Taylor v. Thompson (Sup.) 997.

### § 2. Performance of contract.

Delivery of personalty to another person, and in a different place and manner, from that stipulated in an executory contract of sale, *held* not an execution thereof.—First Nat. Bank v. Peck (Sup.) 471.

Statements, made by a partner on the sale of his interest to plaintiff, that the former has no knowledge of the value of the goods and business sold, *held* to preclude a recovery by the purchaser from the seller for false representations of the other partner.—Taylor v. Thompson (Sup.) 997.

### § 3. Operation and effect.

Where a buyer of personalty resold the same, the selection of the property while in possession of the original seller, and marking it with the initials of the second buyer, *held* not to create an executed contract of sale between the latter parties.—First Nat. Bank v. Peck (Sup.) 471.

### § 4. Remedies of seller.

Where, in an action to recover for goods sold, defendant claimed the right to return goods not resold by him, it was not error to instruct that he must establish such right by a preponderance of the evidence.—Keller v. Strauss (Sup.) 126.

Where, in an action to recover for goods sold, defendant claimed the right to rescind the con-

tract to the extent of goods not resold by him, it was not prejudicial to instruct that he had the burden of proof.—Keller v. Strauss (Sup.) 126.

In an action for goods sold and delivered, an answer denying that defendant "owed said plaintiffs $21" is not a denial of the delivery of the goods.—Hardenburgh v. Fish (Sup.) 415.

### § 5. Remedies of buyer.

A complaint to recover the value of services for which worthless stock had been paid on false representations *held* not defective for failure to show that the stock was worthless at the time it was accepted.—Stewart v. Lyman (Sup.) 936.

Under Code Civ. Proc. § 3343, subd. 10, an action to recover price paid for stock which was sold on fraudulent representations as to value is an action for injury to property.— Stewart v. Lyman (Sup.) 936.

A complaint to recover the price paid for worthless stock sold under fraudulent representations *held* not objectionable for failure to show that the stock was worthless at the time of sale.—Stewart v. Lyman (Sup.) 936.

### § 6. Conditional sales.

Where a contract for the sale of goods permitted defendant to return such of the goods as remained unsold, it was not a conditional sale.—Keller v. Strauss (Sup.) 126.

## SATISFACTION.

See "Accord and Satisfaction."
Of legacy, see "Wills," § 4.

## SCHOOLS AND SCHOOL DISTRICTS.

Schools in cities, see "Municipal Corporations," § 2.

## SECONDARY EVIDENCE.

In civil actions, see "Evidence," § 3.

## SERVICE.

Of process, see "Process," § 2.

## SERVICES.

See "Work and Labor."

## SERVITUDES.

See "Easements."

## SET-OFF AND COUNTERCLAIM.

Pleading matter of set-off or counterclaim, see "Pleading," § 2.
Trial of counterclaim alleged as separate defense in suit for breach of contract, see "Action," § 2.

### § 1. Nature and grounds of remedy.

A counterclaim dependent on an executory contract falls with it.—Tribune Ass'n v. Eisner & Mendelson Co. (Sup.) 706.

## SETTLEMENT.

See "Accord and Satisfaction"; "Release."
By executor or administrator, see "Executors and Administrators," § 7.
Marriage settlements, see "Husband and Wife," § 2.

## SEWERS.

Defects or obstructions, see "Municipal Corporations," § 3.

## SHERIFFS AND CONSTABLES.

Sheriff's deed, see "Execution," § 2.

### § 1. Appointment, qualification, and tenure.

The appointment of one as deputy sheriff by a sheriff, such deputy being assigned to jail duty nominally as engineer, also to relieve the turnkey, but generally as deputy sheriff when so required by the sheriff, and who was required to perform frequent acts as deputy, *held* not a violation of Laws 1899, c. 370, § 13.— Blust v. Collier (Sup.) 774.

Under Laws 1899, c. 370, § 12, subd. 1, a deputy sheriff is exempt from examination by the civil service commission.—Blust v. Collier (Sup.) 774.

### § 2. Powers, duties, and liabilities.

Where a mortgagee had taken possession after default, evidence that he took a bill of sale of it after return of an execution in favor of plaintiff by the sheriff *held* immaterial.— Craft v. Brandow (Sup.) 364.

Where plaintiff acquired title to property stored in a warehouse by a transfer of the warehouse receipt, the delivery of the goods by the warehouseman to the sheriff on replevin process will not defeat a recovery against the sheriff for conversion.—Einstein v. Dunn (Sup.) 520.

Under Code Civ. Proc. §§ 1709, 1710, conversion was properly maintained against a sheriff, by not making an affidavit of claim adverse to the defendant in replevin, for the taking of goods not contained in the process under which the levy was made.—Einstein v. Dunn (Sup.) 520.

An order directing the sheriff to seize certain goods will not justify the seizure of goods not contained in the order.—Einstein v. Dunn (Sup.) 520.

## SHIPPING.

Release by master of amount due as demurrage, effect as accord and satisfaction, see "Accord and Satisfaction."

### § 1. Charters.

Where a charter party provides a certain freight rate, the owner of the vessel is not liable to the consignee for the failure of the master to collect an additional freight rate, which the latter agreed to in the bill of lading, for the benefit of the consignor.—Randall v. Brodhead (Sup.) 43.

The construction of a charter party of a vessel for a voyage for a certain time, with the privilege of an extension thereof, is for the court, and not for the jury.—Flagler v. Hearst (Sup.) 956.

Evidence *held* sufficient to show that a charterer was guilty of conversion in failing to return a chartered vessel by a certain date.—Flagler v. Hearst (Sup.) 956.

§ 2. Master.

Where a charter party provides a liability for certain demurrage for delay in unloading at a foreign port, which is within easy cable communication with the owner, the master cannot settle the claim for such demurrage for less than the sum due.—Randall v. Brodhead (Sup.) 43.

§ 3. Demurrage.

The acceptance of a cargo on bills of lading by a consignee with knowledge of their contents *held* to estop the consignee from denying a claim for demurrage thereunder on the ground that the goods were shipped under another contract.—Gabler v. McChesney (Sup.) 191.

The removal of a canal boat from a dock of the consignee by the public authorities within the time in which the consignee was allowed to unload *held* to prevent a recovery of demurrage for the time during which the boat is prevented from returning to the dock.—Gabler v. McChesney (Sup.) 191.

A contract of shipment providing for demurrage *held* not to authorize a recovery for the time after the unloading in which the canal boat was detained as the result of a break in a canal.—Gabler v. McChesney (Sup.) 195.

## SLANDER.

See "Libel and Slander."

## SOCIETIES.

See "Associations."

## SPIRITUOUS LIQUORS.

See "Intoxicating Liquors."

## STAMPS.

Absence of revenue stamp as affecting validity of deed, see "Deeds," § 1.

## STATEMENT.

By witness inconsistent with testimony, see "Witnesses," § 2.

## STATES.

Courts, see "Courts."

## STATUTES.

Laws impairing obligation of contracts, see "Constitutional Law," § 3.
Provisions relating to particular subjects, see "Bastards," § 2; "Eminent Domain." § 1; "Intoxicating Liquors"; "Mechanics' Liens"; "Taxation."
—— gas companies, see "Gas."
—— statute of frauds, see "Frauds, Statute of."

§ 1. Subjects and titles of acts.

Laws 1894, c. 146, amending Laws 1864, c. 147, providing for the erection of a town hall, so as to authorize proceedings to condemn adjacent lands, is not unconstitutional in not expressing or suggesting condemnation proceedings in its title.—Town Board of Town of Jamaica v. Denton (Sup.) 837.

## STATUTES CONSTRUED.

### NEW YORK.

#### CONSTITUTION.

| | |
|---|---|
| Art. 1, § 6 | 227 |
| Art 5, § 9 | 902 |
| Art. 6, § 24 | 856 |
| Art. 10, § 2 | 744 |
| Art. 10, § 3 | 983 |

#### CODE OF CIVIL PROCEDURE.

| | |
|---|---|
| Ch. 21, tits. 1–3 | 913 |
| § 66. Amended by Laws 1879, p. 617 | 667 |
| §§ 149, 150 | 1117 |
| §§ 155, 158, 160 | 403 |
| § 275 | 451 |
| §§ 369, 370 | 737 |
| § 382 | 592 |
| § 384 | 856 |
| § 403 | 592 |
| § 405 | 856 |

| | |
|---|---|
| § 439 | 139 |
| § 448 | 163, 742, 930 |
| § 452 | 930 |
| §§ 471, 473 | 75 |
| § 508 | 369, 370 |
| § 521 | 437 |
| § 522 | 1130 |
| § 538 | 1011 |
| § 545 | 1094 |
| § 546 | 1123 |
| § 575 | 1117 |
| § 605 | 568 |
| § 636, subd. 2 | 937 |
| § 723 | 65, 871 |
| §§ 755–757 | 897 |
| § 812 | 629 |
| § 820 | 474 |
| § 829 | 420, 546 |
| § 835 | 420 |
| § 840 | 361 |
| §§ 871, 872 | 875, 876 |
| § 970 | 1122, 1123 |

| | |
|---|---|
| § 974 | 206 |
| § 1010 | 358 |
| § 1022 | 651 |
| § 1184 | 679 |
| § 1207 | 750 |
| § 1524 | 447 |
| § 1532 | 163 |
| § 1538. Amended by Laws 1897, ch. 726 | 725 |
| § 1543 | 163 |
| § 1544 | 1122, 1123 |
| § 1562 | 924 |
| §§ 1709, 1710 | 520 |
| § 1743, subd. 4 | 1012 |
| § 1750 | 742 |
| § 1769 | 72 |
| §§ 1784–1796 | 242 |
| §§ 1810, 1812 | 637 |
| §§ 1861–1867 | 252 |
| §§ 1871–1879 | 170 |
| §§ 1893, 1897 | 679, 680 |
| § 1910 | 1048 |

§ 1942 ................... 361
§ 2256 ................... 910
§ 2284 ................... 346
§ 2447 ................... 617
§ 2471a ................. 744
§ 2473 ................... 597
§ 2546 ................... 353
§ 2586 ................... 641
§§ 2606–2609 ............ 391
§§ 2862, 2868............ 679
§ 2895 ................... 758
§ 2960 ................... 543
§ 3018 ................... 758
§ 3063. Amended by Laws
1900, ch. 553........... 479
§ 3216 ................... 913
§ 3228 .............913, 1072
§ 3229 ................... 913
§ 3239 ................... 358
§ 3253 ...................1072
§ 3343, subd. 10.......... 937
§ 3347 ...............679, 913
§ 3375 ................... 880

CODE OF CRIMINAL PRO-
CEDURE.

§ 191 ...................1057
§ 308 ...............639, 755
§ 327 ................... 174
§§ 354, 355, 658........ 689
§§ 838, 839............. 580
§ 840 ...............580, 899
§§ 841–860 ............. 580

PENAL CODE.

§ 277 ...................1017
§ 364 ...............173, 621
§ 366 ................... 173
§ 654 ...............679, 680

CITY CHARTERS.

Albion. Laws 1879, ch.
142, tit. 2, § 2. Amend-
ed by Laws 1900, ch.
646 ................... 21
Buffalo. Laws 1891, ch.
105, § 138.............. 129
Greater New York. Laws
1897, ch. 378.......... 720
Greater New York. Laws
1897, ch. 378, § 299... 379
Greater New York. Laws
1897, ch. 378, § 790....1042
Greater New York. Laws
1897, ch. 378, § 1212.
Amended by Laws 1900,
ch. 663 ............... 510
Greater New York. Laws
1897, ch. 378, § 1366...1010
Greater New York. Laws
1897, ch. 378, § 1407... 174
Greater New York. Laws
1897, ch. 378, § 1536... 405
Greater New York. Laws
1897, ch. 378, § 1543..
982, 983

LAWS.

1846, ch. 216, § 15...... 684
1848, ch. 40, § 15....... 243
1848, ch. 319............ 277
1861, ch. 311, §§ 1, 2... 201
1864, ch. 147, §§ 1, 2.
Amended by Laws 1894,
ch. 146 ............... 967
1864, ch. 147, § 3. Amend-
ed by Laws 1894, ch. 146 837
1870, ch. 385, §§ 1, 2..... 133
1870, ch. 519, tit. 2, § 42.
Amended by Laws 1891,
ch. 105, § 138. Buffalo
City Charter .......... 129
1875, ch. 181............ 750
1875, ch. 611............ 2
1877, ch. 178............ 892
1879, p. 617............ 667
1879, ch. 142, tit. 2, § 2.
Amended by Laws 1900,
ch. 646. Abion City Char-
ter ................... 21
1882, ch. 410............ 778
1882, ch. 410, § 519......1042
1886, ch. 488............ 778
1887, ch. 466, § 25...... 563
1890, ch. 565, art. 1, §§
4, 7 ................... 698
1890, ch. 565, § 32...... 577
1890, ch. 565, § 72....... 465
1890, ch. 566............ 750
1890, ch. 566, §§ 60, 65, 66 2
1890, ch. 566, § 80...... 751
1890, ch. 569, §§ 2, 182... 386
1891, ch. 105, § 138. Buf-
falo City Charter...... 129
1892, ch. 129, § 1........1029
1892, ch. 493, § 6........ 68
1892, ch. 686, §§ 12, 69... 967
1892, ch. 686, § 204...... 578
1892, ch. 688, § 30...... 921
1892, ch. 689, § 115, subd.
2 ................... 223
1894, ch. 146........837, 967
1895, ch. 633........474, 475
1895, ch. 1006, § 17.......1045
1896, ch. 112, § 16. Amend-
ed by Laws 1900, ch.
367, § 3............... 374
1896, ch. 112, § 31...... 594
1896, ch. 225, § 26...... 623
1896, ch. 547............ 627
1896, ch. 547, art. 3, § 83
428, 839
1896, ch. 547, § 131...... 730
1896, ch. 727, § 2........ 227
1896, ch. 908, art. 10.
Amended by Laws 1900,
ch. 382 ............... 430
1896, ch. 908, art. 10, § 4.
Amended by Laws 1900,
ch. 382, § 2.........731, 732
1896, ch. 908, art. 10, §
220. Amended by Laws
1900, ch. 382......430, 853

1896, ch. 908, art. 10, §
243 ................... 430
1896, ch. 908, § 4......
277, 429, 430, 853
1896, ch. 908, § 6...500, 501
1896, ch. 908, § 7......
727, 728, 836
1896, ch. 908, §.12...500, 501
1896, ch. 908, § 183..... 516
1896, ch. 908, § 220...727, 728
1896, ch. 908, § 253..... 720
1897, ch. 17, § 985....... 599
1897, ch. 378. Greater
New York Charter..... 720
1897, ch. 378, § 299. Great-
er New York Charter... 379
1897, ch. 378, § 790. Great-
er New York Charter..1042
1897, ch. 378, § 1212.
Greater New York Char-
ter. Amended by Laws
1900, ch. 663.......... 510
1897, ch. 378, § 1366.
Greater New York Char-
ter ...................1010
1897, ch. 378, § 1407.
Greater New York Char-
ter ................... 174
1897, ch. 378, § 1536.
Greater New York Char-
ter ................... 405
1897, ch. 378, § 1543.
Greater New York Char-
ter .............982, 983
1897, ch. 384, § 2....... 322
1897, ch. 414, §§ 104, 107 702
1897, ch. 414, § 159...... 630
1897, ch. 415............ 482
1897, ch. 415, § 70...... 790
1897, ch. 417, § 2....... 181
1897, ch. 417, § 3....428, 839
1897, ch. 417, § 7........ 924
1897, ch. 418............ 770
1897, ch. 557............ 778
1897, ch. 726............ 725
1898, ch. 169, § 2....... 279
1898, ch. 186............ 983
1899, ch. 76............ 196
1899, ch. 354, § 34....... 601
1899, ch. 370, § 12, subd.
1 ................... 774
1899, ch. 370, § 13....774, 845
1899, ch. 370, §§ 15, 18.. 845
1899, ch. 370, § 20...845, 902
1899, ch. 370, § 21...... 21
1900, ch. 367, § 3....374, 590
1900, ch. 382............ 430
1900, ch. 382, § 2....728, 732
1900, ch. 382, § 243...... 853
1900, ch. 553............ 479
1900, ch. 646. Albion City
Charter ............... 21
1900, ch. 663............ 510
1901, ch. 173...........1050
1901, ch. 602........568, 744

## STAY.

Of proceedings in action, see "Action," § 2.

## STIPULATIONS.

Stipulation set aside where both parties could be restored substantially to their former positions.—Magnolia Metal Co. v. Pound (Sup.) 230.

## STREET RAILROADS.

See "Carriers," § 2.

### § 1. Establishment, construction, and maintenance.

Under Railroad Law, § 72, a contract between companies entering into a consolidation and a city as to street paving *held* not to relieve the new company from paying the full costs of paving streets on the lines of companies entering into the consolidation, but not parties to the contract.—Kent v. Common Council of City of Binghamton (Sup.) 465.

### § 2. Regulation and operation.

In an action against a street railway for wrongful death arising from injuries sustained in a collision at a crossing, question of defendant's negligence and intestate's contributory negligence was for the jury.—Johnson v. Rochester Ry. Co. (Sup.) 113.

Evidence in an action against a street-railroad company for injuries received at a crossing *held* not sufficient to show that the motorman was negligent in failing to stop his car.—Mulligan v. Third Ave. R. Co. (Sup.) 530.

In an action against a street-railway company for injuries to a traveler crossing the street, *held*, that a verdict for plaintiff would not be disturbed; the question of negligence being for the jury.—Legare v. Union Ry. Co. of New York City (Sup.) 718.

In action against street railroad for injuries, the question of plaintiff's contributory negligence *held* for the jury.—Weingarten v. Metropolitan St. Ry. Co. (Sup.) 1113.

Question of plaintiff's contributory negligence in an action against a street railway for an injury at a crossing *held* for the jury.—Mitchell v. Third Ave. R. Co. (Sup.) 1118.

Facts *held* to sustain a finding of negligence of a street-railroad company in a crossing accident.—Mitchell v. Third Ave. R. Co. (Sup.) 1118.

Look and listen rule *held* not applicable with same rigidity to street as to steam railroads.—Mitchell v. Third Ave. R. Co. (Sup.) 1118.

## STREETS.

See "Highways"; "Municipal Corporations," § 3.

## SUBROGATION.

Assignee of ground lease *held* liable to the mortgagee of the lease for payments made by the latter to protect the title.—Dunlop v. James (Sup.) 1019.

## SUIT.

See "Action."

## SUMMARY PROCEEDINGS.

Recovery of possession by landlord, see "Landlord and Tenant," § 6.

## SUMMONS.

See "Process."

## SUNDAY.

Dancing on Sunday for enjoyment *held* in violation of Pen. Code, § 277.—In re Allen (Sup.) 1017.

## SUPPLEMENTAL PLEADING.

See "Pleading," § 4.

## SUPPLEMENTARY PROCEEDINGS.

See "Execution," § 3.

## SURETYSHIP.

See "Principal and Surety."

## SURROGATES' COURTS.

Binding effect on surrogate of decree of appellate division modifying and affirming surrogate's decree appealed from, see "Appeal," § 7.

## SURVIVAL.

Of cause of action, see "Abatement and Revival," § 1.

## SUSPENSION.

Of benefit insurance, see "Insurance," § 12.

## TAXATION.

See "Towns," § 1.

Assessments for municipal improvements, see "Municipal Corporations," § 2.

Privilege taxes, see "Intoxicating Liquors," § 2.

### § 1. Liability of persons and property.

Lands of religious society *held* not exempt from taxation, though used by it as a hospital.—People v. Nowles (Sup.) 277.

The value of liens of a railroad corporation's property acquired by a similar corporation must be deducted from the value of the property in making a tax assessment under Laws 1896, c. 908, § 12.—People v. Feitner (Sup.) 500.

A railroad corporation, leasing the property of a similar corporation and indorsing the bonds of such corporation as guarantors, *held* not entitled, under Tax Law, § 6, to have such

bonds deducted in assessing its personal property.—People v. Feitner (Sup.) 500.

A domestic railroad corporation, leasing the property and franchise of a similar corporation, held not subject to assessment thereon, under Laws 1896, c. 908, § 12, for the entire value of such property, but only for the value of the lease, to be determined by considering the nature thereof, profits, and duration, but excluding the value of the franchise.—People v. Feitner (Sup.) 500.

A corporation, which was engaged in making a composition by a secret process to be used in building asphalt streets and floors, held to be a manufacturing corporation, within the meaning of Tax Law, § 183, exempting manufacturing corporations from certain taxes.—People v. Morgan (Sup.) 516.

A foreign corporation held to be conducting a continuous business within the state, and liable to assessments under Laws 1896, c. 908, § 7.—People v. Feitner (Sup.) 836.

A foreign corporation, assessed under Laws 1896, c. 908, § 7, held not entitled to a reduction of its assessment on the ground of indebtedness for unearned salaries of employés or for rent, for which it was not liable at the date of the assessment.—People v. Feitner (Sup.) 836.

§ 2.  Levy and assessment.
The selling price of the stock of a corporation is not conclusive of the value of its assets for the purpose of taxation.—People v. Feitner (Sup.) 120.

Under Laws 1870, c. 519, tit. 2, § 42, as amended by Laws 1891, c. 105, § 138, an assessment of vacant and unoccupied lands, not assessing them to the nonresident owner, held valid.—Cottle v. Cary (Sup.) 129.

A petition held sufficient to authorize a writ of certiorari against tax commissioners to review a real estate assessment on the ground that the valuation was excessive.—People v. Feitner (Sup.) 360.

Petition for writ of certiorari to review assessments for taxation held sufficient prima facie to establish overvaluation and inequality, so as to authorize the court to direct a reference of issues raised.—People v. Feitner (Sup.) 452.

The appellate division of the supreme court has power to remand a tax assessment found to be erroneous to the tax commissioners for correction.—People v. Feitner (Sup.) 500.

That wild beach land was divided on the city tax map into lots, and assessed by the lot, held not to render a reduction of the assessment in gross illegal.—People v. Feitner (Sup.) 545.

Evidence held sufficient to sustain a finding that an assessment of the relator's property was illegal, as unequal.—People v. Feitner (Sup.) 545.

Where there are three trustees of a single fund, an assessment of the fund to only two of them is not invalid.—People v. Feitner (Sup.) 556.

Where trustees held a trust fund under three distinct trusts in favor of three separate cestuis que trustent, an assessment of such fund was not invalid because it failed to assess each trust separately.—People v. Feitner (Sup.) 556.

Under Laws 1897, c. 414, §§ 104–107, the act of assessors in villages of the third class in raising an assessment at an adjourned meeting held after the second Tuesday in May, and after the taxpayer has consented to the assessment, is invalid.—City of New York v. Smith (Sup.) 702.

§ 3.  Collection and enforcement against persons or personal property.
Where plaintiff's personalty was assessed in one borough, and the tax paid, and by mistake the same property was assessed in another borough, in which he had never resided, proceedings to collect the taxes will be enjoined.—Jackson v. City of New York (Sup.) 877.

§ 4.  Forfeitures and penalties.
The interest penalty imposed by Greater New York Charter (Laws 1897, c. 378) for the failure to pay taxes may be collected on the amount of taxes legally assessed, from the date of the return of the assessment rolls and warrants, though the original assessment is excessive and is reduced by certiorari.—Smallwood v. Comptroller of City of New York (Sup.) 720.

§ 5.  Legacy, inheritance, and transfer taxes.
The transfer tax law (Laws 1899, c. 76) held to apply to defeasible estates in remainder created in 1863 and coming into possession on the death of the life tenant in 1899.—In re Pell's Estate (Sup.) 196.

The transfer tax law (Laws 1899, c. 76), being a tax on property and not on the right of succession, is constitutional.—In re Pell's Estate (Sup.) 196.

Under Laws 1896, c. 908, § 4, subd. 7, and Id. art. 10, § 220, relating to transfer tax, and Laws 1900, c. 382, held, that charitable corporations relying on the exemptions granted by section 4, supra, were not exempt from the transfer tax, but corporations basing their claims on the exempting provisions of other acts were exempt.—In re Huntington's Estate (Sup.) 853.

Laws 1900, c. 382, § 2, amending Tax Law 1896, held not to repeal by implication the exemption of certain corporations from the transfer tax.—In re Huntington's Estate (Sur.) 429.

Tax Law, § 4, held to relate solely to exemption of property, and to have no application to transfer tax referred to in article 10.—In re Huntington's Estate (Sur.) 429.

A devise in 1896 to trustees for charitable purposes, where there was no incorporation, held subject to the transfer tax under the tax law of 1896.—In re Graves' Estate (Sur.) 727.

Where devise to trustees for charitable purpose is measured by two lives in being, the transfer tax can be imposed on the value thereof only; the remainder passing to the supreme

court and not taxable.—In re Graves' Estate (Sur.) 727.

Transfer tax is to be determined by the law as it stood on the death of testator.—In re Graves' Estate (Sur.) 727.

Will construed, and *held*, that devisee with power of disposition took an absolute estate, so that on her death without disposing of the same no transfer tax could be collected from the heirs of testator.—In re Lynn's Estate (Sur.) 730.

Laws 1900, c. 382, § 2, *held* to deprive corporations, formally exempt by Tax Law, § 4, subd. 7, from a transfer tax, of such exemption.—In re Crouse's Estate (Sur.) 731.

Under Laws 1896, c. 908, as amended by Laws 1900, c. 382, a corporation organized exclusively for educational purposes is no longer exempt from the transfer tax.—In re Crouse's Estate (Sur.) 731.

## TENANCY IN COMMON.

Right of tenant in common to maintain partition against co-owner, see "Partition," § 1.

## TERMS.

Of leases, see "Landlord and Tenant," § 3.

## THEFT.

See "Larceny."

## TITLE.

Color of title, see "Adverse Possession," § 1.
Of statutes, see "Statutes," § 1.
Sufficiency of title of vendor of land, see "Vendor and Purchaser," § 2.
To office, see "Officers," § 2.

## TORTS.

By particular classes of parties, see "Municipal Corporations," § 3; "Physicians and Surgeons."
Particular remedies for torts, see "Arrest," § 1; "Trespass," § 2; "Trover and Conversion," § 2.
—— torts, see "Assault and Battery," § 1; "Conspiracy," § 1; "False Imprisonment," § 1; "Fraud"; "Libel and Slander"; "Malicious Prosecution"; "Negligence"; "Nuisance"; "Trespass"; "Trover and Conversion."

## TOWNS.

See "Municipal Corporations."

**§ 1. Fiscal management, public debt, securities, and taxation.**
Laws 1864, c. 147, §§ 1, 2, Laws 1894, c. 146, and Laws 1892, c. 686, § 12, subd. 6, coupled with an act of the board of supervisors, *held* to authorize the town of J. to issue bonds for the purchase of land adjacent to its town hall.—Jamaica Sav. Bank v. City of New York (Sup.) 967.

Laws 1892, c. 686, § 12, subd. 6, authorizing the board of supervisors to empower a town to borrow money for town uses, is not limited to the purposes expressed in County Law, § 69, authorizing the board to empower a town to issue bonds for highway and bridge purposes.—Jamaica Sav. Bank v. City of New York (Sup.) 967.

**§ 2. Claims against towns.**
An audited claim against a town can be enforced only by mandamus.—Lattin v. Town of Oyster Bay (Sup.) 386.

Where a claim of a constable for fees against a town has been audited, the audit is conclusive as to the amount of the claim until corrected or set aside.—Lattin v. Town of Oyster Bay (Sup.) 386.

**§ 3. Actions.**
A constable *held* to have no right of action against a town for fees, under Laws 1890, c. 569, §§ 2, 182.—Lattin v. Town of Oyster Bay (Sup.) 386.

## TRADE-MARKS AND TRADE-NAMES.

**§ 1. Registration, regulation, and offenses.**
Evidence *held* sufficient to sustain a conviction for counterfeiting a trade label in violation of Pen. Code, § 364, subd. 1.—People v. Gluckman (Sup.) 173.

That complainant in a prosecution for counterfeiting a trade label, in violation of Pen. Code, § 364, subd. 1, was the agent of the owners of the original label, and that he requested the work to be done, *held* no defense, in the absence of a showing that he had authority to have the labels printed.—People v. Gluckman (Sup.) 173.

Complaint for counterfeiting a trade-mark in violation of Pen. Code, § 364, subd. 1, *held* to sufficiently state an offense thereunder.—People v. Gluckman (Sup.) 173.

Evidence *held* to sustain a conviction for selling wine under a counterfeit trade-mark, in violation of Pen. Code, § 364.—People v. Hilfman (Sup.) 621.

In a prosecution for selling wine under a counterfeit trade-mark, in violation of Pen. Code, § 364, subd. 3, it was immaterial that the purchaser knew at the time the goods were counterfeit.—People v. Hilfman (Sup.) 621.

**§ 2. Infringement and unfair competition.**
Plaintiff *held* entitled to a temporary injunction restraining defendant from using cigarette packages nearly resembling those used by plaintiff.—Kassel v. Jeuda (Sup.) 480.

## TRANSFER TAX.

See "Taxation," § 5.
Constitutionality of transfer tax law, see "Constitutional Law," § 2.

## TRESPASS.

To the person, see "Assault and Battery," § 1; "False Imprisonment," § 1.

### § 1. Acts constituting trespass, and liability therefor.

Where defendant committed a trespass on plaintiff's property and attempted to remove his property without legal process, it was error to charge that the jury should find for defendant if they found he acted in good faith.—O'Horo v. Kelsey (Sup.) 14.

Action for trespass for erecting a fence on plaintiff's land dismissed, it appearing that the fence was in fact a division fence.—Adler v. Parr (Sup.) 255.

### § 2. Actions.

Allegations *held* to state facts sufficient to constitute an action for trespass.—O'Horo v. Kelsey (Sup.) 14.

## TRESPASS TO TRY TITLE.

See "Ejectment."

## TRIAL.

See "New Trial"; "Reference"; "Witnesses."
Criminal prosecutions, see "Criminal Law," § 6.
Entry of judgment after trial of issues, see "Judgment," § 2.
Place of trial, see "Venue," § 2.
Right to trial by jury, see "Jury," § 1.
Submission to jury of question of sufficiency of occupancy to show adverse possession, see "Adverse Possession," § 1.
Trial of particular civil actions or proceedings, see "Ejectment," § 2; "Libel and Slander," § 3; "Negligence," § 2; "Replevin," § 3.
—— disputed claims against estate of decedent, see "Executors and Administrators," § 4.

### § 1. Notice of trial and preliminary proceedings.

Where the issues in a case which has been placed on the special term calendar and noticed for trial are sent to the trial term, under the provisions of Code Civ. Proc. § 970, and the cause placed on the preferred calendar, no new notice of trial is required at the trial term.—Southack v. Central Trust Co. (Sup.) 1122.

### § 2. Dockets, lists, and calendars.

Motion to restore case to special term calendar *held* properly denied.—Mittenthal v. Rabinowitz (Sup.) 119.

When the issues in a partition suit which has been placed on the special term calendar and noticed for trial are sent to the trial term to be tried under the provisions of Code, §§ 970, 1544, it is the duty of the calendar clerk of the trial term, part 2, to put the cause on the preferred calendar as provided by court rule 3.—Southack v. Central Trust Co. (Sup.) 1122.

A partition suit cannot be placed on the general trial term calendar.—Southack v. Central Trust Co. (Sup.) 1122.

A partition suit, being cognizable on the equity side of the court, is properly placed on the special term calendar.—Southack v. Central Trust Co. (Sup.) 1122.

### § 3. Course and conduct of trial in general.

Where the evidence in a disputed boundary case is uncertain *held* not error for the trial court to view the locality at the request of the parties, and accompanied by them and their attorneys.—Weiant v. Rockland Lake Trap-Rock Co. (Sup.) 713.

### § 4. Taking case or question from jury.

It is error to direct a verdict in an action in which the right to trial by jury exists, where plaintiff's evidence raises a question of fact.—Mitchell v. Third Ave. R. Co. (Sup.) 1118.

### § 5. Custody, conduct, and deliberations of jury.

Statements made by the court to a jury on its reporting its failure to agree *held* to constitute sufficient coercion to authorize the reversal of a judgment rendered on a subsequent verdict.—Twiss v. Lehigh Val. Ry. Co. (Sup.) 241.

### § 6. Trial by court.

The dismissal of an action tried to the court at the close of plaintiff's case is error, when the evidence requires a decision on the merits.—Schlesinger v. Jud (Sup.) 616.

Under Code Civ. Proc. §§ 970, 1544, a party to a partition suit which has been placed upon the special term calendar and noticed for trial may apply to the court before the cause is reached on the calendar for an order settling the issues and directing a jury trial at the trial term.—Southack v. Central Trust Co. (Sup.) 1122.

Where the issues in a case which has been placed on the special term calendar and noticed for trial are sent to the trial term to be tried, as provided by Code Civ. Proc. § 970, a verdict rendered on the issues, whether framed by the trial court or by the special term, must be certified by the clerk of the trial term to the special term.—Southack v. Central Trust Co. (Sup.) 1122.

## TROVER AND CONVERSION.

### § 1. Acts constituting conversion, and liability therefor.

Facts *held* sufficient to render defendant liable for conversion of mantels sold to a builder.—Schechter v. Watson (Sup.) 1.

### § 2. Actions.

No demand is necessary to sustain conversion after defendant has wrongfully taken and carried away the property.—Schechter v. Watson (Sup.) 1.

In conversion for goods acquired as security for advances made thereon, a recovery for the full value of the goods was properly allowed, and not a recovery for the amount advanced.—Einstein v. Dunn (Sup.) 520.

An instruction, in conversion, that plaintiff was entitled to interest on the value of the

goods from the date of the conversion, was proper, where the property was merchandise kept for sale.—Einstein v. Dunn (Sup.) 520.

In an action for conversion under plea of general denial, title in stranger to the suit cannot be shown.—Vogel v. Banks (Sup.) 1010.

## TRUSTS.

Conveyances in trust for creditors, see "Assignments for Benefit of Creditors."
Trust deeds, see "Mortgages."

**§ 1. Creation, existence, and validity.**
By accepting and agreeing to carry out the provisions of an agreement, the donee of a gift subject to a trust was estopped from attacking the validity of the agreement.—Tabernacle Baptist Church v. Fifth Ave. Baptist Church of New York City (Sup.) 181.

Where a beneficiary forfeited its rights to the income of a trust fund by abandoning the mission work at a specified location, it did not thereby forfeit any rights to the income accruing prior to such abandonment.—Tabernacle Baptist Church v. Fifth Ave. Baptist Church of New York City (Sup.) 181.

**§ 2. Construction and operation.**
Where property is devised in trust the income to be paid to a mother, the remainder to her children, and they assign all their interest to her, it does not entitle her to the immediate payment of the remainder, under Laws 1896, c. 547, art. 3, § 83, and Laws 1897, c. 417, § 3. —In re Hogarty (Sur.) 428.

**§ 3. Appointment, qualification, and tenure of trustee.**
Courts of New York held to have jurisdiction to appoint trustees under marriage settlement executed in Germany; both parties thereto being residents of New York.—Gleitsmann v. Gleitsmann (Sup.) 1007.

**§ 4. Management and disposal of trust property.**
An order requiring a substituted trustee of an estate to apply a former trustee's interest therein in certain proportions to income and to the corpus of the estate, without proof of the amount the former trustee was liable for income, and without granting him a hearing on that question, was error.—In re Westerfield (Sup.) 723.

A trustee held entitled to credit for an expenditure of money received from the corpus of the estate in tearing down old buildings on a part of the estate and erecting modern ones. —Smith v. Keteltas (Sup.) 1065.

**§ 5. Establishment and enforcement of trust.**
Action by beneficiary to recover trust fund after death of trustee held not barred, if brought within 7 years and 6 months from time of unauthorized payment by trustee.—Hopper v. Brown (Sup.) 592.

The six-year limitation (Code Civ. Proc. § 382) applies to an action by a beneficiary to recover a trust fund which the trustee gave to another party.—Hopper v. Brown (Sup.) 592.

## UNDUE INFLUENCE.

Procuring making of will, see "Wills," § 1.

## USURY.

**§ 1. Usurious contracts and transactions.**
The certificate of a mortgagor to a purchaser of the mortgage that the mortgage was valid held to estop the mortgagor's heirs from asserting that it was usurious.—Verity v. Sternberger (Sup.) 894.

## VACATION.

Of attachment, see "Attachment," **§ 3.**
Of highways, see "Highways," § 1.
Of judgment, see "Judgment," § 1.

## VENDOR AND PURCHASER.

See "Sales."

**§ 1. Requisites and validity of contract.**
Where defendant offered to purchase land on certain terms, and plaintiff accepted in different terms, there was no valid acceptance of the original offer.—Montauk Ass'n v. Daly (Sup.) 861.

**§ 2. Performance of contract.**
In an action to recover the expense of examining the title and a payment made on a contract of sale, held, that the title tendered by defendant was not marketable, and hence plaintiff could recover.—Marks v. Halligan (Sup.) 444.

Evidence held sufficient to show that an heir died unmarried and without issue, and hence a deed executed by the remaining heirs conveyed a marketable title.—Demarest v. Friedman (Sup.) 816.

Provision for forfeiture of installments paid on a land contract and for termination of contract held for the exclusive benefit of the vendor, which he might waive, and sue for installments due.—Morris v. Green (Sup.) 1096.

## VENUE.

**§ 1. Domicile or residence of parties.**
Where a justice of the peace was sued in another county for wrongful acts done under color of his office in his own county, he had a right to a change of venue to the county of his residence.—Hankins v. Hanford (Sup.) 433.

**§ 2. Change of venue or place of trial.**
Change of venue granted for the convenience of witnesses.—Hankins v. Hanford (Sup.) 433.

Application for change of place of trial in a divorce suit should have been granted on condition that defendant allow plaintiff's witnesses to give their evidence by deposition, or pay expenses of producing their testimony in county in which trial was to be had.—Fish v. Fish (Sup.) 900.

## VERDICT.

Review on appeal, see "Appeal," § 6.
Setting aside, see "New Trial," § 1.

## VESTED RIGHTS.

Protection, see "Constitutional Law," § 2.

## VILLAGES.

See "Municipal Corporations."

## VOTERS.

See "Elections," § 1.

## WAIVER.

See "Appearance"; "Estoppel," § 1; "Insurance," § 6.
Of attorney's lien for compensation, see "Attorney and Client," § 1.
Of right to be made party to suit, see "Parties," § 2.
Right to appeal, see "Appeal," § 2.

## WARRANT.

For arrest, see "Criminal Law," § 3.

# WATERS AND WATER COURSES.

**§ 1. Natural water courses.**
Where the owner of a servient estate and her predecessor in interest have acquiesced in the use of a natural water course as artificially deepened and enlarged for over 40 years, she cannot entirely close such water course by reason of such deepening and enlarging.—Spink v. Corning (Sup.) 143.

The owner of a servient estate *held* not entitled to obstruct a water course, which had been artificially deepened and widened, without showing that it was improved under a license, and not under a claim of right.—Spink v. Corning (Sup.) 143.

Artificial lateral drains into a natural water course, though increasing and diminishing the flow at different times, to the damage of the owner of a servient estate, are not wrongful, unless they cause the stream to overflow.—Spink v. Corning (Sup.) 143.

A stream *held* to be a natural water course, which the owner of a servient estate was required to keep unobstructed.—Spink v. Corning (Sup.) 143.

**§ 2. Artificial ponds, reservoirs, and channels, dams, and flowage.**
An oral or written license to construct an artificial ditch, though given for a consideration and intended to be perpetual, may be revoked by a landowner after the construction of the ditch.—Spink v. Corning (Sup.) 143.

**§ 3. Public water supply.**
Under Laws 1890, c. 566, a village board of trustees have authority to pass resolutions au-

thorizing the construction of a water system for the village without first organizing themselves into a board of water commissioners.—Village of Bolivar v. Bolivar Water Co. (Sup.) 750.

A corporation organized under Laws 1890, c. 566, § 80, *held* not entitled to tear up the streets of a village for the construction of a water system without obtaining authority from the village board of trustees.—Village of Bolivar v. Bolivar Water Co. (Sup.) 750.

Defendant *held* estopped under the evidence from attacking the validity of resolutions of a village board of trustees authorizing defendant to construct a water system for the village.—Village of Bolivar v. Bolivar Water Co. (Sup.) 750.

Where defendant agreed to construct a water system for the plaintiff city, and to connect the old hydrants of the city with the new mains, an offer by defendant to make such connection if the city would detach the hydrants *held* not to constitute a defense to an action to forfeit defendant's franchise for failing to make the connection.—Village of Bolivar v. Bolivar Water Co. (Sup.) 750.

City, diverting subsurface water by its wells and pumps, *held* liable for injuries sustained by adjoining landowners.—Westphal v. City of New York (Sup.) 1021; Hiller v. Same, Id.; Dieckmann v. Same, Id.

## WAYS.

Private rights of way, see "Easements."
Public ways, see "Highways"; "Municipal Corporations," § 3.

## WIDOWS.

Dower, see "Dower," § 1.

## WILLS.

See "Executors and Administrators."
Construction and execution of trusts, see "Trusts."
Equitable conversion, see "Conversion."
Legacy and succession taxes, see "Taxation," § 5.
Restrictions on perpetuities, see "Perpetuities."

**§ 1. Requisites and validity.**
Will construed, and *held*, that there was no implied revocation of a bequest.—Nutzhorn v. Sittig (Sup.) 287.

Evidence *held* sufficient to show that a will was the result of undue influence exercised by the principal beneficiary.—Chambers v. Chambers (Sup.) 483.

**§ 2. Probate, establishment, and annulment.**
Under Code Civ. Proc. § 1861, subd. 1, a complaint to establish a lost will need not show that it was lost before it was duly proved and recorded.—Donlon v. Kimball (Sup.) 252.

Under Code Civ. Proc. §§ 1861–1867, one claiming to be a legatee under an alleged lost

codicil giving such person a certain legacy, unless its equivalent was settled on her by the testator in his lifetime, is a party "interested," and entitled to maintain the proceedings.—Donlon v. Kimball (Sup.) 252.

Under Code Civ. Proc. § 2473, an objection by purchaser of real estate to title taken under a will, that title was defective, *held* without merit.—Sisco v. Martin (Sup.) 597.

Evidence *held* insufficient to show revocation of will by a later will.—In re William's Will (Sur.) 1055.

### § 3. Construction.

Where property was devised in trust for a mother, with remainder on her death to her children, and the children assigned their interest to her, the mother's release of the income from the trust gave her no right to the immediate payment of the remainder under Laws 1896, c. 547, § 83, and Laws 1897, c. 417, § 3; the children having no vested interests in the remainder until the death of their mother.—In re Hogarty (Sup.) 839.

### § 4. Rights and liabilities of devisees and legatees.

A will devising real estate to certain persons, but charging it with an annuity to the testator's widow, but which does not state that it is in lieu of dower, does not require the widow to elect between the annuity and the dower.—Horstmann v. Flege (Sup.) 596.

A will giving an annuity to the widow of testator, but which does not state that it is in lieu of dower, does not require the widow to elect between the dower and bequest.—Horstmann v. Flege (Sup.) 596.

A taking of land by eminent domain and the receipt by the owner of the award constitutes an ademption, which will prevent the devisee of the land under a former will from taking the money on the death of the testator.—Ametrano v. Downs (Sup.) 833.

A widow, devisee of life estate, *held* not compelled to elect between the devise and dower.—Hopkins v. Cameron (Sup.) 1027.

## WITNESSES.

See "Depositions"; "Evidence."
Experts, see "Evidence," § 8.
Opinions, see "Evidence," § 8.

### § 1. Competency.

Communications made by a client to a lawyer's clerk openly and in the presence of others *held* not confidential, within the meaning of Code Civ. Proc. § 835.—Lecour v. Importers' & Traders' Nat. Bank (Sup.) 419.

A party to an action by an administrator *held* not to have derived his title or interest from a witness, which would render the latter incompetent, under Code Civ. Proc. § 829.—Lecour v. Importers' & Traders' Nat. Bank (Sup.) 419.

A witness *held* not to have such an interest in the event of a suit, within the meaning of Code Civ. Proc. § 829, as would prevent him testifying as to a transaction with testator.—Lecour v. Importers' & Traders' Nat. Bank (Sup.) 419.

Under Code Civ. Proc. § 829, the testimony of defendant, claiming a gift of corporate stock in controversy, *held* inadmissible.—Richardson v. Emmett (Sup.) 546.

The fact that deputy superintendents of elections were public officers does not make them incompetent witnesses in proceedings to revoke a liquor license for selling liquor at prohibited times.—In re Lyman (Sup.) 822.

### § 2. Credibility, impeachment, contradiction, and corroboration.

Plaintiff *held* not entitled to impeach his own witness.—Craft v. Brandow (Sup.) 364.

Where plaintiff testifies on cross-examination that she does not remember her testimony given on a former trial of the case, it is error to allow her to testify on redirect examination as to her testimony given on such trial.—Mulligan v. Third Ave. R. Co. (Sup.) 530.

## WORK AND LABOR.

Liens for work and materials, see "Mechanics' Liens."

Plaintiff *held* entitled to recover on a quantum meruit for services rendered.—Tribune Ass'n v. Eisner & Mendelson Co. (Sup.) 706.

Where a third person, employed to superintend work for defendant for a percentage on the cost, employed plaintiff, who furnished the materials and did the work, defendant was liable for the reasonable value thereof.—Collins v. Fowler (Sup.) 820.

The finding of the jury that plaintiff remained in a bank's service in the expectation that it would perform the agreement of its cashier to increase plaintiff's salary *held* justified by the evidence.—Meislahn v. Irving Nat. Bank (Sup.) 988.

A charge that the jury, in fixing plaintiff's compensation, were not bound by the salary paid to his predecessor, but should award him what his services were reasonably worth, *held* proper under the evidence.—Meislahn v. Irving Nat. Bank (Sup.) 988.

Plaintiff *held* entitled under the evidence to resign his position as clerk in a bank and to recover the reasonable worth of his past services.—Meislahn v. Irving Nat. Bank (Sup.) 988.

## WRITS.

See "Process."
Particular writs, see "Execution"; "Injunction"; "Mandamus"; "Replevin."

## WRONGFUL ENFORCEMENT OF TAX.

See "Taxation," § 3.

*

# TABLES OF NEW YORK SUPPLEMENT CASES

## APPEARING IN OTHER REPORTS.

## VOL. 58, APPELLATE DIVISION REPORTS.

| | Page |
|---|---|
| Abbey v. Wheeler (69 N. Y. S. 432) | 451 |
| Abegg v. People's Trust Co. (68 N. Y. S. 755) | 611 |
| Abegg v. People's Trust Co. (69 N. Y. S. 1128) | 625 |
| Allen v. Armstrong (68 N. Y. S. 1079) | 427 |
| American Exch. Nat. Bank v. Yule Mach. Co. (68 N. Y. S. 1097) | 320 |
| American Press Ass'n v. Brantingham (68 N. Y. S. 1133) | 619 |
| Andrews v. Investors' Chartered Co. (69 N. Y. S. 1128) | 625 |
| Arkenburgh, Matter of (69 N. Y. S. 125) | 583 |
| Badger v. New York County Nat. Bank (68 N. Y. S. 1133) | 618 |
| Barrett, Matter of (68 N. Y. S. 589) | 45 |
| Baxter v. Lancaster (68 N. Y. S. 1092) | 380 |
| Becker v. Becker (69 N. Y. S. 75) | 374 |
| Benedict v. Guardian Trust Co. (68 N. Y. S. 1082) | 302 |
| Bettenhasser v. Templars of Liberty of America (68 N. Y. S. 505) | 61 |
| Biddescomb v. Cameron (68 N. Y. S. 568) | 42 |
| Binzen v. Epstein (69 N. Y. S. 789) | 304 |
| Birnbaum v. May (68 N. Y. S. 591) | 76 |
| Blase, People ex rel., v. Blase (68 N. Y. S. 1145) | 618 |
| Bloomington Min. Co. v. Brooklyn Hygienic Ice Co. (68 N. Y. S. 699) | 66 |
| Blum v. Bruggemann (68 N. Y. S. 1065) | 377 |
| Board of Rapid Transit Com'rs, Matter of (69 N. Y. S. 1129) | 625 |
| Boeger v. Hoffman (69 N. Y. S. 258) | 540 |
| Boll v. New York & H. R. Co. (69 N. Y. S. 1129) | 625 |
| Bolognesi v. Hirzel (69 N. Y. S. 534) | 530 |
| Bolte v. Dieckman (68 N. Y. S. 444) | 85 |
| Bond v. Stewart (68 N. Y. S. 586) | 615 |
| Bosi v. New York Herald Co. (68 N. Y. S. 1134) | 619 |
| Brandreth's Estate, Matter of (69 N. Y. S. 142) | 575 |
| Brown v. Russell (68 N. Y. S. 755) | 218 |
| Brunner v. Bournonville (68 N. Y. S. 1084) | 619 |
| Burnham v. Paterson (69 N. Y. S. 1130) | 625 |
| Burnham v. Pidcock (68 N. Y. S. 1007) | 273 |
| Burton v. Patterson (68 N. Y. S. 1135) | 618 |
| Bush v. O'Brien (68 N. Y. S. 651) | 118 |
| Bush v. O'Brien (69 N. Y. S. 1130) | 625 |
| | Page |
| Carr v. Butler (69 N. Y. S. 1130) | 625 |
| Chipperfield v. Johnson (69 N. Y. S. 1132) | 625 |
| City Trust, Safe Deposit & Surety Co. of Philadelphia v. Fidelity & Casualty Co. of New York (68 N. Y. S. 601) | 18 |
| City Trust, Safe Deposit & Surety Co. of Philadelphia v. Wilson Mfg. Co. (68 N. Y. S. 1004) | 271 |
| Claflin Co., People ex rel., v. Feitner (69 N. Y. S. 410) | 468 |
| Clarke's Estate, Matter of (68 N. Y. S. 1135) | 618 |
| Clarke's Estate, Matter of (68 N. Y. S. 1135) | 619 |
| Clary-Squire v. Press Pub. Co. (68 N. Y. S. 1028) | 362 |
| Clowes v. Berckmanns (69 N. Y. S. 340) | 488 |
| Cobb v. Metropolitan St. Ry. Co. (68 N. Y. S. 1135) | 618 |
| Cohnfeld v. Tanenbaum (68 N. Y. S. 1023) | 310 |
| Collier v. Collins (69 N. Y. S. 94) | 550 |
| Collins v. Love (68 N. Y. S. 1135) | 619 |
| Conlon v. Starbuck (68 N. Y. S. 1135) | 618 |
| Connecticut Trust & Safe Deposit Co. v. Wead (69 N. Y. S. 518) | 493 |
| Connelly v. A. M. Crofts Co. (69 N. Y. S. 1132) | 624 |
| Corcoran v. New York, N. H. & H. R. Co. (69 N. Y. S. 73) | 606 |
| Cross v. Security Trust & Life Ins. Co. (69 N. Y. S. 189) | 602 |
| Daly's Estate, Matter of (68 N. Y. S. 596) | 49 |
| Deering v. Schreyer (68 N. Y. S. 1015) | 322 |
| Delafield v. J. K. Armsby Co. (68 N. Y. S. 998) | 432 |
| Department of Public Works, Matter of (In re Jerome Ave., 69 N. Y. S. 413) | 459 |
| De Sisto v. Stimmel (69 N. Y. S. 431) | 486 |
| Doyle v. City of New York (69 N. Y. S. 120) | 588 |
| Dunlap, People ex rel., v. New York Juvenile Asylum (68 N. Y. S. 656) | 133 |
| Eagan v. Eagan (68 N. Y. S. 777) | 253 |
| Eggstein v. Southern Tier Masonic Relief Ass'n (68 N. Y. S. 1137) | 618 |
| Ehrhard v. Metropolitan St. Ry. Co. (68 N. Y. S. 457) | 613 |
| Eldridge v. Paterson (69 N. Y. S. 1134) | 625 |

**58 APP. DIV.**—Continued. Page

Ely v. Keane (In re Evans' Will, 69 N. Y. S. 482) .......................... 502
Evans' Will, Matter of (69 N. Y. S. 482).. 502
Everdell v. Hill (68 N. Y. S. 719)........ 151
Export Lumber Co. v. South Brooklyn Sawmill Co. (68 N. Y. S. 1137)........ 618

Fay. Matter of (69 N. Y. S. 1134)........ 625
Fitzgerald v. Rodgers (68 N. Y. S. 946)... 298
Flammer v. Manhattan Ry. Co. (68 N. Y. S. 1137) ............................ 618
Fleisher v. Farmers' Loan & Trust Co. (69 N. Y. S. 437)..................... 473
Foley v. Scharmann (68 N. Y. S. 771)... 250
Foley v. Scharmann (69 N. Y. S. 1134)... 625
Foster v. Kendall (68 N. Y. S. 1138)...... 618
Frank v. Metropolitan St. Ry. Co. (68 N. Y. S. 537)......................... 100
Frank Brewery, People ex rel., v. Lyman (69 N. Y. S. 1142)................... 625
Fransioli, Matter of (69 N. Y. S. 1134).... 625
Fuller & Co. v. Schrenk (68 N. Y. S. 781).. 222

Gall v. Gall (68 N. Y. S. 649).......... 97
Garrett Co. v. McComb (68 N. Y. S. 996).. 419
Garrett Co. v. McComb (69 N. Y. S. 1138) 625
Gildea v. Metropolitan St. Ry. Co. (69 N. Y. S. 568)........................ 528
Gonorovsky v. Dry Dock, E. B. & B. R. Co. (69 N. Y. S. 1135)............... 624
Goodwin v. Casino Land Co. (68 N. Y. S. 986) ............................. 621
Goodwin v. Crooks (69 N. Y. S. 578)..... 464
Goodyear v. Commercial Fire Ins. Co. (68 N. Y. S. 756)..................... 611
Grogan, People ex rel., v. York (69 N. Y. S. 1142) ........................ 624
Gross v. Egan (68 N. Y. S. 1139)....... 619

Hagan v. Ward (68 N. Y. S. 1003)...... 258
Hale v. Shannon (68 N. Y. S. 803)....... 247
Halley, People ex rel., v. Roosevelt (69 N. Y. S. 1142).................... 625
Hamershlag v. Duryea (68 N. Y. S. 1061) 288
Hammond v. National Life Ass'n (69 N. Y. S. 585) .......................... 453
Hammond v. National Life Ass'n (69 N. Y. S. 1136) ...................... 625
Hand v. Miller (68 N. Y. S. 531)........ 126
Hand v. Miller (69 N. Y. S. 1136)....... 625
Harris v. New Amsterdam Gas Co. (68 N. Y. S. 1139)...................... 618
Hart, People ex rel., v. Brady (68 N. Y. S. 796) ............................ 219
Hasbrouck v. Marks (68 N. Y. S. 510).... 33
Hauptmann v. Hauptmann (68 N. Y. S. 1139) ............................ 618
H. B. Claflin Co., People ex rel., v. Feitner (69 N. Y. S. 410)................. 468
Hentz v. Havemeyer (68 N. Y. S. 440).... 36
Herman v. Manhattan Ry. Co. (68 N. Y. S. 1020) ......................... 369
Herrick v. Guarantors' Finance Co. (68 N. Y. S. 560)....................... 30
Herrlich, People ex rel., v. Roosevelt (69 N. Y. S. 1142)..................... 625
Home Bank v. Garver (68 N. Y. S. 1140).. 618
Hynes v. Hawes (69 N. Y. S. 413)....... 459

Israel v. Metropolitan El. Ry. Co. (69 N. Y. S. 218)........................ 266

Janssen v. Whitlock (68 N. Y. S. 1086)... 367

Kautsky, Matter of (68 N. Y. S. 1141).... 619
Kennett v. Hopkins (69 N. Y. S. 18)...... 407
Ketchum v. Belding (68 N. Y. S. 1099).... 295

Lage v. Kruger (68 N. Y. S. 1141)....... 619
Larkin v. Treasurer of Westchester County (69 N. Y. S. 142)................ 575
Lawlor v. Magnolia Metal Co. (68 N. Y. S. 1141) ......................... 618
L. D. Garrett Co. v. McComb (68 N. Y. S. 996) ............................. 419
L. D. Garrett Co. v. McComb (69 N. Y. S. 1138) ............................ 625
Lederer v. Sire (68 N. Y. S. 1141)....... 618
Lesser v. Riess (69 N. Y. S. 1138)....... 624
Levenson, Matter of (68 N. Y. S. 1141)... 618
Lodholz, People ex rel., v. Knox (69 N. Y. S. 602)......................... 541
Louis v. Connecticut Mut. Life Ins. Co. (68 N. Y. S. 683).................... 137
Lucas v. Metropolitan St. Ry. Co. (68 N, Y. S. 1142)....................... 618

Maasch v. Grauer (69 N. Y. S. 187)...... 560
McDonald v. City of New York (68 N. Y. S. 462) ........................... 73
McDonald v. Union Surety & Guaranty Co. (68 N. Y. S. 1142)............... 618
McDowell v. Dalton (69 N. Y. S. 1139)... 625
McGovern v. Manhattan Ry. Co. (69 N. Y. S. 1139) ...................... 624
McGuire v. Board (68 N. Y. S. 1026).... 388
Mackintosh v. Thompson (68 N. Y. S. 492) 25
Mackintosh v. Thompson (69 N. Y. S. 1139) 625
Maguire v. Chapman (68 N. Y. S. 1142)... 618
Maimone v. Dry Dock, E. B. & B. R. Co. (68 N. Y. S. 1073)................. 383
Mand v. Mooney. (69 N. Y. S. 1140)..... 625
Manhattan Ry. Co. v. Comstock (68 N. Y. S. 1142)....................... 619
Mansbach v. New (68 N. Y. S. 674)...... 191
Marks v. Dellaglio (68 N. Y. S. 1142).... 618
Masey v. Masey (68 N. Y. S. 994)........ 619
Masons' Supplies Co. v. Jones (68 N. Y. S. 806) ........................... 231
Meeder v. Provident Sav. Life Assur. Soc. (68 N. Y. S. 518).................. 80
Merritt v. Smith (68 N. Y. S. 1143)...... 618
Metropolitan St. Ry. Co. v. Oppenheim (69 N. Y. S. 524)..................... 510
Meyers v. City of New York (69 N. Y. S. 529) .............................. 534
Michel v. Ellwanger (68 N. Y. S. 464)..... 616
Miller v. Miles (68 N. Y. S. 565)........ 103
Mittendorf v. New York & H. R. Co. (68 N. Y. S. 1094).................... 260
Mooney v. Press Pub. Co. (68 N. Y. S. 739) .............................. 613
Morris v. New York El. R. Co. (69 N. Y. S. 1140) .......................... 625
Morrison v. Metropolitan El. Ry. Co. (69 N. Y. S. 1140)..................... 625
Mutual Life Ins. Co. of New York v. Toplitz (68 N. Y. S. 680)................ 188
Mutual Reserve Fund Life Ass'n v. Paterson (69 N. Y. S. 1140)............... 625

Nason. People ex rel., v. Feitner (69 N. Y. S. 141).......................... 594

**58 APP. DIV.**—Continued. Page

Newcomb, Matter of (68 N. Y. S. 988)..... 338
New York Cent. & H. R. R. Co., People ex rel., v. Feitner (68 N. Y. S. 1058)........ 343
New York & Q. Gas & Electric Co., People ex rel., v. Feitner (69 N. Y. S. 27)... 555
Norwood v. Morgenthau (68 N. Y. S. 1144) 618

O'Connor v. Webster (68 N. Y. S. 1144)... 618
O'Neill v. McMullen (69 N. Y. S. 1141).... 625

Patterson v. Powell (68 N. Y. S. 1145).... 618
Peabody v. Knubel (68 N. Y. S. 1145)..... 619
Pearson v. Cuthbert (68 N. Y. S. 1031).... 395
Peet v. Kimball (68 N. Y. S. 1010)........ 329
People v. Biesecker (68 N. Y. S. 1067).... 391
People v. Cooper (69 N. Y. S. 257)........ 532
People v. Dickerson (68 N. Y. S. 715)..... 202
People v. Dunnigan (69 N. Y. S. 1141).... 625
People v. Hillman (69 N. Y. S. 66)....... 571
People v. Lennon (69 N. Y. S. 1141)...... 625
People v. Seldner (69 N. Y. S. 1141)...... 625
People ex rel. Blase v. Blase (68 N. Y. S. 1145)................................... 618
People ex rel. Dunlap v. New York Juvenile Asylum (68 N. Y. S. 656).......... 133
People ex rel. Frank Brewery v. Lyman (69 N. Y. S. 1142)...................... 625
People ex rel. Grogan v. York (69 N. Y. S. 1142)................................... 624
People ex rel. Halley v. Roosevelt (69 N. Y. S. 1142)............................ 625
People ex rel. Hart v. Brady (68 N. Y. S. 796) .................................. 219
People ex rel. H. B. Claflin Co. v. Feitner (69 N. Y. S. 410).................... 468
People ex rel. Herrlich v. Roosevelt (69 N. Y. S. 1142)........................ 625
People ex rel. Lodholz v. Knox (69 N. Y. S. 602)................................. 541
People ex rel. Nason v. Feitner (69 N. Y. S. 141)............................... 594
People ex rel. New York Cent. & H. R. R. Co. v. Feitner (68 N. Y. S. 1058)........ 343
People ex rel. New York & Q. Gas & Electric Co. v. Feitner (69 N. Y. S. 27)..... 555
People ex rel. Rolf v. Coler (68 N. Y. S. 448) .................................. 131
People ex rel. Rolf v. Coler (68 N. Y. S. 1101) ................................. 347
People ex rel. Scribner v. Board of Water Com'rs (69 N. Y. S. 93)............... 554
People ex rel. Streubel v. York (68 N. Y. S. 1146)............................. 618
People ex rel. Taylor v. York (68 N. Y. S. 1077) ............................... 621
Peterson v. Bronx Co. (68 N. Y. S. 1146).. 618
Pfeffer v. Kling (68 N. Y. S. 641)........ 179
Pope v. Levy (68 N. Y. S. 1146).......... 618
Powell v. F. C. Linde Co. (68 N. Y. S. 1070) ..................................... 261
Press Pub. Co. v. Altonwood Park, etc. Co. (68 N. Y. S. 1147)..................... 619
Pritchard v. Kirsch (68 N. Y. S. 1049).... 332

Radjaviller v. Third Ave. R. Co. (68 N. Y. S. 617)...................................... 11
Raegener v. Bartow (69 N. Y. S. 1144).... 624
Raegener v. Brockway (68 N. Y. S. 712)... 166
Recknagel v. Steinway (69 N. Y. S. 132)... 352
Recknagel v. Steinway (68 N. Y. S. 1147) 618
Recknagel v. Steinway (69 N. Y. S. 140).. 624

Reed, Matter of (68 N. Y. S. 1147)....... 618
Reed v. Metropolitan St. Ry. Co. (68 N. Y. S. 539)..................................... 87
Regan, Matter of (68 N. Y. S. 527)........ 1
Regensburg v. Nassau Electric R. Co. (69 N. Y. S. 147)................................ 566
Reich v. Cochran (69 N. Y. S. 1144)...... 625
Reid, Matter of (69 N. Y. S. 1144)....... 625
Rhinelander v. Farmers' Loan & Trust Co. (69 N. Y. S. 1144)...................... 619
Roach v. New York Cooperage Co. (68 N. Y. S. 1147)................................ 618
Rodgers v. Clement (68 N. Y. S. 594)..... 54
Rolf, People ex rel., v. Coler (68 N. Y. S. 448) ................................... 131
Rolf, People ex rel., v. Coler (68 N. Y. S. 1101) .................................. 347
Rosenstein v. Prince (69 N. Y. S. 1145)... 625
Rothschild v. Goldenberg (68 N. Y. S. 1095) ..................................... 293
Rothschild v. Goldenberg (69 N. Y. S. 523) 499
Rothschild v. Moeller (69 N. Y. S. 1145).. 624
Rubenstein v. Rubenstein (69 N. Y. S. 1145) ..................................... 625
Rudd v. Cornell (68 N. Y. S. 757)......... 207
Rudolph v. Ackerman (69 N. Y. S. 68).... 596

Sabin v. Kendrick (68 N. Y. S. 546)...... 108
Salisbury v. McGibbon (69 N. Y. S. 258)... 524
Sander v. New York & H. R. Co. (69 N. Y. S. 155).................................... 622
Schlaenger v. Metropolitan St. Ry. Co. (68 N. Y. S. 1148)........................ 618
Schwarz v. Robbins (68 N. Y. S. 1001).... 336
Scribner, People ex rel., v. Board Water Com'rs (69 N. Y. S. 93)................. 554
Seeman v. Tiedeman (68 N. Y. S. 401).... 615
Segi v. City of New York (68 N. Y. S. 1148) ..................................... 618
Shayne v. Evening Post Pub. Co. (68 N. Y. S. 1148)................................... 619
Sherman v. Tucker (68 N. Y. S. 1148).... 619
Shiland v. Loeb (69 N. Y. S. 11).......... 565
Shoenblum v. City of New York (68 N. Y. S. 1005)................................... 285
Sigua Iron Co. v. Brown (69 N. Y. S. 295) 436
Socialistic Co-op. Pub. Ass'n v. Kuhn (68 N. Y. S. 1149)........................... 625
Southack v. Central Trust Co. (69 N. Y. S. 1146) ................................. 625
Spaulding v. American Wood Board Co. (68 N. Y. S. 945)............................ 314
Spellissy v. Cook & Bernheimer Co. (68 N. Y. S. 995)................................ 283
Steencken, Matter of (In re Bolte, 68 N. Y. S. 444).................................. 85
Steencken, Matter of (69 N. Y. S. 1146)... 625
Stiasny v. Metropolitan St. Ry. Co. (68 N. Y. S. 694)................................ 172
Stikeman v. Flack (68 N. Y. S. 1011)..... 277
Stillman v. Brant (68 N. Y. S. 1149)...... 618
Streubel, People ex rel., v. York (68 N. Y. S. 1146)................................... 618
Stuyvesant v. Early (68 N. Y. S. 752)..... 242
Sugden v. Magnolia Metal Co. (68 N. Y. S. 809) ..................................... 236
Supik v. Steinhardt (68 N. Y. S. 1149)..... 618

Talcott v. City of New York (69 N. Y. S. 360) ..................................... 514
Tams v. Witmark (69 N. Y. S. 1149)...... 625

**58 APP. DIV.**—Continued.

Page

Taylor, People ex rel., v. York (68 N. Y. S. 1077) .................... 621
Thompson v. Hart (69 N. Y. S. 223)...... 439
Timberlake v. Knubel (68 N. Y. S. 1145).. 619
Travis v. Howard Lockwood & Co. (69 N. Y. S. 1149)........................ 625
Triest v. Rogers (69 N. Y. S. 1149)...... 625
Tyrrel v. Seamen's Bank for Savings (68 N. Y. S. 1150)........................ 618

United Press v. A. S. Abell Co. (68 N. Y. S. 613)........................... 611

Vanderbilt's Estate, Matter of (68 N. Y. S. 1150) ........................ 619

Ward v. Kountze (68 N. Y. S. 1150)...... 618
Warren v. Union Ry. Co. (69 N. Y. S. 1150) 625
Watson v. Noblett (68 N. Y. S. 1150)..... 618
Webb v. Norris (68 N. Y. S. 1150)........ 618

Page

Weekes v. Metropolitan St. Ry. Co. (68 N. Y. S. 1150)..................... 619
Weil v. Weil (69 N. Y. S. 1150)......... 625
Weinstein v. Weber (68 N. Y. S. 570)..... 112
Westbrook v. New York Sun Ass'n (69 N. Y. S. 266)........................ 562
Whitman v. Keiley (68 N. Y. S. 551)...... 92
Whitney v. Pugh (68 N. Y. S. 992)....... 316
Whitney v. Wilcox (68 N. Y. S. 667)...... 57
Woog v. Woog (69 N. Y. S. 555).......... 620
Wooster v. Ullman (69 N. Y. S. 1151).... 625
W. P. Fuller & Co. v. Schrenk (68 N. Y. S. 781)........................... 222
Wysong v. Meyer (69 N. Y. S. 286)....... 422

Young v. Knubel (68 N. Y. S. 1145)...... 619
Yuengling v. Betz (68 N. Y. S. 574)...... 8

Zangwill v. Sun Printing & Publishing Ass'n (68 N. Y. S. 1151)............... 618

## VOL. 59, APPELLATE DIVISION REPORTS.

Adriance, Matter of (69 N. Y. S. 314).... 440
Albany Exch. Sav. Bank v. Brass (69 N. Y. S. 391) ........................ 370
Allen v. Corby (69 N. Y. S. 7)........... 1
Allen v. Konrad (68 N. Y. S. 1057)....... 21
Allerton v. Steele (69 N. Y. S. 594)...... 622
Alsing Co. v. New England Quartz & Spar Co. (69 N. Y. S. 1137)............... 620
American Soda Fountain Co. v. Molloy (69 N. Y. S. 1128)...................... 619
Angevine v. Fleischmann (69 N. Y. S. 1128) 620
Ashley v. Ashley (69 N. Y. S. 173)....... 611
Auburn, City of, People ex rel., v. Duryea (69 N. Y. S. 388).................... 488

Bailey v. City of New York (69 N. Y. S. 1128) ........................... 620
Baker, Matter of (69 N. Y. S. 1128)...... 625
Barker v. Higbie (69 N. Y. S. 1129)...... 627
Barrett v. Bailey (69 N. Y. S. 246)...... 300
Baylis v. Bullock Electric Mfg. Co. (69 N. Y. S. 693)....................... 576
Beamer, People ex rel., v. Diehl (69 N. Y. S. 1142) ......................... 628
Bell v. Consolidated Gas, Electric Light, Heat & Power Co. (69 N. Y. S. 1129).... 620
Berckmeier v. Bauer (69 N. Y. S. 1129)... 620
Berensee v. Weinberg (69 N. Y. S. 1129)... 621
Bernheimer v. Schmid (69 N. Y. S. 659)... 564
Bickford v. Filzinger (69 N. Y. S. 1129).... 624
Bishof v. Leahy (69 N. Y. S. 1129)........ 620
Bliss v. Sherrill (69 N. Y. S. 1129)....... 626
Board of Education, Matter of (69 N. Y. S. 572) ........................... 258
Bormann v. New York & N. S. R. Co. (69 N. Y. S. 1129)..................... 620
Bouton v. Welch (69 N. Y. S. 407)........ 288
Brazee v. Stewart (69 N. Y. S. 231)....... 476
Bridgeman, Matter of (69 N. Y. S. 1129)... 626
Brooks v. Henry (69 N. Y. S. 1129)....... 624
Brown v. Taussig (69 N. Y. S. 1129)...... 619
Brush v. City of New York (69 N. Y. S. 51) 12
Buchholtz v. Florida East Coast Ry. Co. (69 N. Y. S. 682)..................... 566
Burckle v. Adams Bros. Co. (69 N. Y. S. 40) 109

Burr, People ex rel., v. Feitner (69 N. Y. S. 574) ........................... 233
Butler v. Village of White Plains (69 N. Y. S. 193) ........................... 30

Callaghan v. Bloch (69 N. Y. S. 1130).... 621
Campbell, Matter of (69 N. Y. S. 1130)... 619
Campbell v. Cayey (69 N. Y. S. 859)...... 621
Canisius College of Buffalo, People ex rel., v. Mock (69 N. Y. S. 1142)........... 627
Carll, People ex rel., v. White (69 N. Y. S. 30) .............................. 17
Cassio v. Brooklyn Heights R. Co. (69 N. Y. S. 208)........................ 617
Chadwick, Matter of (69 N. Y. S. 853)..... 334
Chanler, Matter of (69 N. Y. S. 1130)..... 613
Chapman, Matter of (69 N. Y. S. 1131).... 624
City of Auburn, People ex rel., v. Duryea (69 N. Y. S. 388).................... 488
City of New York, Matter of (69 N. Y. S. 742) ............................. 603
City of New York v. Hexamer (69 N. Y. S. 198) ............................. 4
City of New York v. Strauss (69 N. Y. S. 1132) ............................ 620
City of Rochester, People ex rel., v. De Witt (69 N. Y. S. 366)................ 493
Clark v. Brooklyn Heights R. Co. (69 N. Y. S. 1132) ...................... 620
Clark v. Prudential Ins. Co. (69 N. Y. S. 1132) ............................ 620
Clark v. Rumsey (69 N. Y. S. 102)........ 435
Coleman v. Village of Fulton (69 N. Y. S. 1132) ............................ 627
College Point, Village of, v. Rausch (69 N. Y. S. 1149).................... 620
Collins v. Dunston (69 N. Y. S. 1132).... 626
Collins v. New York Post Graduate Medical School & Hospital (69 N. Y. S. 106).... 63
Colwell v. Chapter General of America, Knights of St. John & Malta (69 N. Y. S. 1132) ............................ 621
Commissioners of Highways of Town of Belfast, Matter of (69 N. Y. S. 1149).... 626

**59 APP. DIV.**—Continued.    Page

Continental Nat. Bank of New York v. Tradesmen's Nat. Bank (69 N. Y. S. 82)   103
Cooke v. Metropolitan St. Ry. Co. (69 N. Y. S. 4) ............................... 154
Cooper v. Jackson (69 N. Y. S. 1132) ...... 619
Cortland County v. Wade (69 N. Y. S. 1132) 624
Gosselmon v. Dunfee (69 N. Y. S. 271).... 467
Cottle v. County of Erie (69 N. Y. S. 1132) 626
Cottle v. Guaranty Bldg. Co. (69 N. Y. S. 1132) ........................ 626
Coughlin v. Brooklyn Heights R. Co. (68 N. Y. S. 1105)........................ 126
County of Cortland v. Wade (69 N. Y. S. 1132) ........................ 624
Cowing v. Bryant (69 N. Y. S. 1133)...... 628
Cramer, Matter of (69 N. Y. S. 299)....... 541
Crittenden v. Barton (69 N. Y. S. 559)..... 555
Cromwell, People ex rel., v. Seaman (69 N. Y. S. 55)............................ 76
Crowley v. Gormley (69 N. Y. S. 576)...... 256
Cruikshank v. Press Pub. Co. (69 N. Y. S. 1133) ........................ 620
Currie v. Gardenier (69 N. Y. S. 245)...... 319

Dahnlos v. Smith (69 N. Y. S. 1133)....... 620
Dauchy, Matter of (69 N. Y. S. 827)....... 383
Davidson v. Bose (69 N. Y. S. 1133)....... 620
Dechen v. Dechen (68 N. Y. S. 1043)...... 166
Deisler v. Deisler (69 N. Y. S. 326)........ 207
De Jong v. Erie R. Co. (69 N. Y. S. 78).... 168
Delafield v. Village of Westfield (69 N. Y. S. 1133) ........................ 626
Dempsey v. Chautauqua Nat. Building Loan & Savings Ass'n (69 N. Y. S. 1133)...... 627
Denison v. Masons' Fraternal Acc. Ass'n (69 N. Y. S. 291)...................... 294
Dennis v. Village of Elmira Heights (70 N. Y. S. 312)............................ 404
Devitt v. Providence Washington Ins. Co. (69 N. Y. S. 1133)...................... 621
Dillon v. Nassau Electric R. Co. (68 N. Y. S. 1098)............................ 614
Dorland v. Dorland (69 N. Y. S. 179)...... 37
Douglass v. Northern Cent. Ry. Co. (69 N. Y. S. 370)............................ 470
Dowd v. New York, O. & W. Ry. Co. (69 N. Y. S. 1133).......................... 626
Dowling v. Nassau Electric R. Co. (69 N. Y. S. 1133)............................ 620
Doxsee v. City of Syracuse (69 N. Y. S. 1133) .......................... 627
Driscoll v. Village of Seneca Falls (69 N. Y. S. 1133)............................ 627
Duffy v. Consolidated Gas. Co. (69 N. Y. S. 635)............................ 580
Dunkle v. McAllister (69 N. Y. S. 1133)... 624
Dunn v. Allen (67 N. Y. S. 218).......... 561

Eckert v. City of New York (69 N. Y. S. 124) ........................ 611
Edwards v. New York Cent. & H. R. R. Co. (69 N. Y. S. 1134)...................... 627
Eppens, Smith & Weiman Co. v. Pendergast (69 N. Y. S. 1134)................. 626
Ericson v. Edison Electric Illuminating Co. (68 N. Y. S. 1044)...................... 612
Erie R. Co. v. Steward (69 N. Y. S. 57).... 187
Everson v. Heffernan (69 N. Y. S. 268).... 533

Fayetteville, Village of, v. Syracuse & S. R. Co. (70 N. Y. S. 1151).............. 627

   Page

Fennikoh v. Gunn (69 N. Y. S. 12)........ 132
Finkle, Matter of (69 N. Y. S. 1134)....... 624
Fisher v. Blocher Mfg. Co. (69 N. Y. S. 1134) ........................ 626
Fogarty v. Bogart (69 N. Y. S. 47)........ 114
Fox v. Union Turnpike Co. (69 N. Y. S. 551) 363
Freeman v. Ahearn (70 N. Y. S. 1151).... 620

Gaffey v. Neidlinger (Leslie v. Saratoga Brewing Co., 69 N. Y. S. 581)......... 400
Gallagher v. Berwin (69 N. Y. S. 1134).... 621
Genesee Nat. Savings & Loan Ass'n v. Allen (69 N. Y. S. 1135)................ 627
Giles v. Metropolitan St. Ry. Co. (69 N. Y. S. 1135)............................ 619
Ginsburg v. Von Seggern (69 N. Y. S. 758) 595
Gleason, Matter of (In re Town of Belfast, 69 N. Y. S. 1149)...................... 626
Goetting, People ex rel., v. Alwang (69 N. Y. S. 1142)............................ 621
Gordon v. City of Niagara Falls (69 N. Y. S. 1135)............................ 627
Grade Crossing Com'rs of City of Buffalo, Matter of (69 N. Y. S. 152)........... 498
Grant, Matter of (69 N. Y. S. 1135)....... 624
Graveline, People ex rel., v. Ham (69 N. Y. S. 283) ........................ 314
Graves v. Pond (69 N. Y. S. 1133)........ 624
Great Western Turnpike Co., President, etc., of, v. Shafer (69 N. Y. S. 1143)..... 625
Greene v. Greene (69 N. Y. S. 1135)...... 621
Gross v. Schoellkopf (69 N. Y. S. 1135).... 626
Gunsaul v. Grannis (69 N. Y. S. 1135).... 627
Gwynn, Matter of (69 N. Y. S. 1135)..... 619

Hagadorn v. Masonic Equitable Acc. Ass'n of the World (69 N. Y. S. 831)......... 321
Haight, Matter of (69 N. Y. S. 1136)...... 626
Hakes v. Thornton (69 N. Y. S. 234)..... 464
Hale v. Wayside Knitting Co. (69 N. Y. S. 404) ........................ 395
Hale v. Wayside Knitting Co. (69 N. Y. S. 1136)............................ 624
Halliday v. Brooklyn Heights R. Co. (69 N. Y. S. 174)............................ 57
Hamel v. Brooklyn Heights R. Co. (69 N. Y. S. 166)............................ 135
Hamlin v. Stevens (69 N. Y. S. 255)..... 522
Harris v. Harris (69 N. Y. S. 1136)...... 624
Hart, Matter of (69 N. Y. S. 1136)....... 619
Haworth, Matter of (69 N. Y. S. 843)..... 393
Hayes v. Johnson (69 N. Y. S. 1136)..... 621
Hodnett, People ex rel., v. Leggett (69 N. Y. S. 1142)............................ 626
Holton v. Robinson (69 N. Y. S. 33)...... 45
Homestead Co-operative Building & Loan Ass'n v. Arnold (69 N. Y. S. 1136)...... 619
Houghton v. Metropolitan St. Ry. Co. (69 N. Y. S. 1137)........................ 621
Howe, People ex rel., v. Conway (69 N. Y. S. 837)............................ 329
Hoye v. Flynn (69 N. Y. S. 1137)......... 620
Hudson v. Erie R. Co. (69 N. Y. S. 1137).. 620
Hunter, Matter of (69 N. Y. S. 1137)...... 626
Hutchins v. Fitchburg R. Co. (69 N. Y. S. 1137) ........................ 624

India Wharf Brewing Co. v. Brooklyn Wharf & Warehouse Co. (69 N. Y. S. 274) 83
Irwin v. Brooklyn Heights R. Co. (69 N. Y. S. 80)............................ 95

**59 APP. DIV.**—Continued.     Page

Jamestown Business College Ass'n v. Allen (69 N. Y. S. 1137) .................... 627
Jetmore, Matter of (69 N. Y. S. 1137) ..... 620
Johnson, Matter of (69 N. Y. S. 1137) .... 626
Johnson v. Praeger (69 N. Y. S. 836) ...... 339
Jones v. Brooklyn, Q. C. & S. R. Co. (69 N. Y. S. 1137) ............................... 621
J. R. Alsing Co. v. New England Quartz & Spar Co. (69 N. Y. S. 1137) ............ 620

Kaiser v. British America Assur. Co. (69 N. Y. S. 1137) ............................... 625
Kaiser v. Fire Ass'n of Philadelphia (69 N. Y. S. 1137) ............................... 625
Kaiser v. Hamburg-Bremen Fire Ins. Co. (69 N. Y. S. 344) ........................... 525
Kaiser v. Svea Assur. Co. of Gothenberg, Sweden (69 N. Y. S. 1137) .............. 625
Keefe v. Bannin (69 N. Y. S. 1138) ....... 624
Keeseville, Village of, v. Keeseville Electric Co. (69 N. Y. S. 249) .............. 381
Kerrigan v. Fielding (69 N. Y. S. 1138)... 619
King v. King (68 N. Y. S. 1089) .......... 128
Kiras v. Nichols Chemical Co. (69 N. Y. S. 44) ........................................ 79
Kley v. Higgins (69 N. Y. S. 826) ........ 581
Krieger, Matter of (69 N. Y. S. 851) ...... 346

Laing, Matter of (69 N. Y. S. 214) ........ 612
Laing, Matter of (69 N. Y. S. 1138) ....... 621
Larssen v. Delaware, L. & W. R. Co. (69 N. Y. S. 352) .............................. 202
Lawrence v. Freeman (69 N. Y. S. 6) ..... 55
Lawson, Matter of (69 N. Y. S. 1138) ..... 626
Leggett v. Pine (69 N. Y. S. 1138) ....... 624
Lenox Corp., Matter of (69 N. Y. S. 1138) 625
Lenox Corp., Matter of (69 N. Y. S. 1138) 626
Leonard v. Municipal Gas Co. (69 N. Y. S. 1138) ...................................... 624
Leslie v. Saratoga Brewing Co. (69 N. Y. S. 581) .................................... 400
Leslie v. Saratoga Brewing Co. (69 N. Y. S. 1138) ................................... 624
Leuchter v. Western Union Tel. Co. (69 N. Y. S. 1138) ................................ 619
Leuchter v. Western Union Tel. Co. (69 N. Y. S. 1139) ................................ 621
L'Hommedieu v. Winthrop (69 N. Y. S. 381) ........................................ 192
Liberty Wall Paper Co. v. Stoner Wall Paper Mfg. Co. (69 N. Y. S. 355) .......... 353
Longyear v. Van Etten (69 N. Y. S. 1139) 624
Lord, Matter of (69 N. Y. S. 678) ......... 591
Love v. Hamel (69 N. Y. S. 251) .......... 360
Love v. Lathrop (69 N. Y. S. 1139) ....... 627
Low v. United States Fidelity & Guaranty Co. (69 N. Y. S. 1139) ................... 624
Lowe v. Press Pub. Co. (69 N. Y. S. 1139) 620
Lozier v. Roohan (69 N. Y. S. 247) ....... 390
Lozier v. Saratoga Gas, Electric Light & Power Co. (69 N. Y. S. 247) ............. 390
Lozier v. West (69 N. Y. S. 1139) ........ 624
Ludlow St., Matter of (68 N. Y. S. 1046).. 180
Ludwig v. Ingelfinger (69 N. Y. S. 417).. 619
Lyman, Matter of (69 N. Y. S. 309) ...... 217

McCarty v. Ritch (69 N. Y. S. 129) ....... 145
MacDonald v. Bear Lithia Spring Co. (69 N. Y. S. 1139) ........................... 620
McDonald v. City of Syracuse (69 N. Y. S. 1139) ...................................... 626

McKesson v. Crandall (69 N. Y. S. 1139).. 627
McKinney v. La Dow (69 N. Y. S. 1139).. 624
McMahon v. McMahon (69 N. Y. S. 1139) 620
Maguire v. Maguire (69 N. Y. S. 61) ...... 143
Mais v. Ruh (69 N. Y. S. 1140) ........... 620
Maisel v. Fire Ass'n of Philadelphia (69 N. Y. S. 181) ................................ 461
Manhattan Ry. Co. v. Tompkins (69 N. Y. S. 668) ..................................... 572
Manning's Estate, Matter of (69 N. Y. S. 1140) ...................................... 624
Marcy v. Owen (69 N. Y. S. 1140) ........ 625
Marshall v. Friend (69 N. Y. S. 1140) ..... 628
Martin v. Deforest (69 N. Y. S. 1140) ..... 620
Martineau v. Simonson (69 N. Y. S. 185).. 100
Marx v. Ciancimino (69 N. Y. S. 672) .... 570
Mathews, Matter of (69 N. Y. S. 203) ..... 159
Mauch, People ex rel., v. Superintendent, etc., of State Industrial School (69 N. Y. S. 1143) ................................... 626
Mayor, etc., of City of New York, Matter of (69 N. Y. S. 742) .................... 603
Meehan, Matter of (69 N. Y. S. 9) ........ 156
Mehrle v. Brooklyn, Q. C. & S. R. Co. (69 N. Y. S. 210) .............................. 617
Mikles v. Hawkins (69 N. Y. S. 557) ..... 253
Miller v. Munroe (69 N. Y. S. 861) ....... 623
Mills, Matter of (69 N. Y. S. 1140) ....... 621
Mills v. Bunke (69 N. Y. S. 96) .......... 39
Monahan v. Eidlitz (69 N. Y. S. 335) ..... 224
Morrow v. Tillinghast (69 N. Y. S. 1140).. 620
Moulton, Matter of (69 N. Y. S. 14) ...... 25
Mowbray v. Brooklyn Heights R. Co. (69 N. Y. S. 435) .............................. 239
Muller v. Peterson (69 N. Y. S. 1140) ..... 620
Murray v. Pelcyger (69 N. Y. S. 1140) .... 621

National Commercial Bank of Albany v. Lackawanna Transp. Co. (69 N. Y. S. 396) ........................................ 270
Neidlinger v. Gaffey (Leslie v. Saratoga Brewing Co., 69 N. Y. S. 1138) .......... 624
Newell v. Town of Stony Point (69 N. Y. S. 583) .................................... 237
New York, City of, Matter of (69 N. Y. S. 742) ........................................ 603
New York, City of, v. Hexamer (69 N. Y. S. 198) .................................... 4
New York, City of, v. Strauss (69 N. Y. S. 1132) ...................................... 620
Nichols v. Backus (69 N. Y. S. 1141) ..... 624
Niemoller v. Duncombe (69 N. Y. S. 88).. 614
North Salem, Town of, People ex rel., v. City of New York (69 N. Y. S. 1143) .... 621

Oakwood, People ex rel., v. City of Syracuse (69 N. Y. S. 1143) ................. 626
O'Brien v. Bennett (69 N. Y. S. 298) ...... 623
Osterhaus v. Straus (69 N. Y. S. 1141) .... 620
Owens v. Buffalo Review Co. (69 N. Y. S. 1141) ...................................... 626
Oyster Bay, Town of, People ex rel., v. Woodruff (69 N. Y. S. 1143) ............ 625

Paddack v Lewis (69 N. Y. S. 1) ......... 430
Paddack v. Nicholson (69 N. Y. S. 1141).. 625
Paul v. Paul (69 N. Y. S. 1141) .......... 626
People v. Baker (69 N. Y. S. 1141) ....... 627
People v. Cleary (In re Opening of Seventh Ave. in Town of New Utrecht, 69 N. Y. S. 63) .................................... 175

**59 APP. DIV.**—Continued.    Page

People v. Grossman (69 N. Y. S. 1141).... 626
People v. McCarthy (69 N. Y. S. 513)..... 231
People v. McFarland (69 N. Y. S. 1141)... 624
People v. Tench (69 N. Y. S. 1141)....... 627
People ex rel. Beamer v. Diehl (69 N. Y. S. 1142) ............................ 628
People ex rel. Burr ·v. Feitner (69 N. Y. S. 574)............................ 233
People ex rel. Canisius College of Buffalo, N. Y., v. Mock (69 N. Y. S. 1142)...... 627
People ex rel. Carll v. White (69 N. Y. S. 30) ............................... 17
People ex rel. City of Auburn v. Duryea (69 N. Y. S. 388)..................... 488
People ex rel. City of Rochester v. De Witt (69 N. Y. S. 366)................ 493
People ex rel. Cromwell v. Seaman (69 N. Y. 55)............................ 76
People ex rel. Goetting v. Alwang (69 N. Y. S. 1142)........................ 621
People ex rel. Graveline v. Ham (69 N. Y. S. 283)............................ 314
People ex rel. Hodnett v. Leggett (69 N. Y. S. 1142)........................ 626
People ex rel. Howe v. Conway (69 N. Y. S. 837)............................ 329
People ex rel. Mauch v. Superintendent, etc., of State Industrial School (69 N. Y. S. 1143)........................ 626
People ex rel. Oakwood v. City of Syracuse (69 N. Y. S. 1143)............... 626
People ex rel. Seitz v. Lyman (69 N. Y. S. 111) ............................. 172
People ex rel. Syracuse Imp. Co. v Morgan (69 N. Y. S. 263)................. 302
People ex rel. Town of North Salem v. City of New York (69 N. Y. S. 1143)....... 621
People ex rel. Town of Oyster Bay v. Woodruff (69 N. Y. S. 1143)............ 625
People ex rel. Ward v. Scheu (69 N. Y. S. 1143) ............................ 627
People's Building, Loan & Saving Ass'n v. Platz (69 N. Y. S. 589)............... 275
Peterson v. Grover (69 N. Y. S. 57)....... 625
Phelan v. Downs (69 N. Y. S. 375)....... 282
Pickett v. Town of West Monroe (69 N. Y. S. 1143) ............................ 626
Pilkey v. Harrower (69 N. Y. S. 243)..... 378
Pilling v. Wolcott (69 N. Y. S. 1143)..... 626
Potter v. City of New York (68 N. Y. S. 1039) ............................... 70
Potter v. Potter (69 N. Y. S. 183)........ 140
Powell v. Brooklyn Heights R. Co. (69 N. Y. S. 1143)............................ 619
Pratt v. Johnston (69 N. Y. S. 86)........ 52
President, etc., of Great Western Turnpike Co. v. Shafer (69 N. Y. S. 1143).... 625
Probst v. Rochester Steam Laundry Co. (69 N. Y. S. 1144)....................... 625

Randall v. Grant (69 N. Y. S. 221)...... 485
Rankin v. Westchester Electric Ry. Co. (69 N. Y. S. 1144)....................... 621
Read v. Hobart (69 N. Y. S. 1144)........ 625
Regan v. Robinson (69 N. Y. S. 1144)..... 620
Reilly v. Hillen (69 N. Y. S. 1144)..... 620
Reiss v. Town of Pelham (69 N. Y. S. 1144) ............................... 620
R. F. Stevens Co. v. Brooklyn Heights R. Co. (68 N. Y. S. 1088)................. 23

   Page

Riverside Park, Matter of (Matter of City of New York, 69 N. Y. S. 742)......... 603
Rochester, City of, People ex rel., v. De Witt (69 N. Y. S. 366)................ 493
Rohan v. Metropolitan St. Ry. Co. (69 N. Y. S. 570)............................ 250
Russell, Matter of (69 N. Y. S. 563)....... 242
Ryan v. Preston (69 N. Y. S. 100)........ 97

Sample v. Lyons (69 N. Y. S. 378)........ 456
Saratoga Traction Co., Matter of (69 N. Y. S. 1145) ............................ 624
Schneider v. Staten Island Electric R. Co. (69 N. Y. S. 1145)..................... 619
Schoepflin v. Coffey (69 N. Y. S. 1145).... 625
Schuckman v. Port Chester Bolt & Nut Co. (69 N. Y. S. 1145)................ 620
Schwing v. Lettau (69 N. Y. S. 1145)..... 627
Seitz v. Seitz (69 N. Y. S. 170).......... 150
Seitz, People ex rel., v. Lyman (69 N. Y. S. 111) ............................. 172
Seventh Ave., Matter of (69 N. Y. S. 63).. 175
Seymour v. Warren (69 N. Y. S. 236)..... 120
Shaw v. City of New York (69 N. Y. S. 669) ................................ 568
Shaw v. Cornell (69 N. Y. S. 660)........ 573
Shotwell v. Dixon (69 N. Y. S. 1145)..... 625
Sinnott v. Crocheron (69 N. Y. S. 1146)... 621
Slocum v. Mulhern (69 N. Y. S. 1146)..... 625
Smith v. Barnum (69 N. Y. S. 253)....... 291
Smith v. Bowers (69 N. Y. S. 1146)....... 625
Smith v. Brooklyn Heights R. Co. (69 N. Y. S. 1146)............................ 620
Smith v. Houghton (69 N. Y. S. 1146)..... 619
Smith v. Metropolitan St. Ry. Co. (69 N. Y. S. 176)............................ 60
Sommers v. Schrader (69 N. Y. S. 866).... 340
Stanley v. Westchester Electric Ry. Co. (69 N. Y. S. 1146)....................... 620
Stanley v. Westchester Electric Ry. Co. (69 N. Y. S. 1146)..................... 621
Stanton v. Yonkers R. Co. (69 N. Y. S. 1146) ............................... 619
Steinway v. Von Bernuth (69 N. Y. S. 1146) ............................... 261
Stevens Co. v. Brooklyn Heights R. Co. (68 N. Y. S. 1088)..................... 23
Stoutenburgh v. Davison (69 N. Y. S. 1148) 621
Strosinsky v. George Bechtel Brewing Co. (69 N. Y. S. 1149)..................... 619
Sullivan v. George Ringler & Co. (69 N. Y. S. 38) ............................. 184
Sutton v. Corning (69 N. Y. S. 670)....... 589
Syracuse Imp. Co., People ex rel., v. Morgan (69 N. Y. S. 263)................. 302
Syracuse Solar Salt Co. v. Rome, W. & O. R. Co. (69 N. Y. S. 1149).............. 625

Teator v. New York Mut. Savings & Loan Ass'n (69 N. Y. S. 261)................ 307
Te Bow v. Washington Life Ins. Co. (69 N. Y. S. 289)........................... 310
Thompson v. Wilber (69 N. Y. S. 1149)... 624
Thousand Island Park Ass'n v. Tucker (69 N. Y. S. 1149)......................... 627
Tolmie v. Standard Oil Co. (69 N. Y. S. 841) ................................ 332
Tosch v. Tosch (69 N. Y. S. 1149)........ 626
Town of North Salem, People ex rel., v. City of New York (69 N. Y. S. 1143).... 621

**59 APP. DIV.**—Continued.      Page

Town of Oyster Bay, People ex rel., v.
Woodruff (69 N. Y. S. 1143)............ 625

Townsend v. Stokes (69 N. Y. S. 1149).... 619

Tuxedo Park Ass'n v. Sterling Iron & Railway Co. (69 N. Y. S. 1149)............ 620

Vacaro v. Metropolitan St. Ry. Co. (69 N.
Y. S. 1149)......................... 620

Village of College Point v. Rausch (69 N.
Y. S. 1149)......................... 620

Village of Fayetteville v. Syracuse & S. R.
Co. (70 N. Y. S. 1151)................ 627

Village of Keeseville v. Keeseville Electric
Co. (69 N. Y. S. 249)................. 381

Wagner v. Buffalo & Rochester Transit
Co. (69 N. Y. S. 113)................. 419

Ward, People ex rel., v. Scheu (69 N. Y.
S. 1143)............................. 627

Watters v. John Simmons Co. (69 N. Y.
S. 325) ............................. 616

                            Page

Weber v. Town of Pelham (69 N. Y. S.
1150) .............................. 620

Weeks v. Ryan (69 N. Y. S. 1150)........ 625

Wenz v. Meyersohn (68 N. Y. S. 1091).... 130

Whedon v. King (69 N. Y. S. 1150)....... 625

Wheeler v. Bowman (69 N. Y. S. 1150).... 624

Whippo v. Erie R. Co. (69 N. Y. S. 1150).. 625

White v. Lowenthal (69 N. Y. S. 1150).... 624

Whyard v. Raisch (69 N. Y. S. 1150)..... 621

Wild v. Porter (69 N. Y. S. 839)......... 350

Wilgus v. Messing (69 N. Y. S. 1150).... 627

Williams v. Hartman (69 N. Y. S. 1150)... 626

Wood v. Zornstorff (69 N. Y. S. 241)...... 538

Woodbridge v. Bockes (69 N. Y. S. 417)... 503

Woody, Matter of (69 N. Y. S. 1151)..... 619

Woolverton v. Austin (69 N. Y. S. 1151).. 625

Wotton, Matter of (69 N. Y. S. 753)...... 584

Wunch v. Shankland (69 N. Y. S. 349)...: 482

Yard v. Yard (69 N. Y. S. 1151)......... 620

Young v. Gilmour (69 N. Y. S. 191)....... 612

WEST PUBLISHING CO., PRINTERS AND STEREOTYPERS, ST. PAUL. MINN.